

### Report of Investigation
### United States Marshals Service

### Michael Orr
### M00-0031

### Final

455 West Broadway • Boston, MA 02127 • Ph: 617.269.0849 • Fx: 617.269.9139
www.dsz.com

PENGAD-Bayonne, N. J.

**PLAINTIFF'S
EXHIBIT**

2

EXHIBIT 4

## EEO COUNSELING REPORT
## INDIVIDUAL COMPLAINT of DISCRIMINATION under 29 CFR §1614.105(c)
## UNITED STATES DEPARTMENT OF JUSTICE
## U.S. MARSHALS SERVICE

**PART 1:**          **COMPLAINANT PERSONAL INFORMATION**

Complainant's Name:                    Michael Wayne Orr

Position Title/Series/Grade:           Assistant Chief Deputy U.S. Marshal, GS-1811-14

Complainant's Place of Employment:     District of Puerto Rico
                                       200 Federal Building
                                       150 Carlos Chardon Avenue
                                       Hato Rey, PR 00918

Work/daytime phone:                    (787) 771-1212 or (787) 766-6000

Complainant's Home Address and phone:  9697 Missaukee Lane
                                       Haslett, Michigan 48840

Name of Complainant's Representative (if any): N/A
Mailing address and phone number:

**PART 2:**          **CHRONOLOGY OF EEO COUNSELING**

Date of initial request for EEO Counseling:                    March 9, 2000 (e:mail)

Date EEO Counselor Assigned:                                   March 9, 2000

Date of Initial Interview:                                     March 9, 2000

Date Final Interview Conducted:                                August 28, 2000

Date Notice of Right to File a Discrimination Complaint Issued: September 11, 2000

Date Counseling Report Submitted:                              September 20, 2000
   (*Reports are due within 15 days of Issuance of NORTF
   or 5 days after EEO Office request)

Name of EEO Counselor:             Martha Green-McDonald

Office Address                     600 Army Navy Drive, CS3/Suite #103
                                   Arlington, VA 22202

Telephone Number:                  (202) 307-9638

Signature of EEO Counselor: *Martha Green McDonald*   Date: 9/20/2000

## PART 3:                     BASIS OF DISCRIMINATION ALLEGED
### Check applicable box(es) and fill in specificity where indicated:

### BASIS            (Please specify)

**✖ Race**          **✖ White**                    ☐ Black
                    ☐ Asian/Pacific Islander       ☐ Native American

☐ Color             Please specify _____

☐ Religion          Please specify _____

**✖ National Origin**  ☐ Hispanic    ☐ Non-Hispanic    **✖ Other <u>Not Hispanic in Puerto Rico</u>**

☐ Sex               ☐ Male        ☐ Female

**✖ Age**           **Specify D.O.B. <u>43; July 10, 1957</u>**

☐ Disability        ☐ (Mental - please specify) _____
                    ☐ (Physical - please specify) _____

☐ Reprisal for prior EEO activity (specify nature of prior EEO Activity)

---

## PART 4:      ISSUE (Claim)      EMPLOYMENT RELATED MATTER

☐ Appointment/Hire                    **✖ Promotion/Non-selection**

☐ Assignment of Duties                ☐ Reassignment (request deny)

☐ Awards                              ☐ Reassignment Directed

☐ Conversion to Full-Time             ☐ Reinstatement

☐ Demotion (MSPB appealable)          ☐ Reprimand

☐ Disciplinary Action (Other)         ☐ Retirement

☐ Duty Hours                          ☐ Suspension

☐ Evaluation/Appraisal                ☐ Termination (during probation)

☐ Examination Test                    ☐ Terms/Conditions of Employment

**✖ Harassment (non-sexual)**         ☐ Time & Attendance

☐ Harassment/Sexual                   ☐ Training

☐ Pay (include Overtime)              ☐ Other _____

☐ Reasonable Accommodations

**PART 5:**                    **ALLEGATION OF DISCRIMINATION**

1.  Date of Alleged Discriminatory Event/Occurrence:     February 17, 2000

2.  Unit Where Alleged Discrimination Occurred:     District of Puerto Rico

3.  Principle Agency Witness (PAW) for management:     Herman Wirshing
    PAW Position Title and Series:     United States Marshal
                                       District of Puerto Rico
    PAW Phone Number:     (787) 766-6000

4.  Allegation of Discrimination – (Provide a brief description of complaint, summarizing actions which caused counseling to be sought and which complainant believes are discriminatory.)

    Complainant alleges that on February 17, 2000, he received notification that the Merit Promotion Announcement for the vacant, GS-1811-15, Chief Deputy U.S. Marshal (CDUSM) position in Puerto Rico had been canceled. Concurrent with the cancellation of the GS-15 position, a GS-1811-13, Hispanic/Puerto Rican Supervisory Deputy U.S. Marshal was promoted to a temporary GS-1811-14, Acting Assistant CDUSM.

    Complainant also asserts that the Acting Assistant CDUSM was placed in the office vacated by the former CDUSM and that this same Acting ACDUSM is listed on D/PR correspondence as Chief. Complainant alleges further allege that this action effectively denied him an opportunity to fairly compete for or receive the Chief Position. Complainant asserts, moreover, that the U.S. Marshall has made statements and has openly expressed his feelings that it is a shame how non-Puerto Ricans get the promotions, thereby creating a racially tense and hostile environment for all employees who are not Puerto Ricans (whether they are Hispanic or not).

5.  If complaint appears to be untimely, what explanation is offered by Complainant to explain why contact was not made within the statutory 45 (forty-five) day requirement?

    **N/A**

6.  Remedy Desired by Complainant:

    (1)     Placement in GS-15 Chief DUSM in Detroit District.

On the same matter, has Complainant filed a grievance under negotiated grievance procedure?
                                                                    ☐ Yes  ✖ No
On the same matter, has Complainant filed a grievance under the Agency grievance system?
                                                                    ✖ Yes  ☐ No
If the issue presented constitutes a Mixed-Case Complaint, has Complainant appealed to the Merit Systems Protection Board?                                              ☐ Yes  ✖ No

If grievance or appeal has been filed, what is its status?
    Initially complainant filed a grievance, via e:mail, with Tom Mulhern on March 2, 2000, which was referred to EEO for processing. **(See EEO Counseling Intake report.)**

**PART 6**          **SUMMARY OF EEO COUNSELING INQUIRY**

INFORMATION DEVELOPED DURING INFORMAL INQUIRY
In narrative format, identify the source of each fact; relevant documents provided by
employee/applicant, management officials involved, other witnesses, and/or Personnel,
noting whether the document is attached to the report or merely reviewed.

CONTACTS/INTERVIEWS DURING EEO COUNSELING INQUIRY:

**Information received from the Complainant - Mick Orr**

March 9, 2000:      After reviewing the e:mail documents which were referred to EEO from
Tom Mulhern (ADR and Grievance coordinator), this EEO Counselor placed a call to
Mr. Orr. **(see EEO Counseling Intake Report, attachment #1)** In his written
submission, he alleges that he is the victim of discrimination based on race/national
origin (White/non-Hispanic in Puerto Rico) and age (over 40).

During the initial interview, Complainant received information relative to how the EEO
complaint process works: what constitutes an allegation cognizable under EEO
procedures; explained the concept of "aggrieved" and a general need for a
complainant to define a specific management action or decision -- that a person is
not considered aggrieved when the dispute is over a "future" or potential action.

Complainant stated that he believed very strongly that the CDUSM vacancy was
canceled by the US Marshal so that he would not have to select the Complainant
and wanted to file a complaint. He stated that the US Marshal specifically did not
want to select him because he is not Puerto Rican and has made statements to the
effect that ... *"Chiefs come and go here, they* [non-Puerto Rican] *never stay more
than two years ... will always be like that until we get one of our own* [e.g., a Puerto
Rican] *in here, and not one from the outside."*

Close to the close of the interview, Mr. Orr was advised that I would be sending him
a package of information which further explained the EEO procedures in more detail.
He was also advised to contact Mr. Tim Hickey in Employee Relations for advise,
information, and guidance on how the administrative grievance procedures work,
since he had originally e:mailed his complaint as a grievance to the person
responsible for bargaining unit employee grievances. Mr. Orr was advised to call me
once he had reviewed the information and had made a definite decision on the forum
he wished to pursue.

Mr. Orr did mention that he wanted things to be **keep as confidential as possible**
and asked that I mail the EEO package to him at his TDY assignment in the Virgin
Islands. P.O. Box 9018, St. Thomas, VI 00802.

March 25, 2000:      Complainant sends another e:mail to this EEO Counselor, wherein he
reiterates his desire to remain anonymous. **(see attachment #2)**

April 7, 2000:       Mr. Orr sent an e:mail to the EEO Counselor which repeated the
information in his March 2, 2000 e:mail to Tom Mulhern and adds an additional
incident of March 20, 2000. This e:mail identifies and unknown witness (labeled
YYYYYYY), who the US Marshal and SDUSM Donato was attempting to enlist in an
attempt to "get him". **(see attachment #3)**

April 19, 2000:      An additional e:mail is received from Mr. Orr concerning the
U.S. Marshal  directing him to have no contact with any USMS Office outside of
D/PR without prior approval. **(see attachment #4)**

**Information gathered**

☞       Inquiry was made with Louie McKinney, Acting Deputy Director, regarding whether or
not Mr. Orr had filed a grievance on the cancellation of the Chief's position in Puerto
Rico, **(see February 17 and 23, 2000, entries in attachment #1)**. Mr. McKinney
stated that he recalled having a conversation with complainant about the Chief's
position, that he had told Mr. Orr that he should file his grievance through the proper
channels, but, to his best knowledge, there has been no grievance filed.

☞       Mr. McKinney also stated that it was his understanding from Kat Mohan, that the
Chief DUSM position in question was canceled because there were only two
candidates on the list and the U.S. Marshal had asked to have the position canceled
and re-announced to get a list with more candidates to choose from. It was Acting
Deputy Director McKinney's understanding that the Marshal was within his rights to
have the announcement canceled to expand the list.

☞       This EEO Counselor talked with Janeen Tyson, Personnel Specialist, regarding the
vacancy announcement in dispute. A copy of the vacancy announcement, Merit
Promotion Announcement (MPA) #99-078,  was faxed to the EEO Counselor. The
document shows that the MPA opened on October 20, 1999, and closed on
November 10, 1999. By memo dated February 22, 2000, the MPA was canceled.
**(see attachment #5)**

☞       Ms. Tyson also provided a copy of the MPA for the re-announced Chief's position in
Puerto Rico, MPA #00-029, which was opened on March 28, 2000 and closed on
May 2, 2000. She also provided the list of applicants who applied. According to
Ms. Tyson, there has been no cert. list issued for this MPA because there is no
budget to schedule the interviews. Essentially, the CDUSM D/PR remains vacant.
**(see attachment #6)**

☞       This EEO Counselor inquired of Ms. Tyson what she knew about Juan Donato's
promotion. Ms. Tyson explained that during the Complainant's TDY detail to the
Virgin Islands, there were in-district details rotated among eligible SDUSMs vice-Orr,
as Mr. Orr's detail to the USVI was extended to almost 180 days. There was an
opening for a temporary ACDUSM, in-district, NTE one year. This is the position
which Juan Donato was promoted to in March 2000. With regard to the Marshal

referring to Juan Donato as "Chief", Ms. Tyson remarked that typically, Assistant Chiefs and Chiefs are routinely referred to as "Chief."

☞       Marshal Wirshing was contacted regarding the issues presented. He confirmed that the first MPA was canceled and re-announced at his request because there were only two names on the promotion list and he wanted a wider variety of names from which to select. He stated that it was his understanding that he was well within his rights, in accordance with USMS merit promotion policy, to ask for a cancellation when there are less than 5 names referred for a Chief's position. The Marshal stated that the race/national origin and/or age of the candidates had nothing to do with his decision to ask for a re-announcement.

SUMMARY OF RESOLUTION ATTEMPT:

Due to the Complainant's request to remain anonymous, contact with the U.S. Marshal was minimal, other than to inform him of the nature of the allegation. This EEO Counselor worked closely with the EEO Officer, Lisa Dickinson, in coordinating conversations with the U.S. Marshal for the Eastern District of Michigan (Detroit) for a lateral transfer of the complainant back to that district.

When those discussions/negotiations did not result in a resolution, Mr. Orr was so advised on August 28, 2000, and was sent the Notice of Right to File (via facsimile) on September 11, 2000. (Mr. Orr indicated that he was preparing to be out on annual leave and did not want to miss receiving the notice in the mail.) The formal complaint was filed (postmarked) on September 14, 2000.

In a final close-out discussion with Marshal Wirshing, Mr. Orr was identified as having filed the formal complaint. The Marshal indicated that, even prior to any discussions with me, Mr. Orr had been telling everybody that he had filed issues and that he (the Marshal) had already been provided a copy of the memo that the Complainant had sent to headquarters. Marshal Wirshing commented on how EEO held up its promise to keep a complainant's confidentiality, even though the complainant had broadcast his issues both within and outside the district. The Marshal re-iterated that the Chief's MPA was canceled and re-advertised to broaden the list.

In addition, Marshal Wirshing provided information regarding the Complainant's use of leave since his arrival in D/PR. **(see attachment #7)** He noted that since his arrival in January 1999, he has used 250 hours of annual leave and 8 hours of sick leave - a grand total of 258 hours (32 days) in leave. He also requested to be assigned to the Acting Chief position in the Virgin Islands as a TDY. This assignment was originally for 120 days but got extended a few times, so Mr. Orr was away for 169 days.

Marshal Wirshing stated that if it were his decision alone, he would accommodate Mr. Orr's request to return to E/MI, however, he understands that Marshal Douglas is not amenable to this option. Also, in January 1999, Mr. Orr had just accepted the D/PR ACDUSM position and a PCS move to Puerto Rico. He supposed that another move prior to Mr. Orr's 3 year obligation seemed unlikely.

# REQUEST FOR A HEARING FORM

DATE: _____

EEOC Hearings Unit
7 World Trade Center
18th Floor
New York, NY 10048

Dear Sir/Madam:

I am requesting the appointment of an Equal Employment Opportunity Commission Administrative Judge pursuant to 29 CFR §1614.108(g).   I hereby certify that either:

☐   more than 180 days have passed from the date I filed my complaint, or

☐   I have received a notice from the U.S. Marshals Service that I have thirty (30) days to elect a hearing or a final agency decision.

My Name:            _____

Agency Name:     U.S. Marshal Service
Address             600 Army Navy Drive, Suite 103_____
                         Arlington, Virginia 22202-4210_____

Complaint Docket No:   M00-0031

In accordance with §1614.108(g), I have sent a copy of this request for a hearing to the following EEO Official at the agency:

Name:               Lisa Dickinson, EEO Officer_____

Address             _____
(If different from above)   _____
                         _____
                         _____

                                         Sincerely,

                                         _____
                                         (Signature of Complainant or Representative)

Wil Orr
9697 Massaukeeln
Haslett, MI 48840

**RETURN RECEIPT
REQUESTED**

♻ PRINTED ON RECYCLED PAPER.
WITH OUR COMMITMENT TO THE E!

US Marshals Service.
Chief Complaints Processing EEO Division
600 Army Navy Dr.,
Crystal Square 3, Suite 103
Arlington, VA 22202-4210



7000 0600 0025 7914 2122



$2.65

U.S. POSTAGE
PAID
HASLETT, MI
48840
SEP 14 '00
AMOUNT
000-455140-01

USA
33

PLACE STICKER AT TOP OF ENVELOPE,
TO THE RIGHT OF THE RETURN ADDRESS.
FOLD AT DOTTED LINE.

UNITED STATES
POSTAL SERV.

**FILE COPY**

Complainant's Name:  *Michael W. Orr*

Docket Number Assigned:  *M00-0031*

Date of Initial EEO Contact:  *MARCH 9, 2000*

Rights & Responsibilities Package:  *Z-539-257-084*    *3/9/00*

(Certified Mail#)       Date Mailed)

You have contacted the Equal Employment Opportunity (EEO) Division and requested EEO counseling on employment matters which you believe were based on discrimination. Regulations of the Equal Employment Opportunity Commission (EEOC) require that you be given the following information in writing. Please read this information package. If you have any questions concerning your rights and responsibilities, or about the Federal Sector EEO Complaint Procedures, please contact a member of the Complaints Processing Team at: (202) 307-9048.

The Laws That Govern Federal Sector EEO Complaint Procedures

The U.S. Equal Employment Opportunity Commission was created by and enforces **Title VII of the Civil Rights Act of 1964**, which prohibits employment discrimination based on race, color, religion, sex, national origin or reprisal for participation in, or opposition to, activity made illegal by anti-discrimination laws and statutes. Since 1979, the EEOC also has enforced:

- The **Age Discrimination in Employment Act (ADEA) of 1967**, which protects persons 40 years of age or older;
- The **Equal Pay Act of 1963**, which protects men and women from sex-based wage discrimination;
- Section 501 of the Rehabilitation Act of 1973, which prohibits federal sector discrimination against persons with disabilities; and,
- is also responsible for enforcing any subsequent changes to the above statutes and provides oversight and coordination of all federal equal employment opportunity regulations, practices and policies.

On July 3, 1996, the Department of Justice (DOJ) revised its Equal Employment Opportunity (EEO) Policy to include sexual orientation as a prohibited basis for discrimination. The processing of complaints with issues of discrimination based on sexual orientation will be processed the same as other complaints of discrimination. However, after the investigative stage, a complaint based on sexual orientation will be forwarded to DOJ, Complaint Adjudication Officer to issue a Final Agency Decision within 30 days of receipt of the investigative file.

## ALTERNATIVE DISPUTE RESOLUTION

During the pre-complaint process you may elect to participate in the agency's Alternative Dispute Resolution program. The program is designed to encourage an open atmosphere in which human relationships may be improved. It will encourage employees and managers to raise concerns and disputes without fear of reprisal. The purpose of the Alternate Dispute Resolution program is to settle disputes at the lowest possible level, and to do so quickly, fairly, and impartially. ADR empowers the participants to resolve the dispute and attempts to achieve demonstrations of mutual respect between the parties who benefit from the use of ADR processes which result in increased productivity and improve working conditions. (A copy of the ADR Handbook is included.)

## WRITTEN NOTICES REQUIRED BY EEOC REGULATION 29 CFR 1614.105(b) and EEO MD-110 [Appendix B]

As a potential complainant, you must be advised, in writing, of the following rights:

1.  The RIGHT to anonymity during the pre-complaint EEO counseling stage. You must advise the EEO Counselor of your desire to remain anonymous. If a formal complaint is filed, your right to anonymity ceases.

2.  The RIGHT to representation throughout the complaint process including the counseling stage. The EEO Counselor is not your representative.

3.  The RIGHT to be advised of the time frames in the complaint process. The time frames are listed in an attachment to this notice.

4.  The RIGHT to choose between EEO Counseling or ADR for those cases and issues where the U.S. Marshals Service agrees to offer ADR. [1] If you choose the ADR option, your EEO Counselor should be notified immediately so that your issues can be referred to the ADR Ombuds.

    •   If EEO counseling is selected, you have the RIGHT to receive, in writing, within 30 calendar days of the first counseling session (unless you agree to an extension), a Notice of Right to File a Discrimination Complaint.

---

[1] See the Rules Section of the ADR Handbook for examples of the matters for which ADR is not available.

- If participation in the ADR program is selected, you have the RIGHT to receive a Notice of Right to File A Discrimination Complaint upon completion of the ADR process (if the matter remains unresolved) or within ninety (90) calendar days of the first counseling session with the EEO Counselor, whichever is earlier.

5. The RIGHT to go directly to a court of competent jurisdiction on claims of sex-based wage discrimination under the Equal Pay Act even when such claims are also cognizable under Title VII.[2]  Be advised, however, that there is a statute of limitations (2 years, or 3 years if a willful violation is alleged) for filing a civil action, even if you file an administrative complaint.

6. The RIGHT to request a hearing before an EEOC Administrative Judge, (except in a mixed-case complaint), after 180 calendar days from the filing of a formal complaint, or after completion of the investigation, whichever comes first.

7. The RIGHT to an immediate final decision by the agency after an investigation in accordance with 29 CFR §1614.108(f).

8. The RIGHT to go to U.S. District Court 180 days after filing a formal complaint or 180 days after filing an appeal.

9. Under certain circumstances, you have the RIGHT to file a class complaint.  These circumstances are explained in EEOC's regulations at 29 CFR §1614.204.  If you want to file a class complaint, you must tell the EEO Counselor during counseling so that you receive the proper instructions.

    A class complaint is filed on behalf of a class by the Agent-of-the-Class who claims that: (a) The class is so numerous that a consolidated complaint of the members of the class is impractical; (b)  There are questions of fact common to the class; (c)  The claims of the Agent-of-the-Class are typical of the claims of the members of class; and, (d) The Agent-of-the-Class will fairly and adequately protect the interests of the class.

---

[2]  Sex based claims of wage discrimination may also be raised under Title VII: individuals so aggrieved may thus file claims alleging violations of both statutes simultaneously.  Equal Pay Act complaints may be processed administratively under Part 1614.  In the alternative, a complainant with an EPA claim may go directly to a court of competent jurisdiction.

