UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL ORR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 05-2287 (RJL) |
| | ) ECF |
| ALBERTO GONZALES, | ) |
| Attorney General of the United States, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S MOTION TO DISMISS OR, IN THE
ALTERNATIVE, TO TRANSFER**

Defendant Albert Gonzales, Attorney General of the United States and head of the U.S. Department of Justice ("Defendant"), respectfully moves to dismiss Plaintiff's Complaint or, in the alternative, to have the case transferred to the United States District Court for District of Puerto Rico, the only jurisdiction in which venue is proper. In support of this motion, Defendant respectfully refers the Court to the attached memorandum of points and authorities.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney

_____
R. CRAIG LAWRENCE, D.C. Bar #171538
Assistant United States Attorney

/s/_____
JANE M. LYONS, D.C. Bar #451737
Assistant United States Attorney
555 4th Street, N.W. - Room E4822
Washington, D.C. 20530
(202) 514-7161

OF COUNSEL:
JOE LAZAR
D.C. Bar #395396
Associate General Counsel
United States Marshals Service

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL W. ORR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-2287 (RJL) |
| ) | |
| ALBERTO GONZALES, ) | |
| Attorney General of the United States, ) | |
| ) | |
| Defendant. ) | |

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS
OR IN THE ALTERNATIVE, TO TRANSFER

I. INTRODUCTION

Plaintiff, a former employee of the United States Marshals Service ("USMS"), a bureau in the U.S. Department of Justice, brings this employment discrimination action in this district, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, alleging that he was subjected to race and national origin discrimination, as well as reprisal for filing a prior complaint of discrimination, retaliatory harassment and a hostile work environment.

For the reasons set forth below, plaintiff's lawsuit should be dismissed for improper venue because the District of Columbia is not where plaintiff worked or where any of the allegedly discriminatory actions took place, it is not where the relevant employment records are maintained, and it is not where plaintiff would have worked but for any of the supposed discrimination. Consequently, this Court should dismiss plaintiff's lawsuit or, alternatively, transfer this action to the District of Puerto Rico. Fed. R. Civ. P. 12(b)(3); 28 U.S.C. § 1404(a) .

## II. STATEMENT OF FACTS

At all times relevant to the allegations contained in the instant lawsuit, plaintiff, Michael Orr, a resident of Haslett, Michigan, was employed by the United States Marshals Service ("USMS"), a bureau within the U.S. Department of Justice. Plaintiff was employed in the USMS as a GS-14 Assistant Chief Deputy U.S. Marshal in the District of Puerto Rico. Complaint, ¶ 4.

At the beginning of plaintiff's assignment in the District of Puerto Rico, his first-line supervisor was Esteban Soto, GS-15 Chief Deputy U.S. Marshal. Plaintiff's second-line supervisor was Herman Wirshing, the Presidentially-appointed United States Marshal for the District of Puerto Rico. Complaint, ¶ 5.

Around September 1999, Soto announced that he would be leaving the District of Puerto Rico. Complaint, ¶ 9. On September 23, 1999, plaintiff accepted a detail from the District of Puerto Rico to the District of the Virgin Islands as the Acting Chief Deputy U.S. Marshal. Complaint, ¶ 20. In light of plaintiff's assignment to the District of the Virgin Islands, Wirshing temporarily promoted Juan Donato, a GS-13 Supervisory Deputy U.S. Marshal in the District of Puerto Rico, to the position of Acting Assistant Chief Deputy U.S. Marshal in the District of Puerto Rico. Complaint, ¶¶ 25-27.

On October 18, 1999, the USMS announced the availability of a merit promotion opportunity for the position of GS-15 Chief Deputy U.S. Marshal in the District of Puerto Rico. (Merit Promotion Announcement No. 99-078). Complaint, ¶ 28. Plaintiff applied for the GS-15 Chief Deputy U.S. Marshal position in the District of Puerto Rico. Complaint, ¶ 29. Wirshing was the recommending official on the selection for the position. Complaint, ¶ 30.

Following Soto's departure from Puerto Rico and plaintiff's detail to the Virgin Islands, in December 1999, Wirshing appointed Donato as the Acting Chief Deputy U.S. Marshal for the District of Puerto Rico. Complaint, ¶¶ 41-42.

In February 2000, Wirshing requested cancellation of Merit Promotion Announcement No. 99-078, the Chief Deputy U.S. Marshal position in the District of Puerto Rico. Complaint, ¶ 63. On March 24, 2000, the USMS re-announced the availability of a merit promotion opportunity for the position of GS-15 Chief Deputy U.S. Marshal in the District of Puerto Rico. Complaint, ¶ 141. Plaintiff reapplied for the position. Complaint, ¶ 143. On February 13, 2001, the USMS canceled the job announcement. Complaint, ¶ 185. According to plaintiff, Wirshing sought the cancellation of the job announcement. Complaint, ¶ 188.

According to plaintiff, Wirshing and Donato created an atmosphere of retaliatory harassment against plaintiff and others. Complaint, ¶ 230. Plaintiff has also alleged that Wirshing and Donato created a hostile working environment for plaintiff based on plaintiff's race and national origin. Complaint, ¶ 236.

The USMS has its principal place of business and is headquartered in Arlington, Virginia. Declaration of Katherine T. Mohan ("Mohan Dec.") ¶ 5. Plaintiff was never employed with the USMS in the District of Columbia. Nor at any relevant time were any of plaintiff's USMS employment records maintained in the District of Columbia. Mohan Dec. ¶¶ 9, 10.

### III. ARGUMENT

**A.    VENUE IS IMPROPER IN THE DISTRICT OF COLUMBIA[1]**

As the Court of Appeals for this Circuit has cautioned: "[c]ourts in this circuit must examine challenges to personal jurisdiction and venue carefully to guard against the danger that a plaintiff might manufacture venue in the District of Columbia. By naming high government officials as defendants, a plaintiff could bring a suit here that properly should be pursued elsewhere." Cameron v. Thornburgh, 983 F.2d 253, 256 (D.C. Cir. 1993). Federal Rule 12 (b)(3) of the Federal Rules of Civil Procedure permits this Court to dismiss actions for improper venue. Likewise, 28 U.S.C. § 1406(a) provides:

> The district court of a district in which is filed a case laying venue in a wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

Id. As the Supreme Court stressed, "[t]he requirement of venue is specific and unambiguous; it is not one of those vague principles which, in the interest of some overriding policy, is to be given a 'liberal' construction." Olberding v. Illinois Cent. R.R. Co., 346 U.S. 338, 340 (1953).

> **1.    Venue in actions under 42 U.S.C. § 2000e-16 is governed by 42 U.S.C. § 2000e-5(f), which limits venue to the location of the acts, records, or positions on which the complaint is based, if the defendant can be found there.**

Title VII provides the exclusive avenue for claims of employment discrimination by federal government employees. 42 U.S.C. § 2000e-16; Brown v. GSA, 425 U.S. 820, 832 (1976). Pursuant to 42 U.S.C. § 2000e-16(d), Title VII actions against the federal government

---

[1] This Court may consider facts outside of the pleadings (without converting the motion to one for summary judgment) when adjudicating a motion to dismiss for improper venue pursuant to F.R.Civ.P. 12(b)(3). See R.A. Argueta v. Banco Mexicana, S.A., 87 F.3d 320, 324 (9th Cir. 1996).

- 4 -

Case 1:05-cv-02287-RJL    Document 5    Filed 02/17/2006    Page 7 of 18

are controlled by a special venue provision, 42 U.S.C. § 2000e-5(f)(3).[2] Although plaintiff's Complaint relies upon the proper statute, he fails to satisfy it. See Complaint, ¶ 2.

42 U.S.C. § 2000e-5(f)(3) provides as follows:

> [A Title VII] action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

Under this provision, a Title VII plaintiff must bring an employment discrimination complaint in one of the judicial districts identified under the first three options if the respondent can be "found" in that district. Only if the respondent cannot be found in any such district may the plaintiff file suit within the district in which the respondent has its principal office. See Shipkovitz v. Mosbacher, 1991 WL 251864 (D.D.C. 1991), aff'd, 1992 WL 394489 (D.C. Cir. 1992) (a plaintiff may file in district where defendant makes its headquarters *if* he cannot file where actions occurred, where records are kept, or where he would have worked); Mackey v. Sullivan, 55 Fair Empl. Prac. Cas. 1134 (D.D.C. 1991) (plaintiff may only bring suit in judicial district where agency has its principal office if none of the other venue requirements of Title VII can be met). As the Court explained in Spencer, Congress intended to limit venue in Title VII cases to those jurisdictions concerned with the alleged discrimination, and the venue determination must be based on a "commonsense appraisal" of how the events in question arose.

---

[2] Thus, it is undisputed in this case that 28 U.S.C. § 1391(e)'s general venue provision does not provide a separate basis for venue. See 28 U.S.C. § 1391(a) (provision applicable "except as otherwise provided by law"); see also Johnson v. Payless Drug Stores Northwest, Inc., 950 F.2d. 586 (9th Cir. 1991). Accord Spencer v. Rumsfeld, 209 F. Supp.2d 15, 17 (D.D.C., 2002).

Spencer, 209 F. Supp. 2d. at 17-19; see also Stebbins v. State Farm Mutual Auto., Ins. Co., 413 F. 2d 1100, 1102 (D.C. Cir. 1969), cert. denied, 396 U.S. 895 (1969); Hayes v. RCA Service Co., 546 F. Supp. 661, 663 (D.D.C. 1982).

In the case at bar, although plaintiff attempts to rely on the second and fourth prongs of the venue provision, none of the three venue options described in 42 U.S.C. § 2000e-5(f)(3) permit venue in the District of Columbia.[3]  Plaintiff fails to satisfy the second, and may not rely on the fourth because there are other proper venues identified by the first three parts of the statute such that the fourth, catch-all, provision does not apply.  But even if the catch-all provision did apply, plaintiff could not satisfy it because the principal office of the U.S. Marshal Service is located in Virginia.  All of the prongs are addressed below.

### 2. The unlawful employment practices are alleged to have been committed in Puerto Rico, where Plaintiff worked, not in the District of Columbia.

The first venue option is "any judicial district in the State in which the unlawful employment practice is alleged to have been committed." 42 U.S.C. § 2000e-5(f)(3).  With reference to this provision, this Circuit has stated that Congress's intent to "limit venue to the judicial district concerned with the alleged discrimination seems clear." Stebbins v. State Farm Mutual Auto., Ins. Co., 413 F.2d 1100, 1102 (D.C. Cir. 1969), cert. denied, 396 U.S. 895 (1969).  Therefore, the Court must look first to "the place where the decisions and actions concerning the employment practices occurred." Hayes v. RCA Service Co., 546 F. Supp. 661, 663 (D.D.C. 1982).

---

[3] Paragraph 2 of the Complaint alleges that defendant's principal place of business is in the District of Columbia and that "relevant promotional EEO records are maintained [t]here" as well.

Plaintiff's Complaint identifies Herman Wirshing, the United States Marshal for the District of Puerto Rico, and Juan Donato, the Assistant Chief Deputy U.S. Marshal, District of Puerto Rico, as the two principal management officials who discriminated against him. Plaintiff was never employed by the USMS in the District of Columbia. Mohan Dec. at ¶ 9. Nor were any employment decisions by the USMS made in the District of Columbia.

In this case, *all* of the allegedly discriminatory actions purportedly occurred in Puerto Rico. Specifically, plaintiff alleges that:

a. Wirshing "set up" Orr to lose out on the Puerto Rico Chief's job. Complaint, ¶ 24. Wirshing waited for Orr to accept the detail in the U.S. Virgin Islands before posting the announcement for GS-15 Chief Deputy U.S. Marshall to fill Soto's position that he had known was about to become vacant. Complaint, ¶¶ 20-23.

b. On December 13, 1999, Wirshing signed a memo which stated that "effective immediately", Donato was appointed "Acting Chief." Complaint, ¶ 41.

c. In February 2000, Wirshing requested cancellation of Merit Promotion No. 99-078, the Chief Deputy Marshal position in the District of Puerto Rico. Complaint, ¶ 63.

d. On March 9, 2000, a Task Force Meeting was conducted at the Miramar office in which Wirshing said that he was going to work the system to ensure that non-Puerto Ricans were going to be kept out of supervisory positions. Complaint, ¶¶ 84, 87.

e.        When Orr returned from the Virgin Islands to Puerto Rico on March 27, 2000, he was temporarily reassigned out of the task force of which he was the leader, and assigned to the daily movement of prisoners. Complaint , ¶¶ 127-133 .

f.        On March 24, 2000, the USMS re-announced the availability of a merit promotion opportunity for the position of GS-15 Chief Deputy U.S. Marshal in the District of Puerto Rico. Complaint, ¶ 141. Plaintiff reapplied for the position. Complaint, ¶ 143. On February 13, 2001, the USMS canceled the job announcement. Complaint, ¶ 185. According to Plaintiff, Wirshing sought the cancellation of the job announcement. Complaint, ¶ 188.

g.        Wirshing and Donato created an atmosphere of retaliatory harassment against plaintiff and others who supported plaintiff. Complaint, ¶ 230. When plaintiff returned to Puerto Rico, he "heard of people insulting him in the office." Complaint, ¶ 198. Other employees at the office told Orr that they did not want to be associated with him because they knew that such association would result in negative consequences for their job. Complaint, ¶ 200. "The accumulation of Defendant's actions against Orr and his colleagues severely interfered with Orr's ability to perform his duties in Puerto Rico." Complaint, ¶ 203. "Orr said what happened to him **in the Puerto Rico District** prompts him to cry more than he did in the past." Complaint, ¶ 219 (emphasis added).

h.        Wirshing and Donato created an atmosphere of hostile work environment based on Plaintiff's race and national origin. Complaint, ¶ 236.

Notably, not a single one of these alleged incidents of discrimination or retaliation is alleged to have occurred in the District of Columbia. Rather, the "facts" set forth occurred, if at all, at the Puerto Rico District, where Plaintiff worked. Indeed, it does not appear that any event occurred in the District of Columbia. Consistent with plaintiff's own allegations, the locus of the alleged unlawful employment practice is District of Puerto Rico.

Even assuming for the sake of argument that a few of the events at issue had occurred in the District of Columbia, that would not be sufficient to make venue proper in this Court. As this Court has stated: "Venue cannot lie in the District of Columbia when 'a substantial part, if not all, of the employment practices challenged in this action' took place outside Washington even though actions taken in the District of Columbia 'may have had an impact on plaintiff's situation.'" Mackey v. Sullivan, 55 Fair Empl. Prac. Cas. 1134 (D.D.C. 1991), citing Donnell v. National Guard Bureau, 568 F. Supp. 93, 94 (D.D.C. 1983). As the Court in Donnell advised, Title VII venue determinations should involve a common sense appraisal of the events having operative significance in the case. Id. Clearly, the focus of plaintiff's Complaint is the treatment he allegedly received as a USMS employee in Puerto Rico.

**3.    The employment records relevant to the alleged unlawful employment practices, if any, are maintained and administered in the Eastern District of Virginia, not in the District of Columbia.**

The second venue option is "the judicial district in which the employment records relevant to such [unlawful employment] practices are maintained and administered." 42 U.S.C. § 2000e-5(f)(3). The Complaint does not identify *any* relevant employment records that were maintained and administered in the District of Columbia.

Nor at any relevant time were any of plaintiff's USMS employment records maintained in the District of Columbia. Mohan Dec., ¶ 10. USMS Headquarters, USMS' principal place of business, maintains the official personnel records concerning USMS employees. Mohan Declaration at ¶ 4. At all relevant times, USMS Headquarters has been located in Arlington, Virginia, which lies in the Eastern District of Virginia. Mohan Dec., ¶ 5. Thus, venue is inappropriate in the District of Columbia as to any of plaintiff's claims of discrimination.

Even if Plaintiff claimed venue in the District of Columbia on the ground that Defendant may maintain some personnel records here, such a basis for venue would be insufficient. See Washington v. General Elec. Corp., 686 F. Supp. 361, 363 (D.D.C. 1988) (Congress did not intend to make venue proper in any judicial district in which employment records are found but rather intended venue where the master set of employment records are maintained and administered). In Counts v. Reno, 1996 WL 148510 (D.D.C. 1996), the District Court for the District of Columbia rejected the plaintiff's claim that venue was proper in the District due to the FBI's maintenance of copies of personnel records at FBI Headquarters. The Court found that the relevant records regarding the alleged unlawful practices at issue in that complaint were maintained and administered in the FBI's field office. The Court applied a "common sense appraisal" of the facts and events as alleged by the plaintiff in making its venue determination. Compare Blazy v. Woolsey, 1994 WL 90341 (D.D.C. 1994) (denying venue in the District of Columbia when substantial factual dispute existed as to location of relevant files since it was clear that venue would be proper in Virginia). Moreover, the mere fact that the Attorney General has his office in the District of Columbia is an insufficient basis for establishing venue under Title VII. See, e.g., Ramos De Almeida v. Powell, 2002 WL 31834457, at *2 (S.D.N.Y. Dec. 16

2002) (Title VII's specific venue provisions limit venue to judicial districts that have a connection with the alleged discrimination).

### 4. Plaintiff would not have worked in this District but for the alleged unlawful employment practices.

The third venue option is "the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice." 42 U.S.C. § 2000e-5(f)(3). None of the allegations assert that Plaintiff would have worked in Washington, D.C., but for the alleged discrimination. The only place of employment at issue here, actual or sought, is Puerto Rico.

### B.   THIS CASE SHOULD BE DISMISSED FOR IMPROPER VENUE.

When an action is filed in an improper venue, the Court must either dismiss it outright or transfer it to another judicial district where proper venue exists. As provided in 28 U.S.C. § 1406(a):

> The district court of a district in which is filed a case laying venue in the wrong division or district *shall* dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

28 U.S.C. § 1406(a) (emphasis added). The decision whether to transfer or dismiss a case that has been filed in an improper jurisdiction rests in the sound discretion of the district court. Stewart Organization, Inc., v. Ricoh Corp., 487 U.S. 22 (1988); Naartex Consulting Corp. v. Watt, 722 F.2d 779 (D.C. Cir. 1983), cert. denied, 467 U.S. 1210 (1984) (citing Wright, Miller & Cooper, Federal Practice & Procedure § 3827 at 170 (1976)). In Title VII cases, the district court has the same discretion to dismiss rather than transfer such a case. Hayes, 546 F. Supp. at 665; Washington v. General Elec. Corp., 686 F. Supp. 361 (D.D.C. 1988). Dismissal is appropriate in the case at bar. There is not even a colorable claim that venue is appropriate.

In the instant lawsuit, the District of Columbia has no nexus to the events giving rise to plaintiff's allegations. Instead, venue is principally supportable in the District of Puerto Rico, the location of the office where plaintiff worked as an Assistant Chief Deputy U.S. Marshal while employed by the USMS during the relevant time period, where the alleged discriminatory employment actions occurred, and the location of the office where plaintiff would have worked had he been promoted to the position of Chief Deputy U.S. Marshal in the District of Puerto Rico. Plaintiff is simply forum-shopping to allege venue in the District of Columbia. "The statutory venue requirements of Title VII actions must be construed to exclude the employer's principal place of business as a venue choice when the defendant can be brought before the court in one of the other alternative judicial districts specified in 42 U.S.C. § 2000e-5(f)(3)." Minnette v. Time Warner, 997 F.2d 1023, 1026 (2d Cir. 1993).

**C.      In the Alternative, This Case Should Be Transferred to the District of Puerto Rico Under 28 U.S.C. § 1404(a).**

Even if the Court somehow finds that venue is proper in the District of Columbia, the case nevertheless should be transferred to the District Court for the District of Puerto Rico for the convenience of the parties and witnesses and in the interest of justice. See Darby v. United States Department of Energy, 231 F. Supp.2d 274 (D.D.C. 2002). Under § 1404(a), an employment discrimination action may be transferred from the district in which it is brought, even though that may be a district in which venue could lie pursuant to 42 U.S.C. § 2000e-5(f)(3), for the convenience of the parties and witnesses and in the interests of justice. See also In re Horseshoe Entertainment, 337 F.3d 429, 435 (5th Cir. 2003) (assuming district where former employee lived at time suit was filed was a possible venue for suit, it was abuse of

discretion for district court to deny former employer's motion to transfer venue in employment discrimination case from that district to district where employment records were kept, where the discriminatory acts allegedly occurred, and where the plaintiff would have worked but for the allegedly discriminatory acts); Casarez v. Burlington Northern/Santa Fe Co., 193 F.3d 334, 339 (5th Cir. 1999) (affirming transfer of employment discrimination action, pursuant to § 1404(a) for the convenience of the parties and witnesses and in the interests of justice, to district where, inter alia, majority of fact witnesses lived and personnel files were kept).

Pursuant to 28 U.S.C. § 1404(a), a case that is properly filed in a particular jurisdiction may be transferred to another, more convenient, jurisdiction in the following circumstances:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a) (2001). The decision to transfer a case to another district is discretionary and involves a "factually analytical, case-by-case determination of convenience and fairness." SEC v. Savoy Industries, 587 F.2d 1149, 1154 (D.C. Cir. 1978), cert. denied, 440 U.S. 913 (1979). Consistent with this standard, federal courts have articulated three requirements with respect to such a transfer: (1) that a judicial district exists in which the case might have been properly brought, (2) that the convenience of the parties and witnesses would be better served in an alternative judicial district, and (3) that the interests of justice would be better served in an alternative judicial district. SEC v. Page Airways, Inc., 464 F. Supp. 461, 463 (D.D.C. 1978). All three requirements are met in the present action.

First, as shown above, the case could, and should have been brought in the District of Puerto Rico, where the alleged discriminatory employment actions occurred. See 42 § 2000e-

5(f)(3).  Second, all the events having occurred in Puerto Rico, all of the witnesses (except for one witness being located in the District of Columbia) being located either Puerto Rico (Marshall, Chief, and Assistant Chief) or eastern Virginia, and most of the relevant records being maintained in either Puerto Rico or eastern Virginia, the convenience of Defendant and that of the witnesses clearly would be better served in the case were adjudicated in Puerto Rico.  This Court consistently has transferred actions to alternative judicial districts when the majority of the witnesses live in or near the transferee forum.  See, e.g., Armco Steel Co., L.P. v. CSX Corp., 790 F. Supp. 311 (D.D.C. 1991); Securities & Exchange Comm'n v. Ernst & Young, 775 F. Supp. 411 (D.D.C. 1991).

For the same reasons, Plaintiff cannot claim any greater convenience in pursuing the case in the District of Columbia.  See Stewart v. Capitol Area Permanente Medical Group, 720 F. Supp. 3, 5 (D.D.C. 1989) (plaintiff's choice of forum is entitled to less weight when that forum is outside plaintiff's home jurisdiction).  Plaintiff's claims arose in the District of Puerto Rico, and the relief he seeks will not be imposed (if at all) in District of Columbia.  See Franklin v. Southern Railway, Co., 523 F. Supp. 521, 523 (D.D.C. 1981) (where action has little contact with chosen forum, plaintiff's selection is less important); Packer v. Kaiser Foundation Health Plan, 728 F. Supp. 8 (D.D.C. 1989).  See also Hotel Constructors, Inc. v. Seagrave Corp., 543 F. Supp 1048, 1050 (N.D. Ill. 1982) (citations omitted) ("Although under the common law doctrine of forum non conveniens, plaintiff's choice of forum was an overriding factor entitled to considerable weight, the significance of that choice has diminished since the enactment of § 1404(a).  Additionally, plaintiff's choice of forum has reduced value where the forum lacks any significant contact with the underlying cause of action.").

Finally, the interests of justice would be better served if the case were to be adjudicated in the District of Puerto Rico. The convenience achieved by the transfer also would mean greater judicial economy for a Puerto Rico-based suit, and the District Court for the District of Puerto Rico certainly would be better situated to address Plaintiff's claims for equitable relief. Given all these factors, the case should be transferred to the District Court for the District of Puerto Rico.

## IV.  CONCLUSION

Venue for adjudication of Plaintiff's claims is improper in this district because: (1) the alleged unlawful employment practices are alleged to have been committed in Puerto Rico; (2) the relevant employment records were and are not maintained and administered in the District of Columbia; (3) Plaintiff does not allege, and could not support an allegation, that he would have worked in the District of Columbia but for the alleged unlawful employment practices; and (4) Defendant can be found in a proper venue. Therefore, pursuant to 28 U.S.C. § 1406(a), this Court should dismiss Plaintiff's Complaint, or in the alternative, transfer it to the United States District Court for the District of Puerto Rico. Even if the Court finds that venue in the District of Columbia is proper, the case should be transferred to the District of Puerto Rico for convenience of the parties and the witnesses under 28 U.S.C. § 1404(a).

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney

_____
R. CRAIG LAWRENCE, D.C. Bar #171538
Assistant United States Attorney

/s/_____
JANE M. LYONS, D.C. Bar #451737
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W., - Room E4822
Washington, D.C. 20530
(202) 514-7161

OF COUNSEL:
JOE LAZAR
D.C. Bar #395396
Associate General Counsel
United States Marshals Service

- 16 -