UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

_____
                                    )
**MICHAEL W. ORR,**                 )
                                    )
    **Plaintiff,**             )
                                    )
v.                                  )   Civ. Action No. 05:CV:002287RJL
                                    )   Judge Richard J. Leon
**ALBERTO GONZALES,**               )
                                    )
    **Defendant.**             )
_____

**PLAINTIFF'S OPPOSITION AND RESPONSE TO DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE TO TRANSFER**

### I.    INTRODUCTION

Plaintiff Michael Orr ("Orr") filed suit in this District, alleging race and national origin discrimination and retaliation, and premising venue on his contention that Defendant maintained its relevant employment records here. Defendant has moved to dismiss, or in the alternative, for a transfer to the District of Puerto Rico. For the reasons set forth below, Orr maintains that dismissal would be unnecessary and inappropriate, since it would not be in the interests of justice. Further, Orr concedes that venue is not appropriate in the District of Columbia, but requests respectfully that this Court transfer the matter to the Eastern District of Virginia, rather than Puerto Rico.

### II.    FACTUAL BACKGROUND

    **A.**    **Facts Relating To Citizenship And Residence Of The Parties And Their Representatives**

Orr is a resident of Haslett, Michigan, and is married to Kristi Orr. He had a long successful career in the United States Marshal Service, prior to being assigned to Puerto Rico between January 1, 1999 and January 26, 2001. After experiencing the adverse

events recounted in this suit, Orr was transferred to Milwaukee, Wisconsin, and in early 2002, he left the Agency and moved to Haslett, Michigan.  For his current work, Orr regularly travels on business to the Washington, D.C. area, generally, five to six times per month.  Kristi Orr also periodically travels on business to Leesburg, Virginia approximately five weeks per year—although it varies year to year.   While Orr was stationed in Puerto Rico, Kristi Orr remained in Haslett, Michigan.

The United States Department of Justice is headquartered in Washington, D.C. The United States Marshal Service is a bureau within the Department of Justice.  Its principal place of business is in Arlington, Virginia.  However, most headquarters departmental phone numbers listed on the "Contacts" pages of the Agency's website use the "202" area code, which is identified with Washington, D.C. See Exhibit 1. Since 2001 and throughout this litigation, Joe Lazar, Esq., Associate General Counsel of the United States Marshall's Service, whose mailing address and phone number indicates his presence in Washington, D.C., has represented the United States Marshal Service. Marshal Service employees, including Orr, often colloquially refer to the Arlington headquarters as "Washington".  See Exhibit 2. Affidavit of Michael Wayne Orr  §9. Throughout this litigation, since 2001, Orr has been represented by Leizer Z. Goldsmith of the Goldsmith Law Firm, LLC, of Washington, D.C.

### B.  Facts Relating To The Availability Of Witnesses

Among the eight witnesses most likely to testify at trial in this case—those who actually testified at the prior EEOC administrative hearing conducted in San Juan, Puerto Rico in 2004, just two reside in Puerto Rico.  Thus, at that hearing, the following witnesses were called: (1) Plaintiff Orr, who resides in Michigan; (2) Javier Jimenez, who lives in or around Tallahassee, Florida and is employed by the U.S. Marshal Service

2

(Exhibit 3 at 315); (3) Andres Jimenez, who lives and works in or around Los Angeles, California, and is employed by the U.S. Marshal Service (Exhibit 3 at 750); (4) Robert Sanchez, who lives and works in the Dominican Republic, and is employed by the U.S. Marshal Service (Exhibit 3 at 887); (5) Louie Thomas McKinney, Sr., who works in Vienna, Virginia, as Senior Vice President of Government Affairs for MVM, Inc (Exhibit 4); (6) Herman Wirshing, of Puerto Rico and the Marshal Service (Exhibit 5); (7) Jose Garcia-Huertas, of Puerto Rico and the Marshal Service (Exhibit 3 at 727); and (8) Katherine Mohan of the Marshal Service's personnel office in Arlington, Virginia, who testified by deposition at the administrative hearing. See Affidavit of Katherine Mohan (Attached to Defendant's Motion to Dismiss or in the Alternative, for Transfer (Docket Entry No. 5).

      C.    **Facts Relating To The Occurrence of the Adverse Actions In Arlington, Virginia**

The relevant Vacancy Announcements in this case, Nos. 99-078, dated October 18, 1999, and 00-029, dated March 24, 2000, were issued by the Director or Acting Director of the United States Marshal Service. Complaint (Docket Entry No. 1); Exh. 3 at 37-39, 42-44. It is undisputed that the Director's office, as noted, is located in Arlington, Virginia. Applicants were directed to submit their materials to Janeen Tyson, at the Marshal Service's headquarters in Arlington, Virginia. Id. There has been no evidence to suggest that any applicants were permitted or instructed to submit materials directly to Puerto Rico.

As of October 18, 1999, Louis Thomas McKinney, Sr. ("McKinney"), who was located in Arlington, Virginia, was a Special Assistant with responsibility for participating in the promotion process in question. Complaint § 31. McKinney

3

personally made the decision to cancel Vacancy Announcement 99-078, for the position of Chief Deputy for the US Marshall of Puerto Rico, for which Orr was the only best-qualified candidate not about to retire. Complaint § 69. That act is the first adverse action alleged by Orr to have been discriminatory in this case. See Docket Entry No. 1. Orr maintains that Defendant's explanations of that action are pretextual, and McKinney, who made the final decision to cancel after interacting with both Orr and Agency officials Mohan and Wirshing, is a key witness with regard to what really happened.

Additionally, McKinney, by then Acting Director of the United States Marshal Service, was the Selecting Official for Vacancy Announcement No. 00-029, a subsequent advertisement for the same opening (previously, No. 99-078) -- Chief Deputy in Puerto Rico-- that McKinney had personally canceled previously On that second occasion, Orr was again the top candidate whose application was certified to McKinney. Complaint ¶141, 143; Exhibit3 (Administrative Hearing Transcript 396-397, 401-403 (v. 2, August 18, 2004). That announcement languished with no selection being made for many months. It was then canceled—suspiciously-- immediately after Orr left Puerto Rico for a position in Wisconsin (which undoubtedly made the Agency confident he was less likely to apply). Complaint § 184-185. It was McKinney—Wirshing's friend-- who shortly thereafter was the selecting official who selected a candidate-- Mr. Edward DeCoste-- to fill the position pursuant to a third announcement. Exhibit 3(Administrative Hearing Transcript 401-403 (v. 2, August 18, 2004)).

In addition, McKinney had conversations with both Orr and Puerto Rico Marshal Herman Wirshing regarding Orr's candidacy for these vacancies. Complaint § 60-63, 68.

4

The failure to select Orr and ultimate cancellation of announcement No. 00-029 is the second adverse employment action at issue in this case. See Docket Entry No. 1.

Orr communicated about these promotion opportunities with Katherine T. Mohan, Personnel Officer for the United States Marshal Service, who works in Marshal Service headquarters in Arlington, VA. Complaint § 108-109. Mohan also spoke with Wirshing and McKinney on several occasions relating to Wirshing's requests that headquarters cancel the specific vacancy announcements at issue here. Complaint § 65-69, 189.

Orr was instructed by Sandra Lyles of headquarters in Virginia to attend an interview for the Puerto Rico Chief Deputy position, from February 24-25, 2000 in New Orleans, Louisiana. Complaint § 54. That interview never took place. Instead, on February 16, 2000, Orr was informed that his travel had been cancelled. Complaint ¶ 55. On February 17, 2000, Orr learned that the Vacancy Announcement had been cancelled by headquarters, in conformity with a request by Marshal Wirshing. Complaint § 62, 63. On March 24, 2000, Orr was interviewed in St. Louis for the position after it had been reposted under announcement No. 00-029. However, as noted, that announcement was also later canceled. Complaint § 185, 189.

### D. Facts Relating To The Procedural Status And Issues

Orr filed his civil Complaint on November 28, 2005. On February 17, 2006, the Department of Justice filed the present Motion to Dismiss or, in the Alternative, to Transfer, as a responsive pleading, contending principally that the District of Columbia is an inappropriate forum. Docket Entry No. 5. As noted above, Orr's counsel concedes that he was mistaken to have filed suit in the District of Columbia because, contrary to his impression, Defendant's headquarters and personnel function are actually

headquartered in Arlington, Virginia, not Washington, D.C. Plaintiff Orr, hereby through this pleading, opposes the Department's Motion to Dismiss, consents to transfer, but requests respectfully that the transfer be to the Eastern District of Virginia, rather than the District of Puerto Rico.

The issues relevant for this dispute are: (1) Whether it is in the interest of justice to dismiss an otherwise credible complaint because the plaintiff, having several possible forums in which to file his complaint, failed to choose the most appropriate one; and (2) Whether this case should be transferred to Puerto Rico when another forum, the Eastern District of Virginia, is more convenient overall.

### III.   ARGUMENT

#### A.   Dismissal Is Inappropriate, Because The Interests Of Justice Would Be Better Served By Transfer To the Eastern District of Virginia

28 U.S.C. §1406 (a) states:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such cases to any district or division in which it could have been brought.

When possible, courts generally transfer cases filed in an improper venue to jurisdictions with proper venue, rather than dismissing them. This Court, for instance, has stated that: "Generally, the interest of justice requires courts to transfer cases to the appropriate judicial district, rather than dismiss them." Darby v. United States DOE, 231 F. Supp. 2d 274, 277 (D.D.C. 2002), citing Goldlawr, Inc. v. Heiman, 369 U.S. 463 (1962); James v. Booz-Allen & Hamilton, Inc., 2002 U.S. Dist. LEXIS 19610 (D.D.C. 2002).

Defendants have presented no evidence that it is in the interest of justice to dismiss this case. On the contrary, the cases cited by Defendant are consistent with Orr's

6

contention that it would be in the interest of justice to transfer this case to the United States District Court for the Eastern District of Virginia.

Specifically, Defendant cites <u>Hayes v. RCA Service Co.</u> 546 F. Supp. 661 (D.D.C. 1982). However, in <u>Hayes</u>, the Court transferred rather than dismiss, citing "the interests of justice." <u>Id</u> at 665. Similarly, in <u>Washington v General Elec. Corp.</u> 686 F. Supp. (D.D.C. 1988), another Title VII case cited by Defendant, the Court found that transferring the case rather than dismissing it was "in the interest of justice." <u>Washington v. General Electric Corp.</u>, 686 F. Supp. 361, 364 (D.D.C. 1988).

Defendant cites <u>Minnette v. Time Warner</u> 997 F.2d 1023 (2d. Cir. 1993), in which the Court stated that "courts must be careful, especially in civil rights cases, not to dismiss a case too hastily on procedural grounds." <u>Id</u>. at 1025. Accordingly, there, the United States Court of Appeals for the Second Circuit overturned the trial court's dismissal, and ordered the case transferred to the appropriate United States District Court. <u>Id.</u> 1026-1027.

Defendant does cite a case in which the court selected dismissal as the appropriate remedy. However, in that case, <u>Naartex Consulting Corp. v. Watt</u>, 722 F.2d 779 (D.C. Cir. 1983), cert. denied sub nom, <u>Naartex Consulting Corp. v. Clark</u>, 467 U.S. 1210, (1984), the plaintiff corporation "failed to show that its claims -- both the implied statutory right of action and the common law fraud claims -- could properly be heard in any federal court." <u>Id</u>. at 789.  Orr's case is completely dissimilar in that Defendant herein admits that federal courts have jurisdiction, and that this case could in fact be heard in Puerto Rico or the Eastern District of Virginia, even if it could not have been heard in Washington, D.C.

As shown above in the facts, it is undisputed that Orr's employment records were actually maintained in Arlington, Virginia. Moreover, unlawful practices in this case occurred in San Juan, Puerto Rico, and in Arlington, Virginia, when headquarters management and human resources consented to Marshal Wirshing's wishes and exercised their authority to rescind vacancy announcements they had promulgated, so as to preclude Orr from obtaining promotion. Therefore, venue would be appropriate in the United States District Court for the Eastern District of Virginia, and it is undisputed that it would have been proper for Orr to bring this suit there. Accordingly, the interests of justice would not be best served by dismissal, but rather by transfer.

### B. The Court Should Transfer This Case To The Eastern District Of Virginia, Not The District Of Puerto Rico

Defendant's Motion requests transfer to the District of Puerto Rico. However, transfer to the Eastern District of Virginia would be more appropriate here. 42 U.S.C. § 2000e-f5(f)(3) sets forth criteria for determining which jurisdiction is the most appropriate forum when more than one appropriate venue is available. Generally, absent contrary evidence, plaintiff's selection is presumed appropriate. Darby v. United States DOE, 231 F. Supp. 2d 274, 277 (D.D.C. 2002). 42 USC Sec. 2000e-f5(f)(3) provides that venue is proper:

> (1) In any judicial district in the State in which the unlawful employment practice is alleged to have been committed;
>
> (2) In the judicial district in which the employment records relevant to such practice are maintained and administered;
>
> (3) In the judicial district in which the aggrieved person would have worked for the alleged unlawful employment practice; or

(4) If the respondent is not found within any such district, in the judicial district in which the respondent has his principal office.

As set forth above, Orr concedes that his counsel's filing of the suit in the United States District Court for the District of Columbia was in error, and admits that transfer is appropriate. However, he maintains that the Eastern District of Virginia, not the District of Puerto Rico is the most appropriate venue for the litigation of this case.

### 1. Applicable Authorities Support Transfer to the Eastern District of Virginia

#### a. Applicable Principles

When determining which venue is most appropriate under 42 USC § 2000e-f5(f)(3), courts consider a variety of "private interest factors" and "public interest factors," identified in Gulf Oil Corp. v. Gilbert 330 US 501, 508-509 (1947). According to Holland v A.T. Massey Coal, 360 F. Supp. 2d. 72, 76 (D.D.C. 2004), those factors are as follows: (a) The Plaintiff's choice of forum; (b) The Defendant's choice of forum; (c) Whether the claim arose elsewhere; (d) The convenience of the parties; (e) The convenience of the witnesses; (f) The ease of access to sources of proof. Private Interests identified in Holland are: (a) The transferee's familiarity with governing laws; (b) The relative congestion of the calendars of the potential transferee and transferor courts; and (c) The local interest in deciding controversies at home. Courts weigh these factors on an "individualized, case-by-case consideration of convenience and fairness." Holland v. A.T. Massey Coal, 360 F. Supp. 72, 75 (D.D.C. 2004), citing Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988).

#### b. The Court Should Transfer This Case To The Eastern District Of Virginia To Best Protect Availability of Proof, Because A Critical Witness May Only Be Compelled To Testify If Trial Is Conducted In The Greater Washington, D.C. Area

In this case, there is key evidence available to Orr in the Eastern District of Virginia that may not be available if the case is tried in Puerto Rico. As shown in the Factual Background, Louis McKinney is the former agency official who (a) implemented Wirshing's request that the first Chief Deputy vacancy announcement be rescinded (Plaintiff contends, in order too avoid inevitable selection of Orr), (b) was the ultimate selecting official for the second vacancy announcement (who decided to keep the announcement pending for nine months rather than select the best qualified candidate, Orr), and (c) selected Mr. De Coste under the third vacancy announcement. Mr. McKinney's importance to this case is underscored by the facts recounted and that he was deposed, and was one of only seven witnesses to testify at the Equal Employment Opportunity Hearing held in August 2004.

Although he is no longer a federal employee, Mr. McKinney lives and works within the subpoena range of the Eastern District of Virginia. Mr. McKinney is currently employed as the Senior Vice President of Government Affairs for MVM Inc., a corporation located in Vienna, Virginia, at 1593 Spring Hill Road, Suite 700. His location is important because he can be compelled to testify in the Eastern District of Virginia, whereas he cannot be compelled to travel to Puerto Rico to testify. Fed. R. Civ. P. 45 provides that a non-party witness may be compelled to travel no more than 100 miles for a trial or deposition. The Eastern District of Virginia is within 100 miles of McKinney's residence and place of business, but Puerto Rico is not. While he is not employed by either Plaintiff or Defendant, Defendant has previously succeeded in obtaining McKinney's attendance in Puerto Rico, but Plaintiff and indeed neither party can be certain that they will be able to obtain his attendance at a Puerto Rico trial.

In weighing the factors applicable to selection of proper venue, courts look to "whether the pieces of evidence cited by the parties are critical, or even relevant, to the plaintiff's cause of action and to any potential defenses to the action." Rolinski v. Lewis, 828 A. 2d 739, 747 (D.C. 2003).   With regard to McKinney, as shown above in the Factual Background, and in Plaintiff's Complaint, on or about October 18, 1999, McKinney was employed as a special assistant with responsibilities in the selection process in question. Complaint § 31.  After consulting with Wirshing and Mohan, he personally took the decision to cancel Vacancy Announcement 99-078, for the position of Chief Deputy in Puerto Rico. Complaint § 69.  See Complaint Count I.   His communications with Wirshing and his reasons for canceling the announcement are unquestionably of critical importance in this case.  Moreover, it was McKinney himself who declined to make a selection, yet left the second vacancy announcement pending, and McKinney who ultimately selected DeCoste for Chief Deputy U.S. Marshal for the District of Puerto Rico.  As McKinney has personal knowledge as to critical facts and circumstances surrounding the actions at the center of the dispute in this case, it would be unfairly prejudicial to transfer this case to a forum where Plaintiff would be unable to subpoena him to appear at trial-- where the jury could evaluate his testimony and demeanor-- when a forum where he could be compelled to testify is readily available.   Accordingly, a transfer to the Eastern District of Virginia is superior to the alternative proposed by Defendant.

        c.      Although Orr Sought Promotion to a Position in Puerto Rico, Adverse Actions "Occurred" at the Arlington, Virginia Headquarters

Orr was employed in Puerto Rico and would have been promoted to another job in Puerto Rico had he not been discriminated and retaliated against during the selection

11

processes at issue in this case. However, as shown in the Factual Background above, although the harm done to Orr related to employment in Puerto Rico, crucial actions actually occurred in Virginia.

Thus, as described above, it is undisputed that Vacancy Announcement 99-078 was issued by and from headquarters located in Arlington, Virginia. Exhibit 6 at 37-39. Applicants for the position were directed to submit their materials to Janeen Tyson at the U.S. Marshal Service's Office in Arlington, Virginia. Id. It is undisputed that Defendant utilized a national "career board" during the promotions process, recruits for GS-15 positions nationwide, and did not instruct applicants to submit materials directly to Puerto Rico. Exhibit 3 (Administrative Hearing Transcript) at 394. That Career Board would be based at headquarters. It is also undisputed that Louis McKinney the Special Assistant to the Director, who canceled the announcement, did so from Arlington, Virginia. Furthermore, Director Marshall, the ultimate selecting official, would have made his selection from Arlington, had McKinney not canceled the announcement. Finally the announcement canceling the position came from headquarters in Arlington. Exhibit 6 at 36; Exhibit 3 at 396.

Katherine Mohan, Personnel Officer in the Human Resources Division, worked with Louie McKinney in the Arlington, Virginia office. As shown in the Factual Background, she was intimately involved in the communications between Wirshing and McKinney regarding Announcement 99-078 and its cancellation. In addition, prior to learning that the position was being cancelled, Orr was instructed by Sandra Lyles in Human Resources, also stationed in the headquarters in Virginia, to prepare for an interview for the Puerto Rico chief's position on February 24-25, 2000 in New Orleans, Louisiana. Complaint § 54. Although the position was cancelled before the interview

12

took place, the location of this proposed interview illustrates that these were national selections to be made at a national level, directed by headquarters. They were not local decisions to be made at the local district level in Puerto Rico. Complaint § 54, 55.

Vacancy Announcement No. 00-0029, also at issue in this case, was similarly announced by the Office of the Director of the Marshall's Service, in Arlington, Virginia. The position was suspiciously left vacant for nine months by selecting official McKinney—who was in Virginia, after a certification list clearly bolstered Orr as the best-qualified candidate. Complaint § 141-147. The announcement was finally cancelled—from Arlington-- after Orr left the Puerto Rico district for a position with Marshal Service in Wisconsin. McKinney, from headquarters, then selected an alternative candidate under a third announcement. Applicants for this second announcement were again instructed to submit materials to Janeen Tyson at headquarters in Arlington, VA. As adverse actions were taken against Orr with the blessing and direct action of headquarters personnel in Arlington, Virginia, this factor supports transfer of the case to the Eastern District of Virginia.

    d.    <u>Several Key Witnesses Would Be Relatively Inconvenienced By Transfer To The District Of Puerto Rico</u>

The Eastern District of Virginia is more convenient for the witnesses than the District of Puerto Rico. As noted above, five of the seven witnesses who testified at the EEOC administrative hearing (Orr, Javier Jimenez, Andre Jimenez, McKinney, and Sanchez) are not residents of Puerto Rico. Only Garcia and Wirshing (both or whom still employed by Defendant) are residents of Puerto Rico. Defendant, as their employer, can and would arrange for their leave and appearance anywhere in the country,

13

including near its headquarters in Virginia. Plaintiff has no similar ability or power with regard to witnesses whom he may choose to call.

Most of Plaintiff's witnesses would find trial in Puerto Rico less convenient than one in Alexandria, Virginia. Thus, Orr is a resident of Michigan and regularly travels to Washington, DC, which is very close to the Eastern District of Virginia. He has no reason to travel to Puerto Rico on business or pleasure anytime in the near future, and travel to Washington D.C. is both more convenient and less expensive. Javier Jimenez is a resident of Tallahassee, Florida, which, while geographically closer to Puerto Rico, is also more convenient to Virginia by air. Andres Jimenez is a resident of California, and can more easily get to Washington than to Puerto Rico.

As shown and described above, Defendant's witness, Louie Thomas McKinney lives and works in the Arlington, Virginia area. By definition, venue in the Eastern District would be more convenient for him than venue in Puerto Rico. Katherine Mohan, whose deposition testimony was used at the hearing, is also in Arlington. Robert Sanchez is in the Dominican Republic.

Based on the above, the Eastern District of Virginia is more convenient for the witnesses than the District of Puerto Rico.

   e. The Eastern District of Virginia Should Receive Strong Consideration Because It Is Plaintiff's Chosen Forum

There is ordinarily a strong presumption in favor of the plaintiff's choice of forum, which may be overcome only when the private and public interest factors clearly point towards trial in the alternative forum. Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255 (1981). Here, Orr is a resident of Michigan who regularly comes to the Washington, D.C. area for business, and reasonably prefers that forum as more convenient for trial.

Orr, by contrast, has no current regular contacts with Puerto Rico, which is farther from his home and more expensive to get to.

Plaintiff's counsel's mistaken perception that Washington, D.C. was a proper venue, led counsel to file suit in this District. However, had counsel not made that mistake, Orr's suit would have been brought in the Eastern District of Virginia. This factor therefore supports transfer to the Eastern District of Virginia.

  f. <u>Convenience of Counsel Favors Venue in the Eastern District of Virginia</u>

As is evident from the dates involved in this case, Orr has been pursuing it for several years, including through an administrative hearing before an EEOC administrative judge in 2004. Throughout this entire process, Leizer Z. Goldsmith of The Goldsmith Law Firm, LLC, a Washington, D.C. based law firm, has represented Orr. It would be financially burdensome for Orr, an individual government employee, to pay for Mr. Goldsmith to take additional trips to Puerto Rico for litigation purposes. By contrast, Orr would be put to much less expense if his counsel were able to litigate this case on his behalf within the metropolitan Washington region.

Defendant is represented by the Department of Justice, whose headquarters are in Washington, D.C. Their attorney throughout this litigation, since approximately 2001 has been Joe Lazar, Esq., an attorney also stationed out of Washington, D.C. Although Mr. Lazar is no longer the attorney of record for defending this action in United States District Court, he has been identified as Of Counsel to the Department of Justice's legal team in defense of this action, and presumably would remain in that capacity wherever the case is litigated because of his prior knowledge of the facts and issues. The United States Attorney's office has lawyers all around the country and can litigate the matter

similarly in any jurisdiction.  Accordingly, the overall issue of convenience of counsel supports Orr's request for transfer to the Eastern District of Virginia.

        g.  "Private Interests" Can Support Transfer To The Eastern District of Virginia

As set forth above, the Court can also consider the transferee's familiarity with governing laws, the relative congestion of the calendars of the potential transferee and transferor courts, and the local interest in deciding controversies at home.  Courts weigh these factors on an "individualized, case-by-case consideration of convenience and fairness."  In this case, the dispute involves application of a nationwide recruitment policy administered from Washington, D.C., that was corrupted and abused by a Marshal in Puerto Rico, who could only accomplish his ends with the complicity of headquarters personnel in Arlington, Virginia, colloquially, "Washington".  Under these circumstances, the Court is not presented with the sort of "local controversy" that would justify compelling transfer to the District of Puerto Rico.

        IV.    **CONCLUSION**

For the reasons identified above, this case should not be dismissed.  Instead, as shown, it should be transferred to the Eastern District of Virginia for further proceedings.

Respectfully submitted,

THE GOLDSMITH LAW FIRM, LLC

_____
Leizer Z. Goldsmith
1900 L Street, N.W., Suite 614
Washington, D.C. 20036
Telephone: (202) 775-0040
Facsimile: (202) 318-0798

Attorney for Plaintiff Michael Orr