## NOTICE OF RIGHTS OF ELECTION

### AGE DISCRIMINATION IN EMPLOYMENT ACT (ADEA) Complaints

If you are alleging that you were discriminated against pursuant to the ADEA, you have the RIGHT to make an election from the following two options:

Option 1:    You may pursue your age complaint through the federal EEO complaint procedures; or,

Option 2:    You may bypass the administrative complaint process and file a civil action directly in an appropriate U.S. District Court. If you elect to file a civil action, you must take the following actions:

    a.    You must provide the EEOC with 30 days written notice of your intent to file such a civil action. The notice must be filed with EEOC, Office of Federal Operations, Federal Sector Programs, P.O. Box 19848, Washington, D.C. 20036;

    b.    Your notice of intent to sue must be filed with the EEOC within 180 days of the occurrence of the alleged unlawful practice of age discrimination, and must contain the following information:

        1.    A statement of your intent to file a civil action under §15(d) of the Age Discrimination in Employment Act of 1967, as amended;

        2.    Your name, address and telephone number;

        3.    Your representative's (if any) name, address and telephone number;

        4.    The name and location of the Federal agency where the alleged discrimination occurred;

        5.    The date on which the alleged discrimination occurred;

        6.    A statement of the nature of the alleged discriminatory action(s); and,

7.  The notice must be signed by either you or your representative.

c.  You must name the Attorney General as the defendant in the civil action.

## NEGOTIATED GRIEVANCE PROCEDURES

If you are covered by a collective bargaining agreement that permits you to raise allegations of discrimination under a negotiated grievance procedure, you have the RIGHT to elect the way you want your allegation handled. Under 29 CFR §1614.103 et seq., you may elect one of the following two options:

Option 1:    File a grievance under the negotiated grievance procedure; or,

Option 2:    File a complaint in the EEO complaints system; but **not both.**

An election to proceed in the EEO complaint system is made when you file a written, formal complaint. Your involvement in the counseling process is not considered an election under the 1614 procedure. Once you file a formal complaint, you cannot thereafter file a grievance on the same matter.

On the other hand, when you file a timely written grievance under a negotiated grievance procedure, that constitutes your decision to use that forum, and you cannot then file an EEO complaint on the same matter, whether or not you mentioned discrimination in your grievance.

If you file an EEO complaint after you file a grievance on the same matter, your EEO complaint will be dismissed, and you will be told to raise the matter of discrimination in your grievance. You will then have the right to appeal the final decision on the grievance to the EEOC.

## MIXED-CASE COMPLAINTS/MIXED-CASE APPEALS

If the matter you are complaining about is related to or stems from an action that is appealable to the MSPB, your complaint is considered a Mixed-Case, and you have the RIGHT to elect the forum in which your allegation of discrimination will be processed.

Option 1:    You may elect to file a mixed-case complaint using the EEO procedures in 29 CFR §1614.302 et seq., or,

Option 2:    You may elect to file a mixed-case appeal with the MSPB under 5 CFR
§1201.151; but **not both**.

Whichever forum you file first in shall be considered your election to proceed in that
forum. If you elect to file a mixed-case complaint, you are <u>not</u> entitled to a hearing
before an EEOC or MSPB administrative judge.

If you file first with the MSPB, and the MSPB dismisses your appeal for lack of
jurisdiction, you may then contact an EEO Counselor and file an EEO complaint. The date
of your MSPB appeal will be counted as your <u>contact date</u> for the EEO complaint. 29 CFR
§1614.302. If you elect to file a mixed-case appeal, you <u>may</u> be entitled to a hearing
before an MSPB administrative judge. 29 CFR §1614.302(d)(2).

## YOUR RESPONSIBILITIES & DUTIES IN THE COMPLAINT PROCESS:

1.    If you designate a representative, you are RESPONSIBLE for notifying the EEO
Division of that person's name, address, and telephone number. You may use the
enclosed Designation of Representative form to do so.

2.    You have the DUTY to keep the agency informed of your current mailing address
and to serve copies of appeal papers on the agency. If you change your name
and/or your address or file an appeal with the EEOC or the MSPB, you must
immediately notify the EEO Division, and/or serve a copy of your appeal at the
following address:

> United States Marshals Service
> EEO Division
> 600 Army Navy Drive
> Crystal Square 3, Suite 103
> Arlington, Virginia 22202-4210

If you file an appeal, you must also notify appropriate officials at the EEOC or the
MSPB (if applicable) of your change of address. The correct addresses of these
agencies will be provided to you, by letter, during the processing of your complaint.

3.    You are RESPONSIBLE for serving copies of appeal papers on the EEO Division at
the same time you mail them to the EEOC or the MSPB.

4.    You have a DUTY to mitigate damages, _e.g._, interim earnings or amounts that could be earned by you with reasonable diligence generally must be deducted from an award of back pay.

5.    Time Frames.  You are RESPONSIBLE for adhering to administrative and court time frames.  The time frames are listed in an attachment to this Notice.

**Attorney's Fees**  - If DOJ or EEOC awards attorney's fees or costs, the complainant's attorney shall submit a verified statement of costs and attorney's fees (including expert witness fees), as appropriate, to the Department within 30 days of receipt of the decision unless a request for reconsideration is filed.

Attachments:
Designation of Representative form
Time Frames for Federal EEO Complaint Process
Alternative Dispute Resolution Handbook

Z 539 257 084

**US Postal Service**
**Receipt for Certified Mail**
No Insurance Coverage Provided.
Do not use for International Mail (See reverse)

Sent to Michael Orr
Street & Number P.O. Box 9018
Post Office, State, & ZIP Code St. Thomas, USVI 00802

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Special Delivery Fee | |
| Restricted Delivery Fee | |
| Return Receipt Showing to Whom & Date Delivered | |
| Return Receipt Showing to Whom, Date, & Addressee's Address | |
| TOTAL Postage & Fees | $ |
| Postmark or Date | R&R #M00-0031 |

PS Form **3800**, April 1995

SENDER:
- Complete items 1 and/or 2 for additional services.
- Complete items 3, 4a, and 4b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write "Return Receipt Requested" on the mailpiece below the article number.
- The Return Receipt will show to whom the article was delivered and the date delivered.

I also wish to receive the following services (for an extra fee):
1. ☐ Addressee's Address
2. ☐ Restricted Delivery

Thank you for using Return Receipt Service.

3. Article Addressed to:
R&R #M00-0031
Michael Orr
P.O. Box 9018
St. Thomas, VI 00802

4a. Article Number  Z 539-257-084

4b. Service Type
☐ Registered          ☑ Certified
☐ Express Mail       ☐ Insured
☐ Return Receipt for Merchandise  ☐ COD

7. Date of Delivery  3/14/00

8. Addressee's Address (Only if requested and fee is paid)

5. Received By: (Print Name)

6. Signature (Addressee or Agent)

PS Form **3811**, December 1994          102595-99-B-0223          Domestic Return Receipt

Is your RETURN ADDRESS completed on the reverse side?

DEPARTMENT OF JUSTICE
UNITED STATES MARSHALS SERVICE

Designation of Representative for EEO Complaint

I, _____, hereby designate

(Name of Complainant)

_____ to act as my representative in matters

(Name of Representative)

pertaining to my complaint of discrimination which was initiated/filed with the United

States Marshals Service on _____. The complete mailing address

(insert date)

and telephone number of my representative is: _____

_____

_____

_____

I understand that the authority and responsibility granted to the above-named person by virtue of this designation my be terminated by me at any time. Should this occur, I shall notify, in writing:

U.S. Marshals Service/EEO Division
600 Army Navy Drive
Crystal Square 3, Suite 103
Arlington, VA 22202-4210

I understand that the person named above may act for me in all matters pertaining to the discrimination complaint and will be sent copies of all correspondence on my complaint. I further understand that if I withdraw my complaint or reach a settlement with the U.S. Marshals Service, I _must_ personally sign the withdrawal or settlement agreement.

If my representative is an attorney, unless I state otherwise (in writing), all official correspondence shall be served upon my attorney representative with copies to myself as provided by 29 CFR 1614.605(d), and all time frames for receipt of materials by me, as a complainant, shall be computed from the time of receipt by my attorney.

_____

(Signature of Complainant)

_____

(Date)

# Time Frames for Processing an Individual EEO Complaint

| Processing Step | Time Frames (29 CFR §§1614.105 thru 1614.110) |
|---|---|
| Initiate Counseling<br>45 days | The regulation requires a complainant to make contact with an EEO Official within 45 calendar days of the alleged discriminatory action or event. To access the federal EEO complaint system, employees and applicants are required to participate in pre-complaint counseling. §1614.105(a)(1) |
| Informal Counseling<br>30 to 90 days | The informal counseling stage generally lasts for 30 days but may be extended an additional 60 days to facilitate early resolution. If the parties agreed to participate in the agency's ADR (Alternative Dispute Resolution) program, the counseling period is automatically extended to 90 days. Informal counseling is concluded when a resolution is reached or the EEO Counselor issues a Notice of Right to File A Formal Complaint. §1614.105(d)(e)(f) |
| Formal Complaint<br>15 days | After Informal Counseling is completed, a complainant has 15 calendar days from the date of receipt of the Notice of Right to File a Discrimination Complaint to file the complaint with the US Marshals Service, EEO Office. §1614.106(b) |
| Complaint Accepted or Dismissed | Once a formal complaint is filed, it is reviewed for acceptability. If it is accepted, it moves on for investigation. If the complaint, or any portion of a complaint, is dismissed, it moves forward to the Agency Final Action step outlined below. |
| Investigation<br>180 to 360 days | If a complaint is accepted, the agency has 180 days to complete the EEO investigation. The time may be extended an additional 90 days. Upon completion, the agency issues the Report of Investigation (ROI) with a Notice of Election for an EEOC hearing or a decision by the Department of Justice. §1614.108(e).<br>Complainant may amend the complaint at any time up to the completion of the investigation. In this circumstance, the agency must complete the investigation the earlier of 180 days after the last amendment or 360 days after the original filing date. |
| ROI Issuance & Election Notice<br>30 days | Upon receipt of the ROI and Election Notice, complainant has 30 calendar days to request an EEOC Hearing or an Agency decision.  §1614.108(f)<br>In the absence of the Notice being issued in the required 180 days, the complainant may file a request for a Hearing directly with the EEOC. §1614.108(g) |
| EEOC Hearing/AJ's Findings & Conclusions<br>180 days | If a hearing is requested the EEOC Administrative Judge has 180 days from receipt of the file to conduct the hearing and issue findings and conclusions.  §1614.109 |
| Agency Final Actions<br>40 or 60 days | After receipt of the EEOC AJ's findings and conclusions, the agency issues its final order within 40 days.<br>If a final decision without a hearing is requested, the agency shall render its final decision within 60 calendar days of receipt of the request. |
| Appeals to EEOC<br>30 days | If complainant disagrees with the Final Agency Action, he/she may appeal the final decision/action to the EEOC within 30 days of receipt of the final action.<br>If the agency determines not to implement the AJ's findings and conclusions, it will issue the final action and simultaneously file an appal within 40 days. |
| Civil Actions<br>90 days | Complainant may file a Civil Action in an appropriate U.S. District Court, within 90 days after receipt of a Final Agency Action or EEOC Appellate Decision. Complainant may also file a civil action 180 days after filing the formal complaint or an EEOC appeal if no decision has been rendered. |

# EEO Counseling Report

## Attachment # __1__

INTAKE REPORT
w/ Complainant's
E:mail
and 3/2/00
grievence

DEPARTMENT OF JUSTICE
UNITED STATES MARSHALS SERVICE

Designation of Representative for EEO Complaint

I, _Michael W. Orr_, hereby designate
(Name of Complainant)

_Lazar Goldsmith_ to act as my representative in matters
(Name of Representative)

pertaining to my complaint of discrimination which was initiated/filed with the United
States Marshals Service on _3-23-2000_. The complete mailing address
(insert date)

and telephone number of my representative is: _1900 L ST NW_
_SUITE 164_
_Washington, DC  20036_
_202-775-0040, 202-775-0008 (FAX_

I understand that the authority and responsibility granted to the above-
named person by virtue of this designation my be terminated by me at any time. Should
this occur, I shall notify, in writing:

U.S. Marshals Service/EEO Division
600 Army Navy Drive
Crystal Square 3, Suite 103
Arlington, VA 22202-4210

I understand that the person named above may act for me in all matters
pertaining to the discrimination complaint and will be sent copies of all correspondence on
my complaint. I further understand that if I withdraw my complaint or reach a
settlement with the U.S. Marshals Service, I must personally sign the withdrawal or
settlement agreement.

If my representative is an attorney, unless I state otherwise (in writing), all
official correspondence shall be served upon my attorney representative with copies to
myself as provided by 29 CFR 1614.605(d), and all time frames for receipt of materials by
me, as a complainant, shall be computed from the time of receipt by my attorney.

_Michael W. Orr_
(Signature of Complainant)

_12-6-2000_
(Date)

From:       Michael Orr
To:         HQMAIL1.HRD.TMULHERN, HQMAIL2.DIR.ldickins
Date:       3/9/00 10:34am
Subject:    GRIEVANCE

Tom,

   I wanted to follow up on the grievance I lodged.  Not having any experience in these matters, do I need to follow up at this point with EEO or with you?

   I anticipate being out of the district next week and the week following, so I thought this would be a good time to handle whatever I need to do in this matter.

   Thank you,

   Mick Orr
   Grievant and ACDUSM

CC:         morr

*Marsha—*
*Pls come see me*
*re this*
*Thx*
*JMS*

*Mick ORR*

*3/9/2000   11:50 AM      INTAKE*

*(340) 774-2743*

*• presently Acting Chief in USVI*
*• explained EEO process — what constitutes an EEO allegation*
*— explain concept of "aggrieved" — in general need to define a specific mgmt. action or decision — not aggrieved when there is a "future" event or potential action*
*— believes strongly that the CDUSM/PR was canceled so that he would not have to be selected.*

*○ wants to initiate anyhow — send R&R package*
*↳ advised to also call Tim Hickey for info. on how a grievance would work/process.*
*↳ Mr. Orr will call back on Friday 3/10/00 with decision on whether he will pursue in EEO or ADR*

*○ To resolve, wants a Chief position — Detroit or PR.*

3/9/00        11⁵⁰ AM.                                    Please fax

CDUSM | Mick Orr       (787) 766-6000 (787-771-1240)
         virgin isles   (340) 774-2743      currently
                                           acting Chief USVI
      due to go back on March 15, 2000                    4 14

      ASCDUSM for P.R.

  currently
              ACDUSM - Donato    for 4 months
              ACDUSM - Temp Paco Lopez   (rotating among)
                                          supervisors

CONFIDENTIAL {  Mick Orr
                P.O. 9018
                St. Thomas VI   00802

From:       Lisa Dickinson
To:         HQMAIL1.HRD(TMULHERN), MVSTT.PO(MORR)
Date:       3/9/00 10:28am
Subject:    GRIEVANCE -Reply

Mick:

Martha Green-McDonald, an EEO Specialist in this office, will be contacting you shortly to discuss your allegations and to perhaps provide you some guidance on the appropriate forum for your claim.

Lisa

>>> Michael Orr 03/09/00 10:34am >>>
Tom,

   I wanted to follow up on the grievance I lodged.  Not having any experience in these matters, do I need to follow up at this point with EEO or with you?

   I anticipate being out of the district next week and the week following, so I thought this would be a good time to handle whatever I need to do in this matter.

   Thank you,

   Mick Orr
   Grievant and ACDUSM


CC:         MVSTT.PO(morr), mgreen

From:       Michael Orr
To:         HQMAIL1.HRD.TMULHERN, HQMAIL2.DIR.ldickins
Date:       3/9/00 10:34am
Subject:    GRIEVANCE

Tom,

    I wanted to follow up on the grievance I lodged.  Not having any experience in these matters, do I need to follow up at this point with EEO or with you?

    I anticipate being out of the district next week and the week following, so I thought this would be a good time to handle whatever I need to do in this matter.

    Thank you,

    Mick Orr
    Grievant and ACDUSM


CC:                    morr

From:       Tom Mulhern
To:         HQMAIL2.DIR.ldickins
Date:       3/2/00 2:51pm
Subject:    GRIEVANCE -Forwarded

Lisa the attached correspondance is in grievance form but under the regs i beleive that allegations of discrimination must be processed under rthe EO procedures. Thus i am fowarded this to yoyour office for review. If you so agree could one of the counselors call CDUSM Orr and advise. Otherwise I will handle as a grievance matter, thanks TM

From:           Michael Orr
To:             HQMAIL1.HRD.TMULHERN
Date:           3/2/00 3:00pm
Subject:        GRIEVANCE

Tom,

   The attached is the grievance which arises from the cancellation of the GS-15 Position in Puerto Rico.  As outlined in my telephone conversation with you earlier, I believe, and believe I can prove in evidentiary form, that the cancellation of the position was done for prohibited personnel reasons, in an arbitrary, capricious, and ABUSE OF DISCRETION manner.  Because of the racially charged statements and conduct by Mr. WIRSHING I also want you to be aware of the hostile work environment this causes.

   In compliance with the parameters that you set for the format for this complaint I have attempted to keep it in a logical order.  I have also set out my contentions and my sought after relief.

   Because of the all too real possibility of character assassination which may result from my filing this grievance, please handle it with the discretion that you as a professional deem proper.

   Michael W. ORR



CC:                morr

# EEO Counseling Report

## Attachment # _2_

Notification that
Complainant wants to be
anonymous during
informal counseling

**From:**       Michael Orr
**To:**         HQMAIL2.DIR.mgreen
**Date:**       3/25/00 3:41pm
**Subject:**    DISCRIMINATORY CONDUCT

Martha,

   The pattern of discriminatory practices against me continuing, and intensifying, I have no choice but to make a formal complaint in this matter. The complaint is based on my national origin, race, and age-I am AMERICAN, a citizen of the United States of AMERICA and being discriminated against because of that AMERICANISM. I certainly do not hold my head down at being an AMERICAN, but I will not stand idly by while I am discriminated because of it. The pattern and evidence of this discrimination is readily available for investigators. I urge the rapid handling of this matter, as I do not want the Marshals Service to suffer the slings and arrows of a hostile work environment against the very people we are sworn to protect-AMERICANS.   Similarly, if there is a larger pattern of discriminatory conduct occurring in the PR (PUERTO RICO) office, it is an abomination against what our service stands for. Similarly, such an abomination is a black eye on the fine public image that we the US Marshals Service enjoy.

   I am sorry for getting preachy, but I have always believed in those words-"we the people of the United States . . .", and I took an oath to uphold the constitution of the United States-and now I feel there is such massive evidence of a violation of the fundamental principles embodied in that constitution, that I have no other choice but to file this formal grievance. I I of course want to remain anonymous, and I know you will do what you can to assure that anonymity.

   As of Monday I will be in Puerto Rico. The telephone no. there is 787-766-6000.   Frankly I am unsure of what my specific work assignment will be. but I believe that it may very well be yet another in the long line of discriminatory practices.

   Michael W. ORR

CC:              morr

# EEO Counseling Report

## Attachment # _3_

From:        Michael Orr
To:          HQMAIL2.DIR.mgreen
Date:        4/7/00 5:33am
Subject:     Continuing EEO violations

Martha,

Please see the attached memorandum which details the continuing EEO violations, and the continuing pattern of personal animus. Again, please keep this as confidential as possible. It is very obvious that this man does not like me and will take retribution against me, but since there are other folks involved, I desire to protect them from the same retribution.

It is unfortunate that such things exist in our agency, and quite frankly disheartening. It is frightful to think that such abuses can go unchecked for years, months, days. As a person who has dedicated fourteen years to the agency it is disconcerting that such abuses go unchecked.

It is my sincere hope that this situation is remedied. As this situation goes on and increases the mental anguish and suffering of both myself and my family, I see that I will be needing to hire legal counsel. I have still never received a call from your office for 'counselling' or for filling me in on procedural details.

Again, it is my hope that this agregious situation can be handled in an expeditious manner that will not bring infamy to the agency I have committed my professional life to.

Michael W. 'Mick' Orr

# EEO Counseling Report

## Attachment #  4

From:        John Marshall
To:          MSJPR.PO.morr
Date:        4/18/00 8:25am
Subject:     SORT I-OCDETF CASE ARREST -Reply

**Terrific work!** I appreciate you letting me know about this case. Please pass along my thanks and appreciation to DUSMs Hunter and Fernandez and the rest of the PRFTF for a job well done!

>>> Michael Orr 04/15/00 10:28pm >>>
In major national programs such as the SORT I operation, it is nice to get some feedback once the operation has been initiated. I wanted to ensure that you got that feedback, and a chance to once again see the dedication of the DUSM's who serve under you.

In the late hours of 04-15-2000, members of the Puerto Rico Fugitive Task Force, lead by case DUSM Bobby SANCHEZ, and with the assistance of DUSM's Ernie FERNANDEZ, D/S-FLA, and Richard HUNTER, ESU, and the United States State Department Agents, captured Jose Alberto OROZCO. The day had started at 1200 (Noon) when Marshal Wirshing and I assisted in the pre-operational briefing, and after a daring jump from a moving car by the fugitive into the dense jungle growth near Bayamon, Puerto Rico, the DUSM's got their man at 2345 hours.

OROZCO jumped a $350,000 bond during jury deliberations in Miami. He was convicted of those drug charges, and now faces 30 years to life for moving 300 kilograms of cocaine.

During the course of the evening DUSM's and other PRFTF agents were following OROZCO through the use of electronic surveillance gear. OROZCO, who had arranged to purchase a 'false' passport was planning to leave the United States, and he was not going to be an easy catch. Sensing the surveillance, he made a daring jump from a moving car. OROZCO then maneuvered through dense tropical forest to a busy roadway, where he literally borrowed a phone to call a cab. When I spotted him as he stood amongst 10 other people, he was the only one who answered my questions in English. DUSM HUNTER, FERNANDEZ and LEAD CASE AGENT Bobby SANCHEZ then moved in rapidly and arrested OROZCO in text book fashion.

I believe that this case is a microcosm of just what the USMS can do when it comes to enforcement. Through the use of DUSM's FERNANDEZ' and HUNTER's particular electronic expertise, with the co-ordination of DUSM SANCHEZ leading the way, and the dedicated working of the PRFTF (Puerto Rico Fugitive Task Force), the result was never in question. This is what the USMS is all about. During the course of the 12 plus hour day the DUSM's were involved in moving and posted surveillance; confidential informant interviews; liaison with local police; liaison with Department of State investigators; and a dogged determination to get the bad guy.

Marshal Wirshing and I are very proud of the DUSM's and the Agents that serve on the PRFTF, and of DUSM's HUNTER and FERNANDEZ. Please join me in letting them know that they did 'Bien trabajo'.

Michael W. ORR, ACDUSM

CC:          MSJPR.PO.hwirshin

**From:**         Michael Orr
**To:**           HQMAIL2.DIR.mgreen
**Date:**         4/19/00 9:12am
**Subject:**      Continuing Pattern

Martha,

To ensure that you and any subsequent investigator has a proper record in this matter I want to make you aware of the following information:

On 04-18-2000 at 0913 I was directed by Herman WIRSHING to have no contact without prior approval with any USMS office outside the District of Puerto Rico regarding the District of Puerto Rico, without his prior approval. WIRSHING stated this is USMS national policy. He also stated that it is District of Puerto Rico Policy. I said I would comply of course, but was certainly unaware of such policy. This order was the result of my having e-mailed several people in USMS HQ regarding a recent major arrest. (see attached e-mails). Such e-mailing having been done prior to his orders to not do so in the future. WIRSHING then further stated that I could contact "EEO, Internal Affairs, and your lawyer".

Additionally, the district still has two Assistant CDUSM's, but in all correspondence that is put forth from the district, locally and nationally (see today's print out of telephone numbers for the district put out by USMS communications center) the other ACDUSM, a temporary not to exceed one year, is listed as simply CDUSM. Again, appearing to be improper and motivated by previously mentioned "take care of our own" type of attitudes expressed by WIRSHING.

Obviously I fear retaliation against me based on his past statements and current ongoing conduct.

Michael W. ORR, ACDUSM

CC:              morr

**From:** Michael Orr
**To:** HQMAIL2.DIR.jmarshal, HQMAIL2.DIR.mramon, HQMAIL2....
**Date:** 4/15/00 10:28pm
**Subject:** SORT I-OCDETF CASE ARREST

In major national programs such as the SORT I operation, it is nice to get some feedback once the operation has been initiated. I wanted to ensure that you got that feedback, and a chance to once again see the dedication of the DUSM's who serve under you.

In the late hours of 04-15-2000, members of the Puerto Rico Fugitive Task Force, lead by case DUSM Bobby SANCHEZ, and with the assistance of DUSM's Ernie FERNANDEZ, D/S-FLA, and Richard HUNTER, ESU, and the United States State Department Agents, captured Jose Alberto OROZCO. The day had started at 1200 (Noon) when Marshal Wirshing and I assisted in the pre-operational briefing, and after a daring jump from a moving car by the fugitive into the dense jungle growth near Bayamon, Puerto Rico, the DUSM's got their man at 2345 hours.

OROZCO jumped a $350,000 bond during jury deliberations in Miami. He was convicted of those drug charges, and now faces 30 years to life for moving 300 kilograms of cocaine.

During the course of the evening DUSM's and other PRFTF agents were following OROZCO through the use of electronic surveillance gear. OROZCO, who had arranged to purchase a 'false' passport was planning to leave the United States, and he was not going to be an easy catch. Sensing the surveillance, he made a daring jump from a moving car. OROZCO then maneuvered through dense tropical forest to a busy roadway, where he literally borrowed a phone to call a cab. When I spotted him as he stood amongst 10 other people, he was the only one who answered my questions in English. DUSM HUNTER, FERNANDEZ and LEAD CASE AGENT Bobby SANCHEZ then moved in rapidly and arrested OROZCO in text book fashion.

I believe that this case is a microcosm of just what the USMS can do when it comes to enforcement. Through the use of DUSM's FERNANDEZ' and HUNTER's particular electronic expertise, with the co-ordination of DUSM SANCHEZ leading the way, and the dedicated working of the PRFTF (Puerto Rico Fugitive Task Force), the result was never in question. This is what the USMS is all about. During the course of the 12 plus hour day the DUSM's were involved in moving and posted surveillance; confidential informant interviews; liaison with local police; liaison with Department of State investigators; and a dogged determination to get the bad guy.

Marshal Wirshing and I are very proud of the DUSM's and the Agents that serve on the PRFTF, and of DUSM's HUNTER and FERNANDEZ. Please join me in letting them know that they did 'Bien trabajo'.

Michael W. ORR, ACDUSM

**CC:**            morr

# EEO Counseling Report

## Attachment # 5



**U.S. Department of Justice**

United States Marshals Service

7260

*Director*

*600 Army Navy Drive*
*Arlington, VA 22202-4210*
February 22, 2000

MEMORANDUM TO:   All U.S. Marshals and Sub-offices
                 All Headquarters Divisions and General Counsel

FROM:   John W. Marshall
        Director

SUBJECT:   Cancellation of MPA # 99-078

The following position is canceled:

**POSITION TITLE:**   CDUSM

**SERIES & GRADE:**   GS-1811-15

**ANNOUNCEMENT NO:**   99-078   **DUTY STATION:** D/Puerto Rico

*An Accredited Law Enforcement Agency*

SEP 15 '00 11:48 FR



**U.S. Department of Justice**

United States Marshals Service

7260

*Director*

*600 Army Navy Drive*
*Arlington, VA 22202-4210*

October 18, 1999

MEMORANDUM TO:    All U.S. Marshals and Suboffices
All Headquarters Divisions and General Counsel

FROM:    George R. Havens
Acting Director

SUBJECT:    Merit Promotion Opportunity

---

**POSITION TITLE:**    CDUSM

**SERIES & GRADE:**    GS-1811-15

**ANNOUNCEMENT NO:**    99-078          **LOCATION:** D/Puerto Rico

---

OCT 2 0 1999

**OPENING DATE:**                      **CLOSING DATE:**    NOV 1 0 1999

---

# NOTICE: VACANCIES ARE NOW BEING FILLED USING THE 1998-99 MERIT PROMOTION OPEN SEASON APPLICATIONS AND THE 1998 MERIT PROMOTION EXAM SCORES.

To be eligible to apply, candidates must have taken the 1998 Merit Promotion Examination, submitted a USM-280 (rev. 11/98) during the 1998-99 open season, and have served at least 1 year in an operational (U.S. Marshals Service Law Enforcement) position at the next lower grade than the position desired (e.g. for a GS-13 position, applicants must have 1 year at the GS-12 level).

MPA # 99-078                                    PAGE 2

**FOR COMPETITIVE CANDIDATES:**

Selective Factor: Any selectee for this MPA must be a current participant in the FIT program.

In order to apply, applicants must submit the following:

1. A USM-91 "Request for Consideration for Merit Promotion Opportunities".

2. A copy of the most recent annual performance rating (USM-540).

3. A completed copy of a "Fitness Assessment Summary" form dated within the last 6 months.

4. A resume and optional cover letter from Section VI of the 11/98 version of the USM-280.

**All four of these documents must be completed and submitted for each MPA for which consideration is desired. For example, to apply for the vacancy listed on this announcement, you must submit all documents listed in numbers 1 - 4. If you apply for another vacancy announced next month, you will need to submit a second, separate package of all the documents listed in numbers 1 - 4 above.**

This information should be sent to: **U.S. Marshals Service, 600 Army Navy Drive, Suite 820, Arlington, VA 22202, ATTN: Janeen Tyson.** Applications must be postmarked by the closing date of the announcement.

Candidates certified for GS-13 and GS-15 positions are further evaluated by a structured interview. Candidates certified for GS-14 positions are further evaluated by an assessment center.

Requests for consideration will be accepted from applicants who have not yet met the time in grade requirement for length of experience, provided that the applicants will fully meet the requirements by the time the action is effected (30 days after the closing date).

Evaluation Methods: Candidates will be evaluated on experience, education, training, awards. and Merit Promotion Exam.

**OPPORTUNITIES FOR REASSIGNMENT ARE NO LONGER ANNOUNCED PRIOR TO THE COMPETITIVE ANNOUNCEMENT. CANDIDATES FOR REASSIGNMENT MAY APPLY AT THE SAME TIME AS COMPETITIVE APPLICANTS, AND WILL BE CONSIDERED FOR REASSIGNMENT.**

MPA # 99-078                         PAGE 3

**FOR REASSIGNMENT CANDIDATES:**

Any GS-1811 employee who is currently at the grade level of the vacancy announced may apply as a lateral reassignment. Requests for reassignment must be mailed to Janeen Tyson, 600 Army Navy Drive, Arlington, VA 22202, or sent by FAX to (703) 603-0392. Reassignment requests **MUST BE RECEIVED** by the closing date.

Reassignment candidates are required to complete a resume from Section VI of the updated USM-280 (rev. 11/98) and updated USM-281 (rev. 11/98).

Candidates selected for reassignment by this method will be eligible for the same relocation expenses as those who are selected through competitive methods for the same grade level.

Additionally, candidates already at the grade level of the vacancy announcement may also apply competitively. To be eligible, these candidates must have a 1998 Merit Promotion Exam score, a USM-280 (rev. 11/98) submitted during the open season time frame, and must also submit all four documents listed on page 2.

**IMPORTANT NOTICE:** This memorandum must be reviewed by all eligible employees. Employees who are eligible, and are absent from their official duty stations, **MUST** be contacted and advised of the contents of this memorandum.

**THIS POSITION IS SUBJECT TO RANDOM DRUG TESTING BY URINALYSIS.**

The Marshals Service is an Equal Opportunity Employer.



UNITED STATES MARSHALS SERVICE
CAREER PROGRAMS TEAM

600 ARMY NAVE DRIVE
ARLINGTON VA, 22202

fax (703) 603-0392

TO: Martha

FROM: Janeen Tyson

Number of Pages (excluding cover sheet) 4

Comments:

This information is PRIVACY ACT PROTECTED and should only be used
for official USMS business. Only managers related to this merit promotion
announcement should be permitted access to this information.

# EEO Counseling Report

## Attachment # 6

**U.S. Department of Justice**

United States Marshals Service



7260

Director

600 Army Navy Drive
Arlington, VA 22202-4210
March 24, 2000

MEMORANDUM TO:   All U.S. Marshals and Suboffices
All Headquarters Divisions and General Counsel

FROM:   John W. Marshall
Director

SUBJECT:   Merit Promotion Opportunity

---

**POSITION TITLE:**   CDUSM

**SERIES & GRADE:**   GS-1811-15

**ANNOUNCEMENT NO:**   00-029    **LOCATION:** D/Puerto Rico

---

**OPENING DATE:**   MAR 2 8 2000    **CLOSING DATE:**   MAY -2 2000

---

To be eligible to apply, candidates must have taken the 1998 Merit Promotion Examination, and have served at least 1 year in an operational (U.S. Marshals Service Law Enforcement) position at the next lower grade than the position desired (e.g. for a GS-13 position, applicants must have 1 year at the GS-12 level).

**FOR COMPETITIVE CANDIDATES:**

Selective Factor: Any selectee for this MPA must be a current participant in the FIT program.

*An Accredited Law Enforcement Agency*

MPA # 00-029                                    PAGE 2

In order to apply, applicants must submit the following:

1. A USM-91 "Request for Consideration for Merit Promotion Opportunities".

2. A copy of the most recent annual performance rating (USM-540).

3. A completed copy of a "Fitness Assessment Summary" form dated within the last 6 months.

4. A resume and optional cover letter from Section VI of the 11/98 version of the USM-280.

5. A USM-280 "Application for Law Enforcement Positions". Candidates may update or use their existing USM-280 if one is on file in Human Resources.

**Documents 1-5 must be completed and submitted for each MPA for which consideration is desired.**

This information should be sent to: **U.S. Marshals Service, 600 Army Navy Drive, Suite 820, Arlington, VA 22202, ATTN: Janeen Tyson.** Applications must be postmarked by the closing date of the announcement.

Candidates certified for GS-13 and GS-15 positions are further evaluated by a structured interview. Candidates certified for GS-14 positions are further evaluated by an assessment center.

Requests for consideration will be accepted from applicants who have not yet met the time in grade requirement for length of experience, provided that the applicants will fully meet the requirements by the time the action is effected (30 days after the closing date).

Evaluation Methods: Candidates will be evaluated on experience, education, training, awards, and Merit Promotion Exam.

**CANDIDATES FOR REASSIGNMENT MAY APPLY AT THE SAME TIME AS COMPETITIVE APPLICANTS, AND WILL BE CONSIDERED FOR REASSIGNMENT.**

**FOR REASSIGNMENT CANDIDATES:**

Any GS-1811 employee who is currently at the grade level of the vacancy announced may apply as a lateral reassignment. Requests for reassignment must be mailed to Janeen Tyson, 600 Army Navy Drive, Arlington, VA 22202, or sent by FAX to (703) 603-0392. Reassignment requests **MUST BE RECEIVED** by the closing date.

Reassignment candidates are required to complete a resume from Section VI of the updated USM-280 (rev. 11/98) and updated USM-281 (rev. 11/98).

MPA # 00-029                            PAGE 3

Candidates selected for reassignment by this method will be eligible for the same relocation
expenses as those who are selected through competitive methods for the same grade level.

Additionally, candidates already at the grade level of the vacancy announcement may also apply
competitively. To be eligible, these candidates must have a 1998 Merit Promotion Exam score,
and must also submit all four documents listed on page 2.

**IMPORTANT NOTICE:** This memorandum must be reviewed by all eligible employees.
Employees who are eligible, and are absent from their official duty stations, **MUST** be contacted
and advised of the contents of this memorandum.

**THIS POSITION IS SUBJECT TO RANDOM DRUG TESTING BY URINALYSIS.**

The Marshals Service is an Equal Opportunity Employer.

MPA #:
Title and Grade: DD DOJ CDUSM, GS-1811-15
Location: D/Puerto Rico
Chief:

| NAME | DISTRICT | USM 91 | USM 281 | DOJ 522 | USM 540 | FIT | RCS | COMMENTS |
|------|----------|--------|---------|---------|---------|-----|-----|----------|
| Armstrong, Stephen (EPIC) | ISD | | | | √ | √ | √ | |
| Drt, Michael | | √ | | | √ | √ | √ | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

# EEO Counseling Report

## Attachment # 7



# UNITED STATES MARSHALS SERVICE
## District of Puerto Rico

### 200 Federal Building
### 150 Chardón Avenue
Hato Rey, Puerto Rico  00918
Office:  (787) 766-6000, Facsimile:  (787) 766-6211

TO: _Joan Grady_

FROM: _Herman Wirshing_

DATE: _08/21/00_    FAX:( ) _____

NUMBER OF PAGES: __1__ EXCLUDING COVER SHEET

COMMENTS: _As per telephone conversation_

WARNING:  MANY FACSIMILE MACHINES PRODUCE COPIES ON THERMAL PAPER.  THE IMAGE PRODUCED IS HIGHLY
UNSTABLE AND WILL DETERIORATE SIGNIFICANTLY IN A FEW YEARS.  IT SHOULD BE COPIED ON A PLAIN PAPER COPIER
PRIOR TO FILING AS A RECORD.

## MICHAEL W. ORR
## LEAVE & TDY ANALYSIS

| P/P # | DATE | A/L Hours S/L | | REMARKS |
|-------|------|------|------|---------|
| 03 | 13 Feb 99 | 8 | | See El Yunque |
| 04 | 27 Feb 99 | 32 | | Trip to Michigan |
| 09 | 8 May 99 | 40 | | Trip to Michigan |
| 10 | 22 May 99 | 30 | | ( No remarks ) |
| 17 | 28 Aug 99 | 8 | | " |
| 01 | 15 Jan 00 | 8 | 8 | " |
| 06 | 11 Mar 00 | 8 | | " |
| 10 | 20 May 00 | 24 | | Graduation Children |
| 11 | 3 Jun 00 | 64 | | " |
| 12 | 19 Jun 00 | 28 | | Sickness of his 2 yr old baby |
| | Total | 250 | 8 | 258 hrs = 32.25 Days |

TDY TRIPS

| | | | |
|---|---|---|---|
| 11-16 Aug 99 | Wash, DC | 6 days | Evaluation of GS-13 Packages |
| 1 Aug 00 | Vieques | 1 Day | Assist Navy in Vieques |
| 1 Oct 99 - 17 Mar 00 | St. Thomas, VI | 169 Days | Assigned to VI |
| 29 Mar-8 Apr 00 | Roosy Rds | 11 Days | ERT Mission |
| 24 Apr-16 May 00 | Rossy Rds | 23 " | ERT Mission |
| 21-25 Jun 00 | St. Louis, MO | 5 " | GS-15 Interview ( JSD Pos) |

TDY TOTAL    215 Days + Leave Total 32.25 = 247.25 (8 mths) days out.

21'00(MON) 11:28   US MARS 'S SERVICE                    TEL:787 7  6211                    P. 001



# UNITED STATES MARSHALS SERVICE
## District of Puerto Rico

### 200 Federal Building
### 150 Chardón Avenue
Hato Rey, Puerto Rico  00918
Office:  (787) 766-6000, Facsimile:  (787) 766-6211

TO: _Joan Grady_

FROM: _Herman Wirshing_

DATE: _08/21/00_   FAX:( )_____

NUMBER OF PAGES: _1_ EXCLUDING COVER SHEET

COMMENTS: _As per telephone conversation_

WARNING:  MANY FACSIMILE MACHINES PRODUCE COPIES ON THERMAL PAPER.  THE IMAGE PRODUCED IS HIGHLY
UNSTABLE AND WILL DETERIORATE SIGNIFICANTLY IN A FEW YEARS. IT SHOULD BE COPIED ON A PLAIN PAPER COPIER
PRIOR TO FILING AS A RECORD.

JG. -21' 00 (MON) 11:29  US MARS  S SERVICE          TEL:787 7  6211                    P. 002

# REQUEST FOR LEAVE OR APPROVED ABSENCE

| 1. NAME (Last, First, Middle Initial) | 2. EMPLOYEE OR SOCIAL SECURITY NUMBER |
|---|---|
| ORR, MICHAEL W | 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 |

**3. ORGANIZATION**
US MARSHALS SERVICE

| 4. TYPE OF LEAVE/ABSENCE (Check appropriate box(es) below.) | DATE From: | To: | TIME From: | To: | TOTAL HOURS | 5. FAMILY AND MEDICAL LEAVE |
|---|---|---|---|---|---|---|
| [x] Accrued Annual Leave | 091300 | 092900 | 0830 | 1700 | 104 | If annual leave, sick leave, or leave without pay will be used under the Family and Medical Leave Act of 1993, please provide the following information: |
| [ ] Restored Annual Leave | | | | | | |
| [ ] Advance Annual Leave | | | | | | |
| [ ] Accrued Sick Leave | | | | | | [ ] I hereby invoke my entitlement Family and Medical Leave for: |
| [ ] Advance Sick Leave | | | | | | |
| Purpose: [ ] Medical/dental/optical examination of requesting employee  [ ] Other  [ ] Care of family member/bereavement, including medical/dental/optical examination of family member | | | | | | [ ] Birth/Adoption/Foster Care  [ ] Serious Health Condition of Spouse, Son, Daughter, or Parent  [ ] Serious Health Condition of Self |
| [ ] Compensatory Time Off | | | | | | |
| [ ] Other Paid Absence (Specify in Remarks) | | | | | | Contact your supervisor and/or your personnel office to obtain additional information about your entitlements and responsibilities under the Family and Medical Leave Act of 1993. |
| [ ] Leave Without Pay | | | | | | |

**6. REMARKS:**  KILLIMANJARO 2000

**7. CERTIFICATION:** I hereby request leave/approved absence from duty as indicated above and certify that such leave/absence is requested for the purpose(s) indicated. I understand that I must comply with my employing agency's procedures for requesting leave/approved absence (and provide additional documentation, including medical certification, if required) and that falsification of information on this form may be grounds for disciplinary action including removal.

**EMPLOYEE SIGNATURE** _[signature]_                    **DATE** 6/15/00

**8. OFFICIAL ACTION ON REQUEST:** [✓] APPROVED        [ ] DISAPPROVED
(If disapproved, give reason. If annual leave, initiate action to reschedule.)

**SIGNATURE** _[signature]_                              **DATE** 06/27/00

## PRIVACY ACT STATEMENT

Section 6311 of title 5, United States Code, authorizes collection of this information. The primary use of this information is by management and your payroll office to approve and record your use of leave. Additional disclosures of the information may be: To the Department of Labor when processing a claim for compensation regarding a job connected injury or illness; to a State unemployment compensation office regarding a claim; to Federal Life Insurance or Health Benefits carriers regarding a claim; to a Federal, State, or local law enforcement agency when your agency becomes aware of a violation or possible violation of civil or criminal law; to a Federal agency when conducting an investigation for employment or security reasons; to the Office of Personnel Management or the General Accounting Office when the information is required for evaluation of leave administration; or to the General Services Administration in connection with its information management responsibilities for records management.

Where the employee identification number is your Social Security Number, collection of this information is authorized by Executive Order 9397. Furnishing the information on this form, including your Social Security Number, is voluntary, but failure to do so may result in disapproval of this request.

If your agency uses the information furnished on this form for purposes other than those indicated above, it may provide you with an additional statement reflecting those purposes.

AUG. -21' 00(MON) 10:31    EEO DI  ;ION                    TEL:202  /7 8765                P. 001

```
┌──────────────────────────────────────────────────────────────────────────────┐
│                                                                                │
│  * CONFIRMATION REPORT **                                                      │
│                                                                                │
│                                                                                │
│  RECEIVE                                                                       │
│  ERROR: CHECK STATUS BELOW                                                     │
│                                                                                │
│                                                                                │
│  NO.   DATE/TIME    DESTINATION              DURATION PGS    STATUS   MODE     │
│                                                                                │
│  437   AUG. 21 10:30 US MARSHALS SERVICE     0° 00' 26" 000   INC     N ECM   │
│                                                                                │
└──────────────────────────────────────────────────────────────────────────────┘
```

EXHIBIT 5b

February 17, 200_

# ORGANIZATIONAL CHART
### DISTRICT OF PUERTO RICO

**U.S. Marshal**
Herman J. Wirshing

**Chief Deputy U.S. Marshal**
Juan J. Donato (GS-14)

**Asst. Chief Deputy US Marshal (Task Force Coordinator)**
Michael Orr (GS-14)

## Operations

**Supervisor**
(GM-13)

PR/NY

**DUSM's**
PR (GS-12)
PR (GS-12)
PR (GS-12)
PR (GS-11)
(GS-11)
(GS-12) PR/NY
CA (GS-12)
(GS-11)
(GS-11)
(GS-07)
(GS-07)

**Contract Employees**
(DDD) PR/NY
PR (DYNCORP)
PR (DYNCORP)
PR (DYNCORP)
PR (DYNCORP)

## NASAF

**Supervisor**
CA (GM-13)

**DUSM's/Civil Section** (GS-12)
PR

**Secretary** (GS-8)
PR

## Warrants/Task Force

**Supervisor**
PR (GM-13)

**DUSM's**
PR (GS-12)
PR (GS-12)
PR (GS-12)
PR/NY (GS-12)
PR (GS-12)
(GS-11) VENZUELAN *
PR (GS-11)
CA (GS-11)

**Legal Tech.** (GS-7)
PR

**Court Sec. Coordinator** (GS-12)
PR

PR= PUERTO RICAN
CA= CONTINENTAL AMERICAN
NY= NEW YORKER
* = VENZUELAN

## Administration*

**Admin. Officer** PR
(GS-12)

**Property Manager** PR
(GS-13)

**Contract Spec.** PR
(GS-11)

**Accountant** PR
(GS-9)

**S & F Spec.** (GS-9) PR
(GS-9) PR

**Admin. Asst.** (GS-07) PR
(GS-07) PR

**On board**
Operational = 27
Admin. = 09
Contract = 04
Vacant = 04

Court Security Officers = 63

**AFFIDAVIT**

City: Milwaukee
County: Milwaukee

I, Michael Wayne Orr (Caucasian, American of Western European, 4**7**, DOB July 10, 1957, prior EEO activity), Supervisory, Deputy, U.S. Marshal, GS-1811-13, Operations Desk, Eastern Wisconsin, U.S. Marshals Service make the following statement freely and voluntarily to Frank Longoria, who has identified himself to me as a Contractor EEO Investigator for the following federal agency: U.S. Marshals Service (USMS), investigating a complaint of discrimination filed by Michel Wayne Orr, knowing that this statement may be used in evidence. I understand that this statement is not confidential and may be shown to the interested parties (those with a legal right to know). I hereby solemnly swear or affirm:

 0I have been in my present position in Milwaukee, Wisconsin since January 26, 2001. I was transferred from the San Juan, Puerto Rico District where I was an Assistant Chief, Deputy U.S. Marshal, GS-14. My first-level supervisor is Joseph Trindal, Chief, Deputy U.S. Marshal, GS-1811-14, and my second-level supervisor is Nannette Heggertty, U.S. Marshal, GS-1811-15. While I was in San Juan, my first-level supervisor was Esteban Soto, Chief Deputy U.S. Marshal, GS-1811-15; and my second-level supervisor was U.S. Marshal Herman Wirshing. Chief Soto left the San Juan, Puerto Rico District in December 1999, while I was detailed to the Virgin Islands where I stayed until March 2000. In the Virgin Islands, I was under the supervision of U. S. Marshal Conrad Hoover.

 1<u>Issue one – cancellation of the Vacancy Announcement 99-078, for the position of Chief, Deputy US Marshal, San Juan, Puerto Rico.</u> I believe that the position in question was announced sometime in October 1999 during which time I was detailed to the Virgin Islands. I applied for the position in question and I was one of the best-qualified candidates. I do not know how many people applied for the position in question.

I think it was on February 09, 2000, when I received an e-mail from Janeen Tyson, Human Resources, to let me know that I should prepare for interviewing for the position in question on February 24-25, 2000, in New Orleans. After receiving a DOJ-501 which was signed and then rescinded by Administrative Officer Jose GARCIA of Puerto Rico on 02-16-2000, (with the notation that "No funds Available" on it, on February 17, 2000, I received a telephone call from Janeen Tyson to inform me that the Vacancy Announcement for the position at issue had been cancelled. She did not give



(1)

me any reasons for the cancellation of the position. Subsequently, on February 23, 2000, I had a conversation with Louie McKinney, Special Assistant to the Director, but he did not give me any reasons for the cancellation of the vacancy announcement either. I believe that the EEO Office informed me that the position in question was canceled because there were only two candidates, including myself. The position was re-advertised sometime in March 2000 and I applied again for the position. I believe that the other candidate was Steve Armstrong, an Assistant Chief, Deputy US Marshal from El Paso, Texas. I firmly believe that the reason that U.S. Marshal Herman Wirshing canceled the position was his discriminatory animus against me because of my race, national origin, age, and participation in EEO protected activity. I based this assertion on statements made by U.S. Marshal Herman Wirshing and reported to me by reliable witnesses-Deputy US Marshal Andres Jimenez, Deputy US Marshal Bobby Sanchez, and Police Officer Jose Concepcion. I will elaborate on the comments made by U.S. Marshal Wirshing under the paragraph concerning how he promotes a hostile work environment for non-Puerto Rican employees.

I firmly believe that U.S. Marshal Wirshing's discriminatory attitude toward non-Puerto Rican employees is also highlighted by his subsequent actions to promote temporarily Supervisor, Deputy, U.S. Marshal Juan Donato, who did not have time in grade, to the Chief, Deputy, U.S. Marshal, GS-15 position.

2 <u>Temporary promotion of a Hispanic, Supervisor, GS-13, to the Acting Chief Deputy U.S. Marshal.</u> I learned that Supervisor, Deputy Juan Donato was promoted temporarily from a fax, I believe it was in the latter part of 1999, which showed that Juan Donato was temporarily promoted to Chief, Deputy U.S. Marshal position. Initially, the position was announced as Acting Chief, Deputy U.S. Marshal, not to exceed one year. However, subsequently the Vacancy Announcement was amended by U.S. Marshal Herman Wirshing's instruction to read as Chief, Deputy U.S. Marshal. This information I obtained from Sandra Lyles, Human Resources Office. I told Ms. Lyles that if the position was announced as Chief that I wanted the position. Ms. Lyles stated to me that it was incorrect to have announced the position as Chief, when in fact it should have been announced as Assistant Chief, Deputy U.S. Marshal, and in fact was changed to read Chief at the request of U.S. Marshal Wirshing. I do not know whether the position title was changed to Assistant Chief. I informed Katherine Mohan, Human Resources, that I had applied for the Chief, Deputy U.S. Marshal position in November 1999 and that the Vacancy Announcement was canceled. However, I still had

2



interest in the Chief, Deputy U.S. Marshal, GS-15, position. Obviously, I was already a GS-14, so it did not make sense for me to apply for the position as Assistant Chief, Deputy U.S. Marshal, GS-14.
I believe that the promotion of Supervisor, Deputy U.S. Marshal Juan Donato was discriminatory to me because in reality what management did was to promote Juan Donato as Chief, Deputy U.S. Marshal to buy time for the Acting Chief Juan Donato to qualify eventually for the GS-15 grade level. On the other hand, I was a GS-14, Assistant Chief, Deputy U.S. Marshal, so I should have had an opportunity to compete for the position that had been encumbered by a GS-15, Chief Esteban Soto. In essence, U.S. Marshal Herman Wirshing provided preferential treatment to allow the Acting Assistant Chief Juan Donato to circumvent the merit promotion system by jumping from a GS-13 grade level position to a position with potential for a GS-15 grade level.
3<u>Issue two - the U.S. Marshal has created a hostile work environment by referring to non-Puerto Rican employees as "Gringos." The Acting Chief, Deputy U.S. Marshal Juan Donato stated that he wanted to promote his own people.</u> Deputies Andres Jimenez, Bobby Sanchez, and officers Rigoberto Vasquez, Rolando Fuentes, and Police Officer Jose Concepcion advised me that on Friday, March 10, 2000, at a staff meeting, Acting Chief Donato stated words to the effect that "we" will work or getting around the OPM system to promote our own people, obviously meaning Puerto Rican Deputies. At the same meeting, U.S. Marshal Wirshing also stated, according to my witnesses, that he was tired of Gringos coming here and taking over the supervisory positions. I recall an occasion when I was talking to Jose Garcia, Administrative Officer, I believe it was in September or October 2000, I do not recall the exact date, he called me "pendejo" and "mariconista" because I had filed an EEO complaint. Bobby Sanchez was present when Officer Jose Garcia used derogatory language against me.
4<u>The U.S. Marshal created a hostile work environment by making arbitrary changes in work assignments that caused a racially tense work environment.</u> After I returned from the Virgin Islands to Puerto Rico, I was assigned responsibility for supervising the movement of prisoners from the detention center to the Courthouse and back to the detention center. U.S. Marshal Wirshing issued a memorandum to me to supervise the movement of prisoners (I am introducing a copy of U.S. Marshal Wirshing's memorandum, dated March 20, 2000). I would like to point out that the Deputy U.S. Marshals who are not Puerto Ricans received considerably inferior work assignments than Puerto Rican Deputy US Marshal. To my knowledge, non-Puerto Rican Deputy U.S.





Marshal are not detailed to work outside of Puerto Rico, nor do they receive training. For example, I did not receive any training while I was in Puerto Rico. Deputy U.S. Marshal Christopher Barfield was assigned to the Fugitive Task Force for considerably less time than the Puerto Rican Deputy US Marshals who are usually assigned for at least a year. To my knowledge, there are no non-Puerto Rican employees in supervisory positions in the San Juan Puerto Rico District. These are only few examples of how U. S. Marshal Wirshing arbitrarily assigned non-Puerto Rican Deputy U.S. Marshals to inferior work assignments and systematically denies career opportunity to those employees who are not Puerto Ricans.

5Deputy US Marshal Jose Viscarrondo advised me that Juan Donato and U. S. Marshal Wirshing had asked him to help them (Donato and himself)"get me." I am not sure what they meant by that threat, whether that meant to get me fired or what. The conversation with Deputy Vizcarrondo took place in March 17, 2000, just before my return to the San Juan, Puerto Rico District.

6On April 2000, I was told by U. S. Marshal Wirshing in his office in the front of Acting Chief Juan Donato that he (the Marshal) knew that I had filed an EEO complaint and that he wanted me to have contact only with the EEO Office and the Office of Internal Affairs. I was surprised that Marshal Wirshing knew about my EEO complaint because I had requested to be anonymous during the EEO counseling process.

7I would like to have the following persons provide statements concerning the hostile work environment that exists for non-Puerto Rican employees of the San Juan Puerto Rico District: Andres Jimenez, Bobby Sanchez, Jose Concepcion, Rolando Fuentes, Geoffrey Deas, Christopher Barfield, and Robert Vizcarrondo.

I do not have any other comments to add at this time. I have read this statement, consisting of _4_ pages, and it is true, complete, and correct to the best of my knowledge and belief.

**Signature** *Michael W. Chu*

**Date**

Signed and sworn to before me
on this _19_ day of _March_, 2001,
at _Milwaukee, WI_.

Neutral witness, notary, or Investigator

*Nannette H. Hegarty*

④

# PRIVACY ACT NOTICE TO COMPLAINANT
# FOR DISCRIMINATION COMPLAINT INVESTIGATION INTERVIEW

## GENERAL

This information is provided pursuant to Public Law 93-579 (Privacy Act of 1974), December 31, 1974, for individuals supplying information for inclusion in a system of records.

## AUTHORITY

The authority to collect the information requested by this interview is derived from one or more of the following:

Title 5, Code of Federal Regulations, sections 5.2 and 5.3; Title 29, Code of Federal Regulations, section 1613/1614; Title 5, United States Code, sections 1303-1304; Title 42, United States Code, section 2000e-16; and Executive Order 11478, as amended.

## PURPOSES AND USES

The information you supply will be used along with data you supplied previously and information developed by investigation to resolve your equal employment opportunity discrimination complaint. This information may be furnished to designated officers and employees of agencies and departments of the Federal Government in order to resolve your equal employment opportunity discrimination complaint. The information may also be disclosed to any agency of the Federal Government having a working relationship with regard to Equal Employment Opportunity Commission activities, to the intelligence agencies of the Federal Government, or to others for uses published in the Federal Register.

## EFFECTS OF NON-DISCLOSURE

Disclosure of the information sought is voluntary. However, failure to furnish the information will result in your complaint being returned without action and being recommended for cancellation for failure to prosecute.

_____          _____
Signature of Interviewer               Signature of Complainant

_____
Date    April 23, 2001

_____
Place   Arlington, TX

03/28/2001  12:41    2027750005          GOLDSMITH LAW FIRM              PAGE  02/02

## THE GOLDSMITH LAW FIRM
### 1900 L STREET, N.W.
### SUITE 614
### WASHINGTON, D.C.  20036

### TEL: (202) 775-0040  *  FAX: (202) 318-0798

**BY FAX: 817-451-2994, AND REGULAR MAIL**

March 28, 2001

Mr. Frank Longoria
DSZ Investigations
EEO Investigator
2705 Meadowview Drive
Arlington, Texas, 76016

       Re:  <u>EEO Complaint of Michael Orr</u>

Dear Mr. Longoria:

     As we discussed today on the phone, Mr. Orr and I are **reserving right to rebut** management's statements made pursuant to your investigation, until after Mr. Orr and I have received a copy of the Report of Investigation.  If you have any questions or concerns, please do not hesitate to call.

              Sincerely,

              Leizer Z. Goldsmith
              Counsel for Michael Orr

cc: Michael Orr

EXHIBIT 7

**AFFIDAVIT**

City: San Juan

Commonwealth: Puerto Rico


Herman J. Wirshing (Caucasian of German-Hispanic ancestry,
Puerto Rican, age July 24, 1941, no prior EEO activity), U.S.
Marshal, ES-05, San Juan, Puerto Rico District, U.S. Marshals
Service make the following statement freely and voluntarily to
Frank Longoria, who has identified himself to me as a Contractor
EEO Investigator for the following federal agency: U.S. Marshals
Service (USMS), investigating a complaint of discrimination filed
by Michael Orr, knowing that this statement may be used in
evidence. I understand that this statement is not confidential
and may be shown to the interested parties (those with a legal
right to know).  I hereby solemnly swear or affirm:

Page_1_of_7

Initials

1.        I have been the U.S. Marshal for the San Juan, Puerto

Rico District since 1985.  I report to Acting Director, U.S.

Marshals Service Louie McKinney.  I have known Michael Orr

since November 1998.  On January 1999 he was assigned to the

district as Assistant Chief, Deputy US Marshal, GS-1811-14.  I

was born in Puerto Rico.  My father was of German ancestry and

my mother, Hispanic.  I have nothing against continental

Americans or anyone else because of his or her race, national

origin, age, prior EEO activity or any other protected group.

As a Puerto Rican, I am an American and proud of that. I also

served in the armed forces of the United States and I am proud

of my service from where I retired as Lieutenant Colonel.

2.        Issue one of the letter of complaint acceptance –

Cancellation of the Vacancy Announcement for position of

Chief, Deputy US Marshal, GS-1811-15; and temporary promotion

of a Supervisory, Deputy US Marshal, GS-1811-13, to Acting

Chief, Deputy US Marshal, GS-1811-14.  I believe that the

position at issue was announced sometime in October 1999.  The

position had been encumbered by Chief Esteban Soto, GS-1811-

Initials AM

15, who received an assignment at Interpol in Washington, DC and left the district sometime in December 1999. I believe that in August/September of 1999, Assistant Chief Michael Orr volunteered for a six-month work assignment to the Virgin Islands as Acting Chief Deputy. Assistant Chief Michael Orr engaged in direct discussion with U.S. Marshal Conrad Hoover, Virgin Islands and through Deputy Director McKinney to persuade them to detail him to the Virgin Islands. My preference was to detail Juan Donato to the Virgin Islands because I needed Assistant Chief Michael Orr in the San Juan, Puerto Rico District. Since Assistant Chief Michael Orr was gone in October 1999 by the time that Chief Esteban Soto was no longer here, I temporarily promoted Supervisory, Deputy US Marshal Juan Donato to the position of Acting Chief, Deputy US Marshal not to exceed 120 days and moved Rafael Escobar as Acting Assistant Chief sometime in March 2000. At the end of the 120-day temporary promotion, I extended Supervisory, Deputy U.S. Marshal Juan Donato's temporary promotion to the Acting Chief position not to exceed one year with the approval of USMS Headquarters, personnel division. The Vacancy

Initials ⏐ꟼ𝓂

Announcement for the position of Chief, Deputy US Marshal, GS-1811-15, was cancelled, I believe in February 2000, because there were only two candidates available.  The Washington Office and I agreed that the pool of available candidates for the position in question had to be expanded.  For that reason the Vacancy Announcement for the position was canceled and subsequently was re-advertised, I believe sometime in March 2000. I do not know whether Assistant Chief Orr re-applied for the position in question. Temporary promotion of a Hispanic Supervisory, Deputy, U.S. Marshal to the position of Acting Assistant Chief, Deputy, U.S. Marshal, GS-1811-14.  As I indicated earlier, I did not want Assistant Chief Michael Orr to leave the district because I knew of the impeding re-assignment of Chief Esteban Soto to the continental United States and I thought that Assistant Chief Michael Orr could have held the position of Acting Chief until the position was filled through the Merit Promotion system.  Since Assistant Chief Michael Orr was not available in October 1999 to help the San Juan, Puerto Rico District with the duties and responsibilities of the Chief position, I promoted

Supervisory, Deputy, U.S. Marshal Juan Donato to act temporarily for 120-day assignment. I need to point out that I was disappointed during the time, from October 1999 to March 2000, that Assistant Chief Orr was in the Virgin Islands, in that he never made a telephone call to me or, to my knowledge, any one in the Task Force to inquire about how the Task Force was doing. Since his assignment to Puerto Rico in January 1999 Assistant Chief Deputy Orr has been out of the District a total of 288 days. Obviously, Assistant Chief Orr's attitude indicated to me that he had no concern for the San Juan, Puerto Rico District. Since I did not believe that Assistant Chief Michael Orr had any interest in the San Juan, Puerto Rico District, at the end of the 120-day detail of Acting Assistant Chief Juan Donato, I extended his assignment not to exceed one year with the concurrence of Washington.

3. Hostile work environment created by the U.S. Marshal, who refers to non-Puerto Rican employees as Gringos; the U.S. Marshal has made arbitrary changes in work assignments.

I categorically deny ever having called any continental American "Gringo." This is a phrase that is not in my personal

Page_5_of10                                    Initials

vocabulary. I would like to point out that former Assistant Chief
Orr posted a sign in the front of his office, that stated "I am
Gringo Number One." Acting Chief Juan Donato and Acting
Supervisor, Deputy U.S. Marshal Rafael Escobar can bear witness
that Assistant Chief Michael Orr had the sign that I have
described and that this sign was ordered removed by me. I deny
having said that I would do anything necessary to promote only
Puerto Ricans Americans from Puerto Rico. My position is to
provide equal opportunity to all qualified candidates regardless
of their protected groups. As a matter of fact, I promoted
Deputy Robert Otto, a continental American born in Iowa, assigned
at that moment to the Puerto Rico Fugitive Task Force, as
Supervisor of Seized Assets District of Puerto Rico from GS 1811-
12 to GS 1811-13.

4.    Concerning a meeting held at the Task Force, I recall saying
that I would like to promote personnel from my District,
regardless of their ethnic group, because by doing that I will
enhance the morale of the District personnel in their career
progression. If I had discriminatory animus toward continental
American, I would have blocked the assignment to the San Juan,

Page_6_of10                                    Initials /M

Puerto Rico District of Chief Esteban Soto and Assistant Chief Michael Orr, who both are continental Americans and many others prior to them.  When Assistant Chief Deputy Orr reported to Puerto Rico in January 1999 he offered himself as volunteer to be my hatchet-man in front of Chief Deputy Soto. To this I responded that we never had, nor will ever have, a hatchet-man in Puerto Rico.  After former Assistant Chief, Michael Orr returned from the Virgin Islands, he was temporarily assigned to supervise the Cell Block Operations and production and movement of prisoners until the person assigned for 120 days the supervision of the Task Force completed the assignment and then I would re-assign him to this position in the Task Force.  If I recall correctly, former Assistant Chief, Michael Orr returned to the district in mid-March 2000, and he went back to the Fugitive Task Force in the early part of April 2000.  I had no idea whether former Assistant Chief, Michael Orr was planning to return to the San Juan, Puerto Rico District since he never called me while he was in the Virgin Islands from October 1999 to March 2000.  The San Juan, Puerto Rico District needed an Acting Chief, Deputy, U.S. Marshal and for that reason Acting Chief, Deputy U.S. Marshal

Page_7_of10                                    Initials

Juan Donato was temporarily promoted to the Acting Chief position. I categorically deny that I ever told Deputy, U.S. Marshal Roberto Vizcarrondo to assign the worst car in the fleet to former Assistant Chief, Michael Orr or that I wanted to screw up former Assistant Chief, Deputy, U.S. Marshal Michael Orr. Deputy, U.S. Marshal Vizcarrondo's statements are untrue.

5. I learned that former Assistant Chief, Deputy, U.S. Marshal Michael Orr had filed an EEO complaint because he had been calling everybody around in the U.S. Marshals Service offices. If former Assistant Chief, Deputy, U.S. Marshal Michael Orr had not divulged that he was engaged in the EEO process, I would not have learned that he was engaged in the EEO process.

6.   I categorically deny having discriminated against Assistant Chief Michael Orr or any one else because of his or her race, national origin, age, or EEO protected activity. I have answered each allegation Assistant Chief Michael Orr made against me because I canceled the Vacancy Announcement for the Chief Deputy, U.S. Marshal position, and for temporarily promoting an Acting Assistant Chief to Acting Chief.

Initials AM

Concerning Assistant Chief Michael Orr's innuendoes against my character and professional integrity, I request to have included in the Report of Investigation, the testimony of U.S. Marshal Jim Douglas, Eastern Michigan District, concerning my attitude toward continental American and fairness in the work place.

7. I do not have any other comments to add.

Initials _AM_

I have read this statement, consisting of __ pages, and it is
true, complete, and correct to the best of my knowledge and
belief.

_____

**Signature**

_____

**Date**

Signed and sworn to before me

on this ___ day of _____ , 2001,

at _____

Neutral witness, notary, or Investigator

Page_10_of10                                    Initials _____

# PRIVACY ACT STATEMENT

*(THIS FORM IS COVERED BY THE PRIVACY ACT OF 1974. PUBLIC LAW 93-597. AUTHORITY FOR REQUESTING THE PERSONAL DATA AND THE USE THEREOF ARE GIVEN BELOW.)*

1.  **FORM NUMBER/TITLE/DATE:** *EEOC FORM 573, NOTICE OF APPEAL/PETITION, APRIL 1992.*

2.  **AUTHORITY: 42 U.S.C. §2000e-16.**

3.  **PRINCIPAL PURPOSE:** *THE PURPOSE OF THIS QUESTIONNAIRE IS TO SOLICIT INFORMATION TO ENABLE THE COMMISSION TO PROPERLY AND EFFICIENTLY ADJUDICATE APPEALS FILED BY FEDERAL EMPLOYEES, FORMER FEDERAL EMPLOYEES, AND APPLICANTS FOR FEDERAL EMPLOYMENT.*

4.  **ROUTINE USES:** *INFORMATION PROVIDED ON THIS FORM WILL BE USED BY COMMISSION EMPLOYEES TO DETERMINE: (A) THE APPROPRIATE AGENCY FROM WHICH TO REQUEST RELEVANT FILES; (B) WHETHER THE APPEAL IS TIMELY; (C) WHETHER THE COMMISSION HAS JURISDICTION OVER THE ISSUE(S) RAISED IN THE APPEAL, AND (D) GENERALLY, TO ASSIST THE COMMISSION IN PROPERLY PROCESSING AND DECIDING APPEALS, DECISIONS OF THE COMMISSION ARE FINAL ADMINISTRATIVE DECISIONS, AND, AS SUCH, ARE AVAILABLE TO THE PUBLIC UNDER THE PROVISIONS OF THE FREEDOM OF INFORMATION ACT. SOME INFORMATION MAY ALSO BE USED IN DEPERSONALIZED FORM AS A DATA BASE FOR STATISTICAL PURPOSES.*

5.  **WHETHER DISCLOSURE IS MANDATORY OR VOLUNTARY AND EFFECT ON INDIVIDUAL FOR NOT PROVIDING INFORMATION:** *SINCE YOUR APPEAL IS A VOLUNTARY ACTION, YOU ARE NOT REQUIRED TO PROVIDE ANY PERSONAL INFORMATION IN CONNECTION WITH IT. HOWEVER, FAILURE TO SUPPLY THE COMMISSION WITH THE REQUESTED INFORMATION COULD HINDER TIMELY PROCESSING OF YOUR CASE, OR EVEN RESULT IN THE REJECTION OR DISMISSAL OF YOUR APPEAL.*

---

**SIGNATURE**                                                  **DATE**

1

# PRIVACY ACT NOTICE TO EEO COMPLAINT INTERVIEW WITNESSES (OTHER THAN COMPLAINANT) FOR DISCRIMINATION COMPLAINT INVESTIGATION INTERVIEW

## GENERAL

This information is provided pursuant to Public Law 93-579 (Privacy Act of 1974), December 31, 1974, for individuals supplying information for inclusion in a system of records.

## AUTHORITY

The authority to collect the information requested by affidavit, statement or other type of testimony is derived from one or more of the following:

Title 5, Code of Federal Regulations, Sections 5.2 and 5.3; Title 29, Code of Federal Regulations, Section 1613/1614; Title 5, United States Code, Sections 1303 and 1304; Title 42, United States Code, Section 2000e-16; and Executive Order 11478, as amended.

## PURPOSES AND USES

The information you supply will be used along with data developed to resolve or otherwise determine the merits of the equal employment opportunity (EEO) complaint of discrimination and/or reprisal. This information may be furnished to designated officers and employees of agencies and departments of the Federal Government in order to resolve or otherwise determine the merits of the EEO complaint of discrimination and/or reprisal. The information may also be disclosed to any agency of the Federal Government having a working relationship with regard to Equal Employment Opportunity Commission activities, to the intelligence agencies of the Federal Government, or to others for uses as published in the Federal Register.

## EFFECTS OF NON-DISCLOSURE

Disclosure of the information sought is voluntary; however, failure to furnish the information will result in a direction by the head of the agency, or his/her designated representative, to produce or provide such information as is available. Failure to provide the information at that time may result in the initiation of disciplinary proceedings against you up to and including removal. Applicants in such cases may be refused employment.

Disclosure of information by present or prospective Government contractors is also voluntary, although failure to furnish the above requested information where the contract so provides may result in administrative sanctions, including disqualification to enter into a contract or termination of an existing contract.

_____          x_____
Signature of Interviewer               Signature of Affiant

3-19-01                               _____
Date                                   Place

EXHIBIT 17

**AFFIDAVIT**

City: San Juan

Commonwealth: Puerto Rico

I, Jose A. Concepcion (Hispanic, Puerto Rican, age 44 DOB 7/12/58, no prior EEO activity), State Police Officer, Special Arrests Division, Bayamon, Puerto Rico make the following statement freely and voluntarily to Frank Longoria, who has identified himself to me as a Contractor EEO Investigator for the following federal agency: U.S. Marshals Service (USMS), investigating a complaint of discrimination filed by Michael Orr, knowing that this statement may be used in evidence. I understand that this statement is not confidential and may be shown to the interested parties (those with a legal right to know). I hereby solemnly swear or affirm:

1.  I have been working for the Puerto Rico Police Department for 22 years. I was assigned to the U.S. Marshals Service to work with the Fugitive Task Force in June 1997. While I was in Fugitive Task Force my last supervisors were Rafael Escobar and Michael Orr. Mr. Escobar was my first-level supervisor and Mr. Orr was second-level supervisor. My assignment to the Fugitive Task Force was terminated in

November 2000.  Despite of my excellent records of arrests,

I was terminated for having associated with continental American

employees of the San Juan, Puerto Rico District, U.S. Marshals

Service.

2.  I recall that in March 2000, I do not recall the exact

date, U. S. Marshal Herman Wirshing and Acting Chief, Deputy

U.S. Marshal Juan Donato spoke at a staff meeting in the Miramar

Office of the Fugitive Task Force.  I recall that Acting Chief,

Deputy U.S. Marshal Juan Donato and U. S. Marshal Herman

Wirshing stated that there were going to be supervisory

positions available for Deputy, U.S. Marshals.  The U.S. Marshal

stated words to the effect that he was tired of continental

Americans coming over to Puerto Rico to take over supervisor

positions and leaving shortly after taking the positions.  I do

not recall whether the words "Gringo" or maricon  was used in

the meeting in question.  However, I have heard Acting Chief,

Deputy U.S. Marshal Juan Donato calling Deputy, U.S. Marshal

Christopher Barfield ""Gringo maricon."  I recall several

occasions in which Acting Chief, Deputy U.S. Marshal Juan Donato

called Deputy, U.S. Marshal Christopher Barfield "Gringo

maricon."  These incidents usually happened when Acting Chief,

Deputy U.S. Marshal Juan Donato was looking for Deputy, U.S.

Marshal Christopher Barfield.  I do not recall the exact dates of these incidents.  I told Deputy, U.S. Marshal Christopher Barfield that Acting Chief, Deputy U.S. Marshal Juan Donato was calling him "Gringo maricon."  Deputy, U.S. Marshal Christopher Barfield stated to me that he had asked Acting Chief, Deputy U.S. Marshal Juan Donato to refrain from calling him "Gringo maricon."

3.    In the afternoons, I used to run with Assistant Chief, Deputy, U.S. Marshal Michael Orr.  In one occasion, I do not recall the date, Acting Chief, Deputy U.S. Marshal Juan Donato asked me with sarcasm whether I was running with Assistant Chief, Deputy, U.S. Marshal Michael Orr.  I remember one occasion that Acting Chief, Deputy U.S. Marshal Juan Donato asked me in which side I was with.  I told Acting Chief, Deputy U.S. Marshal Juan Donato that I did not belong to any group or side, other than to my work.

4.    I do not have any other comments to add.

I have read this statement, consisting of _Y_ pages, and it is true, complete, and correct to the best of my knowledge and belief.

_____
                    **Signature**

_3/ /3/ 2001_
                    **Date**

Signed and sworn to before me
on this _21_ day of _March_ , 2001,
at _San Juan PR, USMS_.

_____
Neutral witness, notary, or investigator

Initials _TMc_

## PRIVACY ACT NOTICE TO EEO COMPLAINT INTERVIEW WITNESSES
## (OTHER THAN COMPLAINANT)
## FOR DISCRIMINATION COMPLAINT INVESTIGATION INTERVIEW

### GENERAL

This information is provided pursuant to Public Law 93-579 (Privacy Act of 1974), December 31, 1974, for individuals supplying information for inclusion in a system of records.

### AUTHORITY

The authority to collect the information requested by affidavit, statement or other type of testimony is derived from one or more of the following:

Title 5, Code of Federal Regulations, Sections 5.2 and 5.3; Title 29, Code of Federal Regulations, Section 1613/1614; Title 5, United States Code, Sections 1303 and 1304; Title 42, United States Code, Section 2000e-16; and Executive Order 11478, as amended.

### PURPOSES AND USES

The information you supply will be used along with data developed to resolve or otherwise determine the merits of the equal employment opportunity (EEO) complaint of discrimination and/or reprisal. This information may be furnished to designated officers and employees of agencies and departments of the Federal Government in order to resolve or otherwise determine the merits of the EEO complaint of discrimination and/or reprisal. The information may also be disclosed to any agency of the Federal Government having a working relationship with regard to Equal Employment Opportunity Commission activities, to the intelligence agencies of the Federal Government, or to others for uses as published in the Federal Register.

### EFFECTS OF NON-DISCLOSURE

Disclosure of the information sought is voluntary; however, failure to furnish the information will result in a direction by the head of the agency, or his/her designated representative, to produce or provide such information as is available. Failure to provide the information at that time may result in the initiation of disciplinary proceedings against you up to and including removal. Applicants in such cases may be refused employment.

Disclosure of information by present or prospective Government contractors is also voluntary, although failure to furnish the above requested information where the contract so provides may result in administrative sanctions, including disqualification to enter into a contract or termination of an existing contract.

_____
Signature of Interviewer

_____
Date        March 23, 2001

_____
Signature of Affiant

_____
Place        San Juan Puerto Rico

## AFFIDAVIT

City: San Juan

Commonwealth: Puerto Rico

I, Andres Jimenez (Hispanic, Venezuelan-American, age 30

DOB 03/31/1997, no prior EEO activity), Criminal

Investigator, Deputy US Marshal, GS-1811-11, Fugitive Task

Force, San Juan Puerto Rico District, US Marshals Service

make the following statement freely and voluntarily to

Frank Longoria, who has identified himself to me as a

Contractor EEO Investigator for the following federal

agency: U.S. Marshals Service (USMS), investigating a

complaint of discrimination filed by Michael Orr, knowing

that this statement may be used in evidence. I understand

that this statement is not confidential and may be shown to

the interested parties (those with a legal right to know).

I hereby solemnly swear or affirm:

1. have been in my present duty station for

approximately three years.  My first-level supervisor is

Rafael Escobar, Acting Supervisor, Deputy DUSM 1811,GS-12

(Acting GS-13) and my second-level supervisor is Francisco

Lopez, DUSM, GS-13 (Acting GS-14 (Acting Assistant Chief)

2. have known Assistant Chief, Deputy, U.S. Marshal

Michael Orr ever since he came to work in the Puerto Rico

District, about two years ago.

Page 1 of 7

language against any race or place of origin. My mother is
an American and my father is Venezuelan. I have witnessed
many incidents in which Juan Donato GS-13 (Acting GS-14)
Acting Chief and other USMS employees have referred to non
Puerto Ricans as "fucking Gringos" and "Gringo Maricones
(Faggots)." ACDUSM. Juan Donato has called us "Gringos" to
our faces on numerous occasions. We have asked ACDUSM.
Juan Donato and other USMS employees to refrain from
calling me and other non-Puerto Rican employees "Gringo,"
which

I consider to be a derogatory, racist word. Recently, I
tried to stay away from having personal interaction with
ACDUSM. Juan Donato.

4.      I would like to point out that local Puerto Rican
Police Officers who associated with non-Puerto Rican
employees in the USMS office put their positions on the
line. That was the case of Jose Concepción, a Puerto Rican
Police Officer, who was assigned to the Task Force. Police
Officer Jose Concepción lost his position because of his
association with non-Puerto Ricans employees of the USMS
office and because he would "stick up" for them. I have

Page 2 of 7

heard Concepcion tell other agents not to call the non Puerto Ricans "Gringos". I have also seen Police Officer Concepcion receive ridicule for befriending the non-Puerto Ricans. Police Officer Concepcion at one point informed me that ACDUSM. Juan Donato had heard that EEO would be conducting an investigation and ACDUSM. Juan Donato asked Concepcion "Who's team are you on?" Shortly after this comment was made, Jose Concepcion was removed from the Task Force.

5. I have been assigned to the Fugitive Task Force for approximately two years. I was placed there by CDUSM Estevan Soto. Deputy, U.S. Marshal Christopher Barfield was also supposed to be assigned to the Task Force in January 2000. However, By this time CDUSM Estevan Soto had left the district and ACDUSM. Juan Donato canceled Deputy, U.S. Marshal Christopher Barfield's assignment to the Task Force and instead sent Deputy, U.S. Marshal Manuel Varela, a local Puerto Rican DUSM. I was replacing the only non-Puerto Rican on the Task Force before the departure of Supervisory, Deputy, U.S. Marshal Robert Otto. I am currently the only non-Puerto Rican member assigned for the full year to the Task Force. I was informed that those "not on ACDUSM. Juan Donato's team" were going to be

removed.

I was also informed that Corrections Officer Rigoberto Vasquez, Police Officer Jose Concepcion and Police Officer Raquel Bermudez were considered to be on "Michael Orr's side". Soon after, I was called into ACDUSM Juan Donato's Office and was told that he was removing me from the Task Force before my scheduled time, despite the fact that I held the best arrest record on the Task Force, was the Case Agent for USMS Top 15 Most Wanted; as the case agent, I had recently arrested a Puerto Rico Top 10 Most Wanted, Edwin Cruz "Papo", and had missed work only one time in two years due to illness. I was being replaced by a Puerto Rican Deputy, Daniel Cruz who had not worked court in approximately 3 years. Although Deputy, U.S. Marshal Daniel Cruz did come to the Task Force, I fought ACDUSM. Juan Donato attempt to remove me and was able to temporarily remain on the Task Force pending removal. Police Officer Joase Concepcion and Corrections Officer Rigoberto Vazquez were removed permanently and Police Officer Raquel Bermudez was denied a USMS DEO position because ACDUSM. Juan Donato ordered her background to be "held up." Deputy, U.S. Marshal Christopher Barfield was recently assigned to the Task Force. He was given six months to work here. I do not know the exact date when he

was assigned.  To my knowledge, all the Puerto Rican

Deputy, U.S. Marshals, with the exception of Alexis

Camacho, that I have seen rotate are rotated for a minimum

of one year, some have over 4 years on the Task Force.

However, that was not the case of Deputy, U.S. Marshal

Christopher Barfield, who was rotated for only three months

before his present assignment.  Deputy, U.S. Marshal

Christopher Barfield was assigned to transport prisoners to

the court for hearings.  As his collateral duties he 1)

analyzes threats to the judges and other court officers 2)

Was the Motor Vehicle Officer 3) Training Officer and is 4)

currently the assistant property custodian.  Many Deputy,

U.S. Marshals do not have any collateral assignments.

Deputy, U.S. Marshal Christopher Barfield has always been

assigned at least 2 collateral duties (which are performed

on your own time, outside of regular court duty)

    6. In my opinion, Deputy, U.S. Marshal Christopher

Barfield has always made it clear that he wished to work on

the Task Force.

    7. I was present at a staff meeting sometime last year,

when U.S. Marshal Wirshing told the staff in Spanish that

he was tired of non-Puerto Ricans coming into Puerto Rico

and taking over the supervisory positions.  The Marshal

added that he was going to work the system to ensure that

non-Puerto Ricans were going to be kept out of supervisory positions. To my knowledge former Assistant Chief, Deputy, U.S. Marshal Michael Orr, whose grade was GS-14, applied for the position of Chief DUSM GS-15 while he was in Puerto Rico. However, the position announcement was canceled and the Marshal gave the position to GS-13 Juan Donato; I believe that the US Marshal was responsible for canceling the announcement for the position. As far as I know, the US Marshal has discretion to cancel any announcement for the positions assigned to his office. Assistant Chief Michael Orr, who was a GS-14, ended up working under the supervision ACDUSM Juan Donato GS-13.

8. After the Marshal's meeting, I began hearing more blatantly open comments against non-Puerto Ricans such as "these Gringos just don't understand how we do things in Puerto Rico". I was told by a Puerto Rican Deputy that I should "stay away" from Michael Orr because Gringo Chiefs come and go but Juan Donato was here to stay. I would like to add that before Assistant Chief, USM Michael Wayne Orr left the district for an assignment in the continental United States, Acting Chief Juan Donato called me and gave me what I perceived as a warning. ACDUSM Michael Orr had filed a complaint against the district for discrimination. It was believed that he now wished to leave the island but

that he now wished to leave the island but that his case

would be heard. Mr. Donato told me that what if

"Hypothetically" there were two teams. The leader of the

first team only wanted to leave. If he got what he wanted,

to leave, did I not think that the leaders of the opposite

team would not remember who was "on the other team?"

    9. do not have any other comments to add.


I have read this statement, consisting of ⊥ pages, and it

is true, complete, and correct to the best of my knowledge

and belief.

**Signature**

3-21-01

**Date**

Signed and sworn to before me

on this 21 day of _March_ , 2001,

at _San Juan_ _____

## PRIVACY ACT NOTICE TO EEO COMPLAINT INTERVIEW WITNESSES (OTHER THAN COMPLAINANT) FOR DISCRIMINATION COMPLAINT INVESTIGATION INTERVIEW

### GENERAL

This information is provided pursuant to Public Law 93-579 (Privacy Act of 1974), December 31, 1974, for individuals supplying information for inclusion in a system of records.

### AUTHORITY

The authority to collect the information requested by affidavit, statement or other type of testimony is derived from one or more of the following:

Title 5, Code of Federal Regulations, Sections 5.2 and 5.3; Title 29, Code of Federal Regulations, Section 1613/1614; Title 5, United States Code, Sections 1303 and 1304; Title 42, United States Code, Section 2000e-16; and Executive Order 11478, as amended.

### PURPOSES AND USES

The information you supply will be used along with data developed to resolve or otherwise determine the merits of the equal employment opportunity (EEO) complaint of discrimination and/or reprisal. This information may be furnished to designated officers and employees of agencies and departments of the Federal Government in order to resolve or otherwise determine the merits of the EEO complaint of discrimination and/or reprisal. The information may also be disclosed to any agency of the Federal Government having a working relationship with regard to Equal Employment Opportunity Commission activities, to the intelligence agencies of the Federal Government, or to others for uses as published in the Federal Register.

### EFFECTS OF NON-DISCLOSURE

Disclosure of the information sought is voluntary; however, failure to furnish the information will result in a direction by the head of the agency, or his/her designated representative, to produce or provide such information as is available. Failure to provide the information at that time may result in the initiation of disciplinary proceedings against you up to and including removal. Applicants in such cases may be refused employment.

Disclosure of information by present or prospective Government contractors is also voluntary, although failure to furnish the above requested information where the contract so provides may result in administrative sanctions, including disqualification to enter into a contract or termination of an existing contract.


_____
Signature of Interviewer

_____
Signature of Affiant

3/31/0 )
Date

Jan Juan Puntt Rica
Place

EXHIBIT 20

## **AFFIDAVIT**

City: Miami

State: Florida

I, Robert Sanchez (Hispanic, Puerto Rican descent born in the

U.S.A, age 45 DOB 10/23/55, prior EEO activity), Inspector,

Witnesses Security Division, GS-1811-12, assigned to the Miami

Metro Office, U.S. Marshals Service make the following statement

freely and voluntarily to Frank Longoria, who has identified

himself to me as a Contractor EEO Investigator for the following

federal agency: U.S. Marshals Service (USMS), investigating a

complaint of discrimination filed by Michael Orr, knowing that

this statement may be used in evidence.

I understand that this statement is not confidential and may be

shown to the interested parties (those with a legal right to

know). I hereby solemnly swear or affirm:

1.    I have been in my present position since January 08,

2001. I was assigned to the San Juan, Puerto Rico District as

Deputy, U.S. Marshal since approximately 1998. My first-level

supervisor was Acting Supervisory, Rafael Escobar, and my second-

level supervisor Acting Assistant Chief Francisco Lopez.  My

current first-level supervisor is Supervisory, Inspector Almicar

Fernandez, and my second-level supervisor is Chief Inspector

Initials

Harry Barwise.  I have been employed by the U.S. Marshals Service for approximately 16 years and I have participated in many promotion packages.

2.   I met Deputy, Assistant Chief, Deputy U.S. Marshal Michael Orr when he was transferred to the San Juan, Puerto Rico District, I do not recall the date, it could have been in 1999. Assistant Chief, Deputy U.S. Marshal Michael Orr was my second-level supervisor before he was detailed to the Virgin Islands in October 1999.

3.   I firmly believe that the Merit Promotion Announcement for the position Chief, Deputy, U.S. Marshal, GS-1811-15, was canceled because the local management of the San Juan, Puerto Rico District did not want continental-American, or as they would say "Gringos" in supervisory positions.  I was present at the Fugitive Task Force meeting, I do not recall the date of the meeting; I believe it was in March 2000, that Acting Chief, Deputy U.S. Marshal Juan Donato addressed the Task Force.  I recall that he said words to the effect that we are expecting some opening for supervisory positions and we are trying to get around the merit promotion system in order to promote our own people.  I took it that Acting Chief, Deputy U.S. Marshal Juan Donato meant that he wanted to promote only local Puerto Rican

Initials

employees.  U.S. Marshal Herman Wirshing added what Acting Chief, Deputy U. S. Marshal Juan Donato was trying to say is that we are sick and tired of "Gringos" coming here, getting promoted, and then leaving with their inflated ego.  U.S. Marshal Herman Wirshing and Acting Chief, Deputy U. S. Marshal Juan Donato made those statements right around at the time that the Merit Promotion Announcement was cancelled.  It was no doubt in mind that the statements were aimed at Assistant Chief, Deputy U.S. Marshal Michael Orr.  I took offense to their comments because I am an American as much as anyone else.

4.    Temporary promotion of Acting Chief, Deputy U. S. Marshal Juan Donato.  The position of Chief, Deputy, U.S. Marshal GS-15 was filled by a GS-13, Acting Chief, Deputy U. S. Marshal Juan Donato, a local Puerto Rican, as opposed to filling it with a GS-14, Assistant Chief, Deputy U.S. Marshal Michael Orr, a continental Americans.  What happened was that a lower grade employee was supervising a higher-grade employee, Assistant Chief, Deputy U.S. Marshal Michael Orr.

5.    The San Juan, Puerto Rico District management did not consider me one of them. In general, there is an anti-American sentiment in the San Juan, Puerto Rico District manifested by lock of promotional opportunities for non-Puerto Rican employees.

Initials /Ull

Management directs its racism and parochialism at employees who are not native Puerto Ricans.  U.S. Marshal Herman Wirshing and his top managers do not do not accept outsiders.  While I was in Puerto Rico I was never given an opportunity to act in a Supervisory position even though I had more experience than Rafael Escobar, Cesar Torres, and ~~Ramon~~ *Pedro* Velez, who are all native Puerto Ricans, and thus they were given opportunities to act in supervisory positions.

8.    I do not have any other comments to add.

I have read this statement, consisting of __ pages, and it is true, complete, and correct to the best of my knowledge and belief.

_____
                **Signature**    3-31-01

_____
                **Date**

Signed and sworn to before me
on this *6* day of *April* , 2001,
at *Arlington, TX* .

Neutral witness, notary, or Investigator

## PRIVACY ACT NOTICE TO EEO COMPLAINT INTERVIEW WITNESSES
## (OTHER THAN COMPLAINANT)
## FOR DISCRIMINATION COMPLAINT INVESTIGATION INTERVIEW

### GENERAL

This information is provided pursuant to Public Law 93-579 (Privacy Act of 1974), December 31, 1974, for individuals supplying information for inclusion in a system of records.

### AUTHORITY

The authority to collect the information requested by affidavit, statement or other type of testimony is derived from one or more of the following:

Title 5, Code of Federal Regulations, Sections 5.2 and 5.3; Title 29, Code of Federal Regulations, Section 1613/1614; Title 5, United States Code, Sections 1303 and 1304; Title 42, United States Code, Section 20OOe-16; and Executive Order 11478, as amended.

### PURPOSES AND USES

The information you supply will be used along with data developed to resolve or otherwise determine the merits of the equal employment opportunity (EEO) complaint of discrimination and/or reprisal. This information may be furnished to designated officers and employees of agencies and departments of the Federal Government in order to resolve or otherwise determine the merits of the EEO complaint of discrimination and/or reprisal. The information may also be disclosed to any agency of the Federal Government having a working relationship with regard to EEO Commission activities, to the Intelligence agencies of the Federal Government, or to others for uses as published in the Federal Register.

### EFFECTS OF NON-DISCL05URE

Disclosure of the information sought is voluntary; however, failure to furnish the information will result in a direction by the head of the agency, or his/her designated representative, to produce or provide such information as is available. Failure to provide the information at that time may result in the initiation of disciplinary proceedings against you up to and including removal. Applicants in such cases may be refused employment.

Disclosure of information by present or prospective Government contractors is also voluntary, although failure to furnish the above requested information where the contract so provides may result in administrative sanctions, including disqualification to enter into a contract or termination of an existing contract.

(Signature of Interviewer)

Date: _April 02, 2001_

(Signature of Witness)

Date: _3-31·01_

current first-level supervisor is Supervisory Deputy
U.S. Marshal Frank Chiumemto, and my second-level
supervisor is Chief Deputy U.S. Marshal Les Moe.
2.     I knew Assistant Chief Deputy U.S. Marshal Michael
Orr when he came to the San Juan, Puerto Rico District
sometime in 1999.  At one point, I was supervised by
Assistant Chief Deputy U.S. Marshal Michael Orr.
supervision.
3.     I consider the term "gringo" offensive because it
casts the person who is being called "gringo" as an
outsider.  I said too many times to many people inside
and outside of the office, that "gringo" is not a term
of endearment to me; that I actually considered it a
racial slur.  Even though I worked for the Federal
Government in a federal building, I was still called a
"gringo" and I definitely believe this was done,
whether consciously or sub-consciously, to remind me
that I was in fact an outsider.  The fact I am actually
a Hispanic American did not matter, what apparently
mattered was I wasn't born there and I didn't speak the
language.
4.     I recall an early year 2000 (probably in February
or March) one on one meeting with U.S. Marshal Herman
Wirshing in which I asked him if he would allow me to
transfer out of Puerto Rico once the then current
lateral movement freeze was lifted.  He responded by
saying he couldn't help me immediately because there
wasn't anything he could do about the freeze BUT he
would allow me to leave once the freeze was lifted.
Relying on his very definitive statement, I started the
process of looking for a district to transfer to once
the freeze was lifted.  I determined there was a
shortage in Gainesville, Florida and accordingly
prepared a transfer request.  As soon as the freeze was
lifted in April 2000, I submitted a transfer request to
the Northern District of Florida in the hope of being
selected for the Gainesville office.  Immediately
afterwards (around mid-April), I had another one on one
meeting with U.S. Marshal Herman Wirshing in which I
officially informed him that I had submitted a transfer
request to the Northern District of Florida.  At this
point, to my utter surprise and dismay, he looked me
straight in the eyes and told me he never told me he
would let me go and that he would not let me go unless
he received a replacement for me.  I tried to ask him
why he had changed his mind but he wouldn't acknowledge
he changed his mind, he simply stated he never told me
he would let me go.  As I tried to communicate with him
in an attempt to figure out what went wrong and what
prompted him to take this position with me, a weird
segue occurred.  U.S. Marshal Herman Wirshing abruptly
segued and started talking about Assistant Chief Deputy
U.S. Marshal Michael Orr; he, in an angry manner,
started talking about how this "fucker" Orr filed a

complaint against him. I did not have any prior knowledge about any complaint and I thought it weird and improper for U.S. Marshal Herman Wirshing to bring it up to me during a conversation regarding my transfer. I was finally allowed to leave, without a replacement, on June 30, 2000 BUT this was after an almost two month period in which I was stressed out believing I wasn't going to be allowed to leave. During this two month period, I was an emotional and mental mess. I found it very difficult to concentrate at work and I found myself being angry all the time. This period was without a doubt the most stressful period of my adult life. I felt betrayed by U.S. Marshal Herman Wirshing and believed I was going to have to spend more years in Puerto Rico. At this point, staying in Puerto Rico wasn't an option and I started seriously thinking of going back to the U.S. Army or going to another federal law enforcement agency. Once the decision was made to let me go, I felt further betrayed when U.S. Marshal Herman Wirshing didn't allow me the traditional administrative leave and forced me to take a few days of annual leave to coordinate my move to the United States. I felt then and I strongly feel now that U.S. Marshal Herman Wirshing put me through this ordeal in an effort to retaliate indirectly against Assistant Chief Deputy U.S. Marshal Michael Orr. I further believe he lumped all of us Continental Americans together as a group and retaliated against me in an attempt to show his displeasure and anger towards Orr as an individual and towards the "continentals" as a group. It is hard to sufficiently put into words the stress and anguish I and my family suffered at this time, but suffice it to say it did negatively affect my mental well being. In fact, I considered submitting an EEO complaint against U.S. Marshal Wirshing in April 2000 but I decided not to because I was afraid of reprisals and because I felt the EEO complaint process was too lengthy and it would simply prolong my time in Puerto Rico. I felt, if necessary, I could actually transition back to the military or transfer to another agency in a shorter period of time. Accordingly, I want to make it clear that I am providing this testimony as a witness but that I also consider myself a victim.

5.    As I testified in my affidavit provided on behalf of Deputy U.S. Marshal Christopher Barfield, I heard Acting Chief, Deputy U.S. Marshal Juan Donato on numerous occasions call us continental Americans "gringos." I should add that Acting Chief Deputy U.S. Marshal Juan Donato used profanity a lot. I recalled one specific time, I do not remember the date, that Acting Chief Deputy U.S. Marshal Juan Donato called me "maricon" to my face; I promptly confronted him and told him not to ever call me "maricon" again. I

believe that I made my point clear because after that, Acting Chief Deputy U.S. Marshal Juan Donato never called me "maricon"again.  I recall another occasion, I do not recall the date, when Deputy, U.S. Marshal Christopher Barfield and I were in Acting Chief Deputy U.S. Marshal Juan Donato's office and he called Deputy U.S. Marshal Christopher Barfield "maricon" and Deputy U.S. Marshal Christopher Barfield said to Acting Chief Deputy U.S. Marshal Juan Donato not to call him "maricon."  I recall that Acting Chief Deputy U.S. Marshal Juan Donato then replied to Deputy U.S. Marshal Christopher Barfield something to the effect that he could call him "maricon" if he wanted to.

6.  I feel Deputy U.S. Marshal Christopher Barfield and I were treated as outsiders simply because we were both continental Americans.  Thus, I believe we were treated differently and discriminated against simply because of our national origin. With the exception of my last two months in Puerto Rico, I was able to cope with the hostile work environment in my office.  I, however, do not believe the other continental Americans ever learned how to cope with the hostile environment and that it did in fact negatively affect their work performance and mental well being.

7.  I believe the management of the San Juan, Puerto Rico District discriminated against Assistant Chief Deputy U.S. Marshal Michael Orr because he is a continental American and because he filed an EEO complaint.

8.  I do not have any other comments to add.

I have read this statement, consisting of four pages, and it is true, complete, and correct to the best of my knowledge and belief.

**Signature**

**Date** 4/19/01

Signed and sworn to before me
on this ___ day of _____, 2001,
at _____.


Neutral witness, notary, or Investigator

# *PRIVACY ACT NOTICE TO EEO COMPLAINT INTERVIEW WITNESSES*
# *(OTHER THAN COMPLAINANT)*
# *FOR DISCRIMINATION COMPLAINT INVESTIGATION INTERVIEW*

## GENERAL

This information is provided pursuant to Public Law 93-579 (Privacy Act of 1974), December 31, 1974, for individuals supplying information for inclusion in a system of records.

## AUTHORITY

The authority to collect the information requested by affidavit, statement or other type of testimony is derived from one or more of the following:

Title 5, Code of Federal Regulations, Sections 5.2 and 5.3; Title 29, Code of Federal Regulations, Section 1613/1614; Title 5, United States Code, Sections 1303 and 1304; Title 42, United States Code, Section 2000e-16; and Executive Order 11478, as amended.

## PURPOSES AND USES

The information you supply will be used along with data developed to resolve or otherwise determine the merits of the equal employment opportunity (EEO) complaint of discrimination and/or reprisal. This information may be furnished to designated officers and employees of agencies and departments of the Federal Government in order to resolve or otherwise determine the merits of the EEO complaint of discrimination and/or reprisal. The information may also be disclosed to any agency of the Federal Government having a working relationship with regard to Equal Employment Opportunity Commission activities, to the intelligence agencies of the Federal Government, or to others for uses as published in the Federal Register.

## EFFECTS OF NON-DISCLOSURE

Disclosure of the information sought is voluntary; however, failure to furnish the information will result in a direction by the head of the agency, or his/her designated representative, to produce or provide such information as is available. Failure to provide the information at that time may result in the initiation of disciplinary proceedings against you up to and including removal.  Applicants in such cases may be refused employment.

Disclosure of information by present or prospective Government contractors is also voluntary, although failure to furnish the above requested information where the contract so provides may result in administrative sanctions, including disqualification to enter into a contract or termination of an existing contract.

_____
Signature of Interviewer

___4 / 23 / 01_____
Date

_____
Signature of Affiant

Gainesville, Florida   4/19/01
Place

**EXHIBIT 24a**



**U.S. Department of Justice**

United States Marshals Service

_____    7260

_Director_                               *600 Army Navy Drive*
                                         *Arlington, VA 22202-4210*

                                         October 18, 1999

MEMORANDUM TO:    All U.S. Marshals and Suboffices
                  All Headquarters Divisions and General Counsel

         FROM:    George R. Havens
                  Acting Director

      SUBJECT:    Merit Promotion Opportunity

---

**POSITION TITLE:**    CDUSM

**SERIES & GRADE:**    GS-1811-15

**ANNOUNCEMENT NO:**    99-078    **LOCATION:** D/Puerto Rico

---

OCT 2 0 1999

**OPENING DATE:**                **CLOSING DATE:**    NOV 1 0 1999

---

## NOTICE: VACANCIES ARE NOW BEING FILLED USING THE 1998-99 MERIT PROMOTION OPEN SEASON APPLICATIONS AND THE 1998 MERIT PROMOTION EXAM SCORES.

To be eligible to apply, candidates must have taken the 1998 Merit Promotion Examination, submitted a USM-280 (rev. 11/98) during the 1998-99 open season, and have served at least 1 year in an operational (U.S. Marshals Service Law Enforcement) position at the next lower grade than the position desired (e.g. for a GS-13 position, applicants must have 1 year at the GS-12 level).

MPA # 99-078                              PAGE 2

FOR COMPETITIVE CANDIDATES:

Selective Factor: Any selectee for this MPA must be a current participant in the FIT program.

In order to apply, applicants must submit the following:

1. A USM-91 "Request for Consideration for Merit Promotion Opportunities".

2. A copy of the most recent annual performance rating (USM-540).

3. A completed copy of a "Fitness Assessment Summary" form dated within the last 6 months.

4. A resume and optional cover letter from Section VI of the 11/98 version of the USM-280.

**All four of these documents must be completed and submitted for each MPA for which consideration is desired. For example, to apply for the vacancy listed on this announcement, you must submit all documents listed in numbers 1 - 4. If you apply for another vacancy announced next month, you will need to submit a second, separate package of all the documents listed in numbers 1 - 4 above.**

This information should be sent to: **U.S. Marshals Service, 600 Army Navy Drive, Suite 820, Arlington, VA 22202, ATTN: Janeen Tyson.** Applications must be postmarked by the closing date of the announcement.

Candidates certified for GS-13 and GS-15 positions are further evaluated by a structured interview. Candidates certified for GS-14 positions are further evaluated by an assessment center.

Requests for consideration will be accepted from applicants who have not yet met the time in grade requirement for length of experience, provided that the applicants will fully meet the requirements by the time the action is effected (30 days after the closing date).

Evaluation Methods: Candidates will be evaluated on experience, education, training, awards, and Merit Promotion Exam.

**OPPORTUNITIES FOR REASSIGNMENT ARE NO LONGER ANNOUNCED PRIOR TO THE COMPETITIVE ANNOUNCEMENT. CANDIDATES FOR REASSIGNMENT MAY APPLY AT THE SAME TIME AS COMPETITIVE APPLICANTS, AND WILL BE CONSIDERED FOR REASSIGNMENT.**

MPA # 99-078                    PAGE 3

**FOR REASSIGNMENT CANDIDATES:**

Any GS-1811 employee who is currently at the grade level of the vacancy announced may apply as a lateral reassignment. Requests for reassignment must be mailed to Janeen Tyson, 600 Army Navy Drive, Arlington, VA 22202, or sent by FAX to (703) 603-0392. Reassignment requests **MUST BE RECEIVED** by the closing date.

Reassignment candidates are required to complete a resume from Section VI of the updated USM-280 (rev. 11/98) and updated USM-281 (rev. 11/98).

Candidates selected for reassignment by this method will be eligible for the same relocation expenses as those who are selected through competitive methods for the same grade level.

Additionally, candidates already at the grade level of the vacancy announcement may also apply competitively. To be eligible, these candidates must have a 1998 Merit Promotion Exam score, a USM-280 (rev. 11/98) submitted during the open season time frame, and must also submit all four documents listed on page 2.

**IMPORTANT NOTICE:** This memorandum must be reviewed by all eligible employees. Employees who are eligible, and are absent from their official duty stations, **MUST** be contacted and advised of the contents of this memorandum.

**THIS POSITION IS SUBJECT TO RANDOM DRUG TESTING BY URINALYSIS.**

The Marshals Service is an Equal Opportunity Employer.

Standard Form 52
Rev. 8/88
U.S. Office of Personnel Management
FPM Chapter 296

**REQUEST FOR PERSONNEL ACTION**

EXHIBIT 24d

**PART A - Requesting Office** *(Also complete Part B, Items 1, 7-22, 32, 33, 36 and 39.)*

1. Actions Requested

Recruit

| 2. Request Number |
|---|
| 69-99-015 |

| 4. Proposed Effective Date |
|---|

3. For Additional Information Call *(Name and Telephone Number)*

José I. García-Huertas, Administrative Officer    (787) 766-6000

| 5. Action Requested By *(Typed Name, Title, Signature, and Request Date)* | 6. Action Authorized By *(Typed Name, Title, Signature, and Concurrence Date)* |
|---|---|
| José I. García-Huertas<br>Administrative Officer<br>21 Sept 99 | Herman J. Wirshing<br>U.S. Marshal |

**PART B - For Preparation of SF-50** *(Use only codes in FPM Supplement 292-1. Show all dates in month-day-year order.)*

| 1. Name *(Last, First, Middle)* | 2. Social Security Number | 3. Date of Birth | 4. Effective Date |
|---|---|---|---|

**First Action**

| 5-A. Code | 5-B. Nature of Action |
|---|---|
| 5-C. Code | 5-D. Legal Authority |
| 5-E. Code | 5-F. Legal Authority |

**Second Action**

| 6-A. Code | 6-B. Nature of Action |
|---|---|
| 6-C. Code | 6-D. Legal Authority |
| 6-E. Code | 6-F. Legal Authority |

7. FROM: Position Title and Number

15. TO: Position Title and Number

Supervisory Criminal Investigation
T0017071 T0017X (Chief Deputy US Marshal)

| 8. Pay Plan | 9. Occ. Code | 10. Grade/Level | 11. Step/Rate | 12. Salary | 13. Pay Basis | 16. Pay Plan | 17. Occ. Code | 18. Grade/Level | 19. Step/Rate | 20. Salary/Award | 21. Pay Basis |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | GS | 1811 | 15 | | | PA |

14. Name and Location of Position's Organization

22. Name and Location of Position's Organization

U.S. Marshals Service
District of Puerto Rico
200 Federal Building
150 Chardón Avenue
Hato Rey, Puerto Rico  00918

**Employee Data**

| 23. Veteran Preference | | 24. Tenure | 25. Agency Use | 26. Veterans Preference for RIF |
|---|---|---|---|---|
| 1 - None    3 -10-Point/Disability    6 -10-Point/Other<br>2 - 5-Point    4 -10-Point/Compensable    8 -10-Point/Compensable/30% | | 0 - None    2 - Conditional<br>1 - Permanent    3 - Indefinite | | YES    NO |

| 27. FEGLI | 28. Annuitant Indicator | 29. Pay Rate Determinant |
|---|---|---|

| 30. Retirement Plan | 31. Service Comp. Date (Leave) | 32. Work Schedule | 33. Part-Time Hours Per |
|---|---|---|---|
| | | F - Full-time    G - FT Seasonal    I - Intermittent    J - INT Seasonal<br>P - Part-Time    Q - PT Seasonal    H - FT On-Call    R - PT On-Call<br>N - Nonexempt | Biweekly Pay Period |

**Position Data**

| 34. Position Occupied | 35. FLSA Category | 36. Appropriation Code | 37. Bargaining Unit Status |
|---|---|---|---|
| 1 - Competitive Service    3 - SES General<br>2 - Excepted Service    4 - SES Career Reserved | E - Exempt<br>N - Nonexempt | | |

| 38. Duty Station Code | 39. Duty Station *(City - County - State or Overseas Location)* |
|---|---|

| 40. Agency Data | 41. | 42. | 43. | 44. |
|---|---|---|---|---|

| 45. Educational Level | 46. Year Degree Attained | 47. Academic Discipline | 48. Functional Class | 49. Citizenship | 50. Vietnam Era Vet | 51. Supervisory Status |
|---|---|---|---|---|---|---|
| | | | | 1-USA  8-Other | V-Yes  N-No | |

**PART C - Reviews and Approvals** *(Not to be used by requesting office.)*

| 1. Office/Function | Initials/Signature | Date | Office/Function | Initials/Signature | Date |
|---|---|---|---|---|---|
| A. | | | D. | | |
| | | | E. | | |
| C. | | | F. | | |

2. Approval: I certify that the information entered on this form is accurate and that the proposed action is in compliance with statutory and regulatory requirements.

Signature

Approval Date

**CONTINUED ON REVERSE SIDE**

52-117

Editions Prior To 4/87 Are Unusable After 9/30/86
NSN 7540-01-249-3980

**PART D - Remarks by Requesting Office**

(Note to Supervisors:  Do you know of additional or conflicting reasons for the employee's resignation/retirement?     ☐ YES     ☐ NO

If "YES", please state these facts on a separate sheet and attach to SF 52.)

**PART E - Employee Resignation/Retirement**

**Privacy Act Statement**

You are requested to furnish a specific reason for your resignation or retirement and a forwarding address.  Your reason may be considered in any future decision regarding your re-employment in the Federal service and may also be used to determine your eligibility for unemployment compensation benefits.  Your forwarding address will be used primarily to mail you copies of any documents you should have or any pay or compensation to which you are entitled.

This information is requested under authority of sections 301, 3301, and 8506 of title 5, U.S. Code.  Sections 301 and 3301 authorize OPM and agencies to issue

regulations with regard to employment of individuals in the Federal service and their records, while section 8506 requires agencies to furnish the specific reason for termination of Federal service to the Secretary of Labor or a State agency in connection with administration of unemployment compensation programs.

The furnishing of this information is voluntary; however, failure to provide it may result in your not receiving: (1) your copies of those documents you should have; (2) pay or other compensation due you; and (3) any unemployment compensation benefits to which you may be entitled.

1. Reasons for Resignation/Retirement (NOTE:  Your reasons are used in determining possible unemployment benefits.  Please be specific and avoid generalizations.  Your resignation/retirement is effective at the end of the day - midnight - unless you specify otherwise.)

| 2. Effective Date | 3. Your Signature | 4. Date Signed | 5. Forwarding Address (Number, Street, City, State, ZIP Code) |
|---|---|---|---|
|  |  |  |  |

**PART F - Remarks for SF 50**

Standard Form 52
Rev. 8/88
U.S. Office of Personnel Management
FPM Chapter 296

SEP 24 1999

## REQUEST FOR PERSONNEL ACTION

**PART A - Requesting Office** *(Also complete Part B, Items 1, 7-22, 32, 33, 36 and 39.)*

| 1. Actions Requested | |
|---|---|
| Recruit - VICE : Soto | 2. Request Number: 69-99-015 |
| | 4. Proposed Effective Date |

Additional Information Call *(Name and Telephone Number)*
José I. García-Huertas, Administrative Officer   (787) 766-6000

5. Action Requested By *(Typed Name, Title, Signature, and Request Date)*
José I. García-Huertas
Administrative Officer
21 Sept 99

6. Action Authorized By *(Typed Name, Title, Signature, and Concurrence Date)*
Herman J. Wirshing
U.S. Marshal

**PART B - For Preparation of SF-50** *(Use only codes in FPM Supplement 292-1. Show all dates in month-day-year order.)*

| 1. Name (Last, First, Middle) | 2. Social Security Number | 3. Date of Birth | 4. Effective Date |
|---|---|---|---|

### First Action

| 5-A. Code | 5-B. Nature of Action |
|---|---|
| 5-C. Code | 5-D. Legal Authority |
| 5-E. Code | 5-F. Legal Authority |

### Second Action

| 6-A. Code | 6-B. Nature of Action |
|---|---|
| 6-C. Code | 6-D. Legal Authority |
| 6-E. Code | 6-F. Legal Authority |

T0017

| 7. FROM: Position Title and Number | 15. TO: Position Title and Number |
|---|---|
| | Supervisory Criminal Investigation T0017071 T0017X (Chief Deputy US Marshal) |

| 8. Pay Plan | 9. Occ. Code | 10. Grade/Level | 11. Step/Rate | 12. Salary | 13. Pay Basis | 16. Pay Plan | 17. Occ. Code | 18. Grade/Level | 19. Step/Rate | 20. Salary/Award | 21. Pay Basis |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | GS | 1811 | 15 | | | PA |

| 14. Name and Location of Position's Organization | 22. Name and Location of Position's Organization |
|---|---|
| | U.S. Marshals Service
District of Puerto Rico
200 Federal Building
150 Chardón Avenue
Hato Rey, Puerto Rico  00918
MS 0171 0010 |

### Employee Data

| 23. Veteran Preference | | 24. Tenure | 25. Agency Use | 26. Veterans Preference for RIF |
|---|---|---|---|---|
| 1 - None   3 - 10-Point/Disability   5 - 10-Point/Other
2 - 5-Point   4 - 10-Point/Compensable   6 - 10-Point/Compensable/30% | | 0 - None   2 - Conditional
1 - Permanent   3 - Indefinite | | YES   NO |
| 27. FEGLI | | 28. Annuitant Indicator | | 29. Pay Rate Determinant |
| 30. Retirement Plan | 31. Service Comp. Date (Leave) | 32. Work Schedule | 33. Part-Time Hours Per |
| | | F - Full-time   I - Intermittent   J - INT Seasonal
P - Part-Time   G - FT Seasonal   H - FT On-Call
Q - PT Seasonal   R - PT On-Call | Biweekly Pay Period |

### Position Data

| 34. Position Occupied | 35. FLSA Category | 36. Appropriation Code | 37. Bargaining Unit Status |
|---|---|---|---|
| 1 - Competitive Service   3 - SES General
2 - Excepted Service   4 - SES Career Reserved | E - Exempt
N - Nonexempt   E | | |
| 38. Duty Station Code
RQ-0930-000 | 39. Duty Station (City - County - State or Overseas Location)
San Juan   PR | | |

| 40. Agency Data | 41. | 42. | 43. | 44. |
|---|---|---|---|---|

| 45. Educational Level | 46. Year Degree Attained | 47. Academic Discipline | 48. Functional Class | 49 Citizenship | 50. Vietnam Era Vet | 51. Supervisory Status |
|---|---|---|---|---|---|---|
| | | | | 1-USA  8-Other | V-Yes  N-No | |

**PART C - Reviews and Approvals** *(Not to be used by requesting office.)*

| A. Office/Function | Initials/Signature | Date | D. Office/Function | Initials/Signature | Date |
|---|---|---|---|---|---|
| Class | | 10/7/99 | D. | | |
| B. | | | E. | | |
| C. | | | F. | | |

52. Approval: I certify that the information entered on this form is accurate and that the proposed action is in compliance with statutory and regulatory requirements.

Signature: Mary S. Cassady        Approval Date: 10/5/99

CONTINUED ON REVERSE SIDE        52-117        Editions Prior to 4/87 Are Unusable After 9/30/88
NSN 7540-01-249-3980

Standard Form 52
Rev. 8/88
U.S. Office of Personnel Management
FPM Chapter 296

**REQUEST FOR PERSONNEL ACTION**

EXHIBIT 25a

## PART A - Requesting Office *(Also complete Part B, Items 1, 7-22, 32, 33, 36 and 39.)*

| | |
|---|---|
| ctions Requested | 2. Request Number |
| Temporary Promotion    NTE 120 days | 69-99-016 |
| er Additional Information Call *(Name and Telephone Number)* | 4. Proposed Effective Date |
| José I. García, Administrative Officer (787) 766-6000 X104 | 1 OCT 99 |

5. Action Requested By *(Typed Name, Title, Signature, and Request Date)*

Esteban Soto III        9-28-99
Chief Deputy US Marshal

6. Action Authorized By *(Typed Name, Title, Signature, and Concurrence Date)*

Herman J. Wirshing
U.S. Marshal

## PART B - For Preparation of SF 50 *(Use only codes in FPM Supplement 292-1. Show all dates in month-day-year order.)*

| 1. Name *(Last, First, Middle)* | 2. Social Security Number | 3. Date of Birth | 4. Effective Date |
|---|---|---|---|
| Donato, Juan J. | | 02/01/54 | |

**First Action** | **Second Action**

| 5-A. Code | 5-B. Nature of Action | 6-A. Code | 6-B. Nature of Action |
|---|---|---|---|
| 5-C. Code | 5-D. Legal Authority | 6-C. Code | 6-D. Legal Authority |
| 5-E. Code | 5-F. Legal Authority | 6-E. Code | 6-F. Legal Authority |

| 7. FROM: Position Title and Number | 15. TO: Position Title and Number |
|---|---|
| Supervisory Deputy US Marshal | Supervisory DUSM (Asst. Chief) |

| 8. Pay Plan | 9. Occ. Code | 10. Grade/Level | 11. Step/Rate | 12. Salary | 13. Pay Basis | 16. Pay Plan | 17. Occ. Code | 18. Grade/Level | 19. Step/Rate | 20. Salary/Award | 21. Pay Basis |
|---|---|---|---|---|---|---|---|---|---|---|---|
| GS | 1811 | 13 | | | PA | GS | 1811 | 14 | | | PA |

| 14. Name and Location of Position's Organization | 22. Name and Location of Position's Organization |
|---|---|
| US Marshals Service<br>District of Puerto Rico<br>200 Federal Building<br>150 Chardón Avenue<br>Hato Rey, PR  00918 | U.S. Marshals Service<br>District of Puerto Rico<br>200 Federal Building<br>150 Chardón Avenue<br>Hato Rey, PR  00918 |

## Employee Data

| 23. Veteran Preference | 24. Tenure | 25. Agency Use | 26. Veterans Preference for RIF |
|---|---|---|---|
| 1 - None    3 - 10-Point/Disability    5 - 10-Point/Other<br>2 - 5-Point    4 - 10-Point/Compensable    6 - 10-Point/Compensable/30% | 0 - None    2 - Conditional<br>1 - Permanent    3 - Indefinite | | YES ☐  NO ☐ |

| 27. FEGLI | 28. Annuitant Indicator | 29. Pay Rate Determinant |
|---|---|---|

| 30. Retirement Plan | 31. Service Comp. Date (Leave) | 32. Work Schedule | 33. Part-Time Hours Per |
|---|---|---|---|
| | | F - Full-time    I - Intermittent    J - INT Seasonal<br>P - Part-Time    G - FT Seasonal    H - FT On-Call<br>Q - PT Seasonal    R - PT On-Call | Biweekly Pay Period |

## Position Data

| 34. Position Occupied | 35. FLSA Category | 36. Appropriation Code | 37. Bargaining Unit Status |
|---|---|---|---|
| 1 - Competitive Service    3 - SES General<br>2 - Excepted Service    4 - SES Career Reserved | E - Exempt<br>N - Nonexempt | | |

| 38. Duty Station Code | 39. Duty Station *(City - County - State or Overseas Location)* |
|---|---|

| 40. Agency Data | 41. | 42. | 43. | 44. |
|---|---|---|---|---|

| 45. Educational Level | 46. Year Degree Attained | 47. Academic Discipline | 48. Functional Class | 49 Citizenship<br>1 - USA  8 - Other | 50. Vietnam Era Vet<br>V - Yes  N - No | 51. Supervisory Status |
|---|---|---|---|---|---|---|

## PART C - Reviews and Approvals *(Not to be used by requesting office.)*

| 1. Office/Function | Initials/Signature | Date | Office/Function | Initials/Signature | Date |
|---|---|---|---|---|---|
| A. | | | D. | | |
| | | | E. | | |
| | | | F. | | |

2. Approval: I certify that the information entered on this form is accurate and that the proposed action is in compliance with statutory and regulatory requirements.

Signature

Approval Date

## PART D - Remarks by Requesting Office

(Note to Supervisors:  Do you know of additional or conflicting reasons for the employee's resignation/retirement?    ☐ YES    ☐ NO

If "YES", please state these facts on a separate sheet and attach to SF 52.)

## PART E - Employee Resignation/Retirement

### Privacy Act Statement

You are requested to furnish a specific reason for your resignation or retirement and a forwarding address.  Your reason may be considered in any future decision regarding your re-employment in the Federal service and may also be used to determine your eligibility for unemployment compensation benefits.  Your forwarding address will be used primarily to mail you copies of any documents you should have or any pay or compensation to which you are entitled.

This information is requested under authority of sections 301, 3301, and 8506 of title 5, U.S. Code.   Sections 301 and 3301 authorize OPM and agencies to issue

regulations with regard to employment of individuals in the Federal service and their records, while section 8506 requires agencies to furnish the specific reason for termination of Federal service to the Secretary of Labor or a State agency in connection with administration of unemployment compensation programs.

The furnishing of this information is voluntary; however, failure to provide it may result in your not receiving:  (1) your copies of those documents you should have; (2) pay or other compensation due you; and (3) any unemployment compensation benefits to which you may be entitled.

1. Reasons for Resignation/Retirement (NOTE:  Your reasons are used in determining possible unemployment benefits.  Please be specific and avoid generalizations.  Your resignation/retirement is effective at the end of the day - midnight - unless you specify otherwise.)

| 2. Effective Date | 3. Your Signature | 4. Date Signed | 5. Forwarding Address *(Number, Street, City, State, ZIP Code)* |
|---|---|---|---|
| | | | |

## PART F - Remarks for SF 50

Standard Form 52
Rev. 8/88
U.S. Office of Personnel Management
FPM Chapter 296

# REQUEST FOR PERSONNEL ACTION

## PART A - Requesting Office (Also complete Part B, Items 1, 7-22, 32, 33, 36 and 39.)

| 1. Actions Requested | 2. Request Number |
|---|---|
| Temporary Promotion    NTE 120 days | 69-99-016 |

| For Additional Information Call (Name and Telephone Number) | 4. Proposed Effective Date |
|---|---|
| José I. García, Administrative Officer (787) 766-6000 X104 | 1 OCT 99 |

| 5. Action Requested By (Typed Name, Title, Signature, and Request Date) | 6. Action Authorized By (Typed Name, Title, Signature, and Concurrence Date) |
|---|---|
| Esteban Soto III  9-28-99  Chief Deputy US Marshal | Herman V. Wirshing  U.S. Marshal |

## PART B - For Preparation of SF 50 (Use only codes in FPM Supplement 292-1. Show all dates in month-day-year order.)

| 1. Name (Last, First, Middle) | 2. Social Security Number | 3. Date of Birth | 4. Effective Date |
|---|---|---|---|
| Donato, Juan J. | | 02/01/54 | |

### First Action

| 5-A. Code | 5-B. Nature of Action |
|---|---|
| | |
| 5-C. Code | 5-D. Legal Authority |
| | |
| 5-E. Code | 5-F. Legal Authority |
| | |

### Second Action

| 6-A. Code | 6-B. Nature of Action |
|---|---|
| | |
| 6-C. Code | 6-D. Legal Authority |
| | |
| 6-E. Code | 6-F. Legal Authority |
| | |

| 7. FROM: Position Title and Number | 15. TO: Position Title and Number |
|---|---|
| Supervisory Deputy US Marshal | Supervisory DUSM (Asst. Chief) |

| 8. Pay Plan | 9. Occ. Code | 10. Grade/Level | 11. Step/Rate | 12. Salary | 13. Pay Basis | 16. Pay Plan | 17. Occ. Code | 18. Grade/Level | 19. Step/Rate | 20. Salary/Award | 21. Pay Basis |
|---|---|---|---|---|---|---|---|---|---|---|---|
| GS | 1811 | 13 | | | PA | GS | 1811 | 14 | | | PA |

| 14. Name and Location of Position's Organization | 22. Name and Location of Position's Organization |
|---|---|
| US Marshals Service<br>District of Puerto Rico<br>200 Federal Building<br>150 Chardón Avenue<br>Hato Rey, PR  00918 | U.S. Marshals Service<br>District of Puerto Rico<br>200 Federal Building<br>150 Chardón Avenue<br>Hato Rey, PR  00918 |

## Employee Data

| 23. Veteran Preference | | | 24. Tenure | 25. Agency Use | 26. Veterans Preference for RIF |
|---|---|---|---|---|---|
| 1 - None   3 - 10-Point/Disability   5 - 10-Point/Other<br>2 - 5-Point   4 - 10-Point/Compensable   6 - 10-Point/Compensable/30% | | | 0 - None   2 - Conditional<br>1 - Permanent   3 - Indefinite | | YES ☐   NO ☐ |

| 27. FEGLI | 28. Annuitant Indicator | 29. Pay Rate Determinant |
|---|---|---|
| | | |

| 30. Retirement Plan | 31. Service Comp. Date (Leave) | 32. Work Schedule | 33. Part-Time Hours Per |
|---|---|---|---|
| | | F - Full-time   I - Intermittent   J - INT Seasonal<br>P - Part-Time   G - FT Seasonal   H - FT On-Call<br>O - PT Seasonal   R - PT On-Call | Biweekly Pay Period |

## Position Data

| 34. Position Occupied | 35. FLSA Category | 36. Appropriation Code | 37. Bargaining Unit Status |
|---|---|---|---|
| 1 - Competitive Service   3 - SES General<br>2 - Excepted Service   4 - SES Career Reserved | E - Exempt<br>N - Nonexempt | | |

| 38. Duty Station Code | 39. Duty Station (City - County - State or Overseas Location) |
|---|---|
| | |

| 40. Agency Data | 41. | 42. | 43. | 44. |
|---|---|---|---|---|
| | | | | |

| 45. Educational Level | 46. Year Degree Attained | 47. Academic Discipline | 48. Functional Class | 49 Citizenship | 50. Vietnam Era Vet | 51. Supervisory Status |
|---|---|---|---|---|---|---|
| | | | | 1-USA 8-Other | V-Yes  N-No | |

## PART C - Reviews and Approvals (Not to be used by requesting office.)

| 1. Office/Function | Initials/Signature | Date | Office/Function | Initials/Signature | Date |
|---|---|---|---|---|---|
| A. | | | D. | | |
| B. | | | E. | | |
| C. | | | F. | | |

2. Approval: I certify that the information entered on this form is accurate and that the proposed action is in compliance with statutory and regulatory requirements.

Signature _____ Approval Date _____

**CONTINUED ON REVERSE SIDE**

52-117

Editions Prior To 4/87 Are Unusable After 9/30/88
NSN 7540-01-249-3980

(Note to Supervisors: Do you know of additional or conflicting reasons for the employee's resignation/retirement?  ☐ YES  ☐ NO
If "YES", please state these facts on a separate sheet and attach to SF 52.)

## PART E - Employee Resignation/Retirement

**Privacy Act Statement**

You are requested to furnish a specific reason for your resignation or retirement and a forwarding address. Your reason may be considered in any future decision regarding your re-employment in the Federal service and may also be used to determine your eligibility for unemployment compensation benefits. Your forwarding address will be used primarily to mail you copies of any documents you should have or any pay or compensation to which you are entitled.

This information is requested under authority of sections 301, 3301, and 8506 of title 5, U.S. Code. Sections 301 and 3301 authorize OPM and agencies to issue

regulations with regard to employment of individuals in the Federal service and their records, while section 8506 requires agencies to furnish the specific reason for termination of Federal service to the Secretary of Labor or a State agency in connection with administration of unemployment compensation programs.

The furnishing of this information is voluntary; however, failure to provide it may result in your not receiving: (1) your copies of those documents you should have; (2) pay or other compensation due you; and (3) any unemployment compensation benefits to which you may be entitled.

1. Reasons for Resignation/Retirement (NOTE: Your reasons are used in determining possible unemployment benefits. Please be specific and avoid generalizations. Your resignation/retirement is effective at the end of the day - midnight - unless you specify otherwise.)

| 2. Effective Date | 3. Your Signature | 4. Date Signed | 5. Forwarding Address (Number, Street, City, State, ZIP Code) |
|---|---|---|---|
|  |  |  |  |

## PART F - Remarks for SF 50

EXHIBIT 25c

Standard Form 52
Rev. 8/88
U.S. Office of Personnel Management
FPM Chapter 296

## REQUEST FOR PERSONNEL ACTION

### PART A - Requesting Office (Also complete Part B, Items 1, 7-22, 32, 33, 36 and 39.)

| 1. Actions Requested | | | 2. Request Number |
|---|---|---|---|
| | Temporary Promotion NTE one (1) year | | 69-00-001 |
| ... For Additional Information Call (Name and Telephone Number) | | | 4. Proposed Effective Date |
| José I. García, Administrative Officer (787) 766-6000 | | | 19 Dec 99 |

| 5. Action Requested By (Typed Name, Title, Signature, and Request Date) | 6. Action Authorized By (Typed Name, Title, Signature, and Concurrence Date) |
|---|---|
| José I. García<br>Administrative Officer  14 Dic 99 | Herman J. Wirshing<br>US Marshal |

### PART B - For Preparation of SF 50 (Use only codes in FPM Supplement 292-1. Show all dates in month-day-year order.)

| 1. Name (Last, First, Middle) | 2. Social Security Number | 3. Date of Birth | 4. Effective Date |
|---|---|---|---|
| Donato, Juan J. | | 02/01/54 | |

#### First Action

| 5-A. Code | 5-B. Nature of Action |
|---|---|
| | |
| 5-C. Code | 5-D. Legal Authority |
| | |
| 5-E. Code | 5-F. Legal Authority |
| | |

#### Second Action

| 6-A. Code | 6-B. Nature of Action |
|---|---|
| | |
| 6-C. Code | 6-D. Legal Authority |
| | |
| 6-E. Code | 6-F. Legal Authority |
| | |

| 7. FROM: Position Title and Number | 15. TO: Position Title and Number |
|---|---|
| Supervisory Deputy US Marshal | Supervisory DUSM (Chief Deputy USM) |

| 8. Pay Plan | 9. Occ. Code | 10. Grade/Level | 11. Step/Rate | 12. Salary | 13. Pay Basis | 16. Pay Plan | 17. Occ. Code | 18. Grade/Level | 19. Step/Rate | 20. Salary/Award | 21. Pay Basis |
|---|---|---|---|---|---|---|---|---|---|---|---|
| GS | 1811 | 13 | | | PA | GS | 1811 | 14 | | | PA |

| 14. Name and Location of Position's Organization | 22. Name and Location of Position's Organization |
|---|---|
| U.S. Marshals Service<br>District of Puerto Rico<br>200 Federal Building<br>150 Chardón Avenue<br>Hato Rey, PR 00918 | U.S. Marshals Service<br>District of Puerto Rico<br>200 Federal Building<br>150 Chardón Avenue<br>Hato Rey, PR 00918 |

### Employee Data

| 23. Veteran Preference<br>1 - None  3 -10-Point/Disability  5 -10-Point/Other<br>2 - 5-Point  4 -10-Point/Compensable  6 -10-Point/Compensable/30% | 24. Tenure<br>0 - None  2 - Conditional<br>1 - Permanent  3 - Indefinite | 25. Agency Use | 26. Veterans Preference for RIF<br>☐ YES  ☐ NO |
|---|---|---|---|
| 27. FEGLI | 28. Annuitant Indicator | | 29. Pay Rate Determinant |
| 30. Retirement Plan | 31. Service Comp. Date (Leave) | 32. Work Schedule<br>F - Full-time  I - Intermittent  J - INT Seasonal<br>P - Part-Time  G - FT Seasonal  H - FT On-Call<br>Q - PT Seasonal  R - PT On-Call | 33. Part-Time Hours Per Biweekly Pay Period |

### Position Data

| 34. Position Occupied<br>1 - Competitive Service  3 - SES General<br>2 - Excepted Service  4 - SES Career Reserved | 35. FLSA Category<br>E - Exempt<br>N - Nonexempt | 36. Appropriation Code | 37. Bargaining Unit Status |
|---|---|---|---|
| 38. Duty Station Code | 39. Duty Station (City - County - State or Overseas Location) | | |

| 40. Agency Data | 41. | 42. | 43. | 44. |
|---|---|---|---|---|
| 45. Educational Level | 46. Year Degree Attained | 47. Academic Discipline | 48. Functional Class | 49 Citizenship<br>☐ 1-USA  8-Other | 50. Vietnam Era Vet<br>V-Yes  N-No | 51. Supervisory Status |

### PART C - Reviews and Approvals (Not to be used by requesting office.)

| 1. Office/Function | Initials/Signature | Date | Office/Function | Initials/Signature | Date |
|---|---|---|---|---|---|
| A. | | | D. | | |
| B. | | | E. | | |
| C. | | | F. | | |

| 2. Approval: I certify that the information entered on this form is accurate and that the proposed action is in compliance with statutory and regulatory requirements. | Signature | Approval Date |
|---|---|---|

| CONTINUED ON REVERSE SIDE | 52-117 | Editions Prior To 4/87 Are Unusable After 9/30/88<br>NSN 7540-01-249-3980 |
|---|---|---|

## PART D - Remarks by Requesting Office

(Note to Supervisors:  Do you know of additional or conflicting reasons for the employee's resignation/retirement?
If "YES", please state these facts on a separate sheet and attach to SF 52.)

☐ YES    ☐ NO

## PART E - Employee Resignation/Retirement

**Privacy Act Statement**

You are requested to furnish a specific reason for your resignation or retirement and a forwarding address.  Your reason may be considered in any future decision regarding your re-employment in the Federal service and may also be used to determine your eligibility for unemployment compensation benefits.  Your forwarding address will be used primarily to mail you copies of any documents you should have or any pay or compensation to which you are entitled.

This information is requested under authority of sections 301, 3301, and 8506 of title 5, U.S. Code.  Sections 301 and 3301 authorize OPM and agencies to issue

regulations with regard to employment of individuals in the Federal service and their records, while section 8506 requires agencies to furnish the specific reason for termination of Federal service to the Secretary of Labor or a State agency in connection with administration of unemployment compensation programs.

The furnishing of this information is voluntary; however, failure to provide it may result in your not receiving:  (1) your copies of those documents you should have; (2) pay or other compensation due you; and (3) any unemployment compensation benefits to which you may be entitled.

1. Reasons for Resignation/Retirement (NOTE:  Your reasons are used in determining possible unemployment benefits.  Please be specific and avoid generalizations.  Your resignation/retirement is effective at the end of the day - midnight - unless you specify otherwise.)

| 2. Effective Date | 3. Your Signature | 4. Date Signed | 5. Forwarding Address (Number, Street, City, State, ZIP Code) |
|---|---|---|---|

## PART F - Remarks for SF 50

Standard Form 50-B
Rev. 7/91
U.S. Office of Personnel Management
FPM Supp. 296-33, Subch. 4

**EXHIBIT 25d**

## NOTIFICATION OF PERSONNEL ACTION

| 1. Name (Last, First, Middle) | 2. Social Security Number | 3. Date of Birth | 4. Effective Date |
|---|---|---|---|
| NATO MORALES JUAN | | | |

| FIRST ACTION | | | SECOND ACTION | | |
|---|---|---|---|---|---|
| Code | 5-B. Nature of Action | | 6-A. Code | 6-B. Nature of Action | |
| 703 | PROMOTION NTE 03/24/01 | | | | |
| 5-C. Code | 5-D. Legal Authority | | 6-C. Code | 6-D. Legal Authority | |
| N8M | REG 335.102 EXC-COMP | | | | |
| 5-E. Code | 5-F. Legal Authority | | 6-E. Code | 6-F. Legal Authority | |

| 7. FROM: Position Title and Number | 15. TO: Position Title and Number |
|---|---|
| SUPVY CRIM INVSTGR | |
| P0107442   P0107X | |

| 8. Pay Plan | 9. Occ. Code | 10. Grade/Level | 11. Step/Rate | 12. Total Salary | 13. Pay Basis | 16. Pay Plan | 17. Occ. Code | 18. Grade/Level | 19. Step/Rate | 20. Total Salary/Award | 21. Pay Basis |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | 13 | 04 | 81,366.00 | | | | | | | |

| 12A. Basic Pay | 12B. Locality Adj. | 12C. Adj. Basic Pay | 12D. Other Pay | 20A. Basic Pay | 20B. Locality Adj. | 20C. Adj. Basic Pay | 20D. Other Pay |
|---|---|---|---|---|---|---|---|
| 65,142.00 | .00 | 65,142.00 | | | | | |

| 14. Name and Location of Position's Organization | 22. Name and Location of Position's Organization |
|---|---|
| | PUERTO RICO |
| | ENFORCEMENT DIVISION |

## EMPLOYEE DATA

| 23. Veterans Preference | 24. Tenure | 25. Agency Use | 26. Veterans Preference for RIF |
|---|---|---|---|
| 1 - None    3 - 10-Point/Disability    6 - 10-Point/Other | 0 - None    2 - Conditional | | ☒ YES    ☐ NO |
| 2 - 5-Point    4 - 10-Point/Compensable    6 - 10-Point/Compensable/30% | 1 - Permanent    3 - Indefinite | | |

| FEGLI | 28. Annuitant Indicator | 29. Pay Rate Determinant |
|---|---|---|
| BASIC-STANDARD-EX ADDITIONAL | | |

| Retirement Plan | 31. Service Comp. Date (Leave) | 32. Work Schedule | 33. Part-Time Hours Per Biweekly Pay Period |
|---|---|---|---|
| M FERS AND FICA SPECIAL | 07/16/85 | F - FULL TIME | |

## POSITION DATA

| 34. Position Occupied | 35. FLSA Category | 36. Appropriation Code | 37. Bargaining Unit Status |
|---|---|---|---|
| 1 - Competitive Service    3 - SES General | E - Exempt | | |
| 2 - Excepted Service    4 - SES Career Reserved | N - Nonexempt | | |

| 38. Duty Station Code | 39. Duty Station (City - County - State or Overseas Location) |
|---|---|
| PR-0930-010 | |

| 40. AGENCY DATA | 41. | 42. | 43. | 44. |
|---|---|---|---|---|

45. Remarks

SALARY IN BLOCK 12 INCLUDES AVAILABILITY PAY IN $ 12,194 00.
SALARY IN BLOCK 20 INCLUDES AVAILABILITY PAY IN $ 17 PER YR.
SUBJECT TO COMPLETION OF A 1 YR. PROBATIONAL PERIOD FOR ASSIGNMENT TO
SUPERVISORY OR MANAGERIAL POSITION BEGINNING 03/25/00

RECEIVED
UNITED STATES MARSHAL
MAY 22 7 24 AM '00
DISTRICT OF PUERTO RICO

| Employing Department or Agency | 50. Signature/Authentication and Title of Approving Official |
|---|---|
| | |

| 47. Agency Code | 48. Personnel Office ID | 49. Approval Date | |
|---|---|---|---|

**TURN OVER FOR IMPORTANT INFORMATION**
3-Part    50-315

1 - Employee Copy - Keep for Future Reference

Editions Prior to 7/91 Are Not U.
NSN 7

Standard Form 52
Rev. 6/88
U.S. Office of Personnel Management
FPM Chapter 296

SEP 2 4 1999

## REQUEST FOR PERSONNEL ACTION

### PART A - Requesting Office *(Also complete Part B, Items 1, 7-22, 32, 33, 36 and 39.)*

| 1. Actions Requested | | 2. Request Number |
|---|---|---|
| Recruit - VICE: Soto | | 69-99-015 |

Additional Information Call *(Name and Telephone Number)*

José I. García-Huertas, Administrative Officer  (787) 766-6000

4. Proposed Effective Date

| 5. Action Requested By *(Typed Name, Title, Signature, and Request Date)* | 6. Action Authorized By *(Typed Name, Title, Signature, and Concurrence Date)* |
|---|---|
| José I. García-Huertas<br>Administrative Officer<br>21 Sept 99 | Herman J. Wirshing<br>U.S. Marshal |

### PART B - For Preparation of SF-50 *(Use only codes in FPM Supplement 292-1. Show all dates in month-day-year order.)*

| 1. Name *(Last, First, Middle)* | 2. Social Security Number | 3. Date of Birth | 4. Effective Date |
|---|---|---|---|

| First Action | | Second Action | |
|---|---|---|---|
| 5-A. Code | 5-B. Nature of Action | 6-A. Code | 6-B. Nature of Action |
| 5-C. Code | 5-D. Legal Authority | 6-C. Code | 6-D. Legal Authority |
| 5-E. Code | 5-F. Legal Authority | 6-E. Code | 6-F. Legal Authority |

**7. FROM: Position Title and Number**

**15. TO: Position Title and Number**

T0017

Supervisory Criminal Investigation
~~T0017071 T0017X (Chief Deputy US Marshal)~~

| 8. Pay Plan | 9. Occ. Code | 10. Grade/Level | 11. Step/Rate | 12. Salary | 13. Pay Basis | 16. Pay Plan | 17. Occ. Code | 18. Grade/Level | 19. Step/Rate | 20. Salary/Award | 21. Pay Basis |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | GS | 1811 | 15 | | | PA |

| 14. Name and Location of Position's Organization | 22. Name and Location of Position's Organization |
|---|---|
| | U.S. Marshals Service<br>District of Puerto Rico<br>200 Federal Building<br>150 Chardón Avenue<br>Hato Rey, Puerto Rico  00918<br>MS 01 71 0010 |

### Employee Data

| 23. Veteran Preference<br>1 - None   3 - 10-Point/Disability   5 - 10-Point/Other<br>2 - 5-Point   4 - 10-Point/Compensable   6 - 10-Point/Compensable/30% | 24. Tenure<br>0 - None   2 - Conditional<br>1 - Permanent   3 - Indefinite | 25. Agency Use | 26. Veterans Preference for RIF<br>YES   NO |
|---|---|---|---|
| 27. FEGLI | 28. Annuitant Indicator | | 29. Pay Rate Determinant |
| 30. Retirement Plan | 31. Service Comp. Date (Leave) | 32. Work Schedule<br>F - Full-time   I - Intermittent   J - INT Seasonal<br>P - Part-time   G - FT Seasonal   H - FT On-Call<br>Q - PT Seasonal   R - PT On-Call | 33. Part-Time Hours Per<br>Biweekly Pay Period |

### Position Data

| 34. Position Occupied<br>1 - Competitive Service   3 - SES General<br>2 - Excepted Service   4 - SES Career Reserved | 35. FLSA Category<br>E - Exempt   N - Nonexempt   E | 36. Appropriation Code | 37. Bargaining Unit Status |
|---|---|---|---|
| 38. Duty Station Code<br>RQ-0930-000 | 39. Duty Station *(City - County - State or Overseas Location)*<br>San Juan    PR | | |

| 40. Agency Data | 41. | 42. | 43. | 44. |
|---|---|---|---|---|

| 45. Educational Level | 46. Year Degree Attained | 47. Academic Discipline | 48. Functional Class | 49 Citizenship<br>1-USA  8-Other | 50. Vietnam Era Vet<br>V-Yes  N-No | 51. Supervisory Status |
|---|---|---|---|---|---|---|

### PART C - Reviews and Approvals *(Not to be used by requesting office.)*

| 1. Office/Function | Initials/Signature | Date | Office/Function | Initials/Signature | Date |
|---|---|---|---|---|---|
| Class | | 10/7/99 | D. | | |
| | | | E. | | |
| | | | F. | | |

2. Approval: I certify that the information entered on this form is accurate and that the proposed action is in compliance with statutory and regulatory requirements.

Signature  Mary S. Cassady

Approval Date  10/5/99

CONTINUED ON REVERSE SIDE

52-117

Editions Prior To 4/87 Are Unusable After 9/30/88
NSN 7540-01-249-3980



**U.S. Department of Justice**          **EXHIBIT 26a**

United States Marshals Service



7260

*Director*                    *600 Army Navy Drive*
                             *Arlington, VA 22202-4210*
                             March 24, 2000

MEMORANDUM TO:    All U.S. Marshals and Suboffices
                  All Headquarters Divisions and General Counsel

FROM:             John W. Marshall
                  Director

SUBJECT:          Merit Promotion Opportunity

**POSITION TITLE:**    CDUSM

**SERIES & GRADE:**    GS-1811-15

**ANNOUNCEMENT NO:**   00-029          **LOCATION:** D/Puerto Rico

**OPENING DATE:**   MAR 2 8 2000        **CLOSING DATE:**   MAY - 2 2000

To be eligible to apply, candidates must have taken the 1998 Merit Promotion Examination, and have served at least 1 year in an operational (U.S. Marshals Service Law Enforcement) position at the next lower grade than the position desired (e.g. for a GS-13 position, applicants must have 1 year at the GS-12 level).

**FOR COMPETITIVE CANDIDATES:**

Selective Factor: Any selectee for this MPA must be a current participant in the FIT program.

*An Accredited Law Enforcement Agency*

MPA # 00-029                            PAGE 2

In order to apply, applicants must submit the following:

1. A USM-91 "Request for Consideration for Merit Promotion Opportunities".

2. A copy of the most recent annual performance rating (USM-540).

3. A completed copy of a "Fitness Assessment Summary" form dated within the last 6 months.

4. A resume and optional cover letter from Section VI of the 11/98 version of the USM-280.

5. A USM-280 "Application for Law Enforcement Positions". Candidates may update or use their existing USM-280 if one is on file in Human Resources.

**Documents 1-5 must be completed and submitted for each MPA for which consideration is desired.**

This information should be sent to: **U.S. Marshals Service, 600 Army Navy Drive, Suite 820, Arlington, VA 22202, ATTN: Janeen Tyson.** Applications must be postmarked by the closing date of the announcement.

Candidates certified for GS-13 and GS-15 positions are further evaluated by a structured interview. Candidates certified for GS-14 positions are further evaluated by an assessment center.

Requests for consideration will be accepted from applicants who have not yet met the time in grade requirement for length of experience, provided that the applicants will fully meet the requirements by the time the action is effected (30 days after the closing date).

Evaluation Methods: Candidates will be evaluated on experience, education, training, awards, and Merit Promotion Exam.

**CANDIDATES FOR REASSIGNMENT MAY APPLY AT THE SAME TIME AS COMPETITIVE APPLICANTS, AND WILL BE CONSIDERED FOR REASSIGNMENT.**

**FOR REASSIGNMENT CANDIDATES:**

Any GS-1811 employee who is currently at the grade level of the vacancy announced may apply as a lateral reassignment. Requests for reassignment must be mailed to Janeen Tyson, 600 Army Navy Drive, Arlington, VA 22202, or sent by FAX to (703) 603-0392. Reassignment requests **MUST BE RECEIVED** by the closing date.

Reassignment candidates are required to complete a resume from Section VI of the updated USM-280 (rev. 11/98) and updated USM-281 (rev. 11/98).

MPA # 00-029                                    PAGE 3

Candidates selected for reassignment by this method will be eligible for the same relocation expenses as those who are selected through competitive methods for the same grade level.

Additionally, candidates already at the grade level of the vacancy announcement may also apply competitively. To be eligible, these candidates must have a 1998 Merit Promotion Exam score, and must also submit all four documents listed on page 2.

**IMPORTANT NOTICE:** This memorandum must be reviewed by all eligible employees. Employees who are eligible, and are absent from their official duty stations, **MUST** be contacted and advised of the contents of this memorandum.

**THIS POSITION IS SUBJECT TO RANDOM DRUG TESTING BY URINALYSIS.**

The Marshals Service is an Equal Opportunity Employer.

**EXHIBIT 26b**

99-078 candidates:

Stephen Armstrong
Michael Orr


00-029 candidates:

Stephen Armstrong
Michael Orr

The same SF-52 (dated 9/99) was used to announce both.  There are no SF-52's cancelling either announcement.