UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MICHAEL ORR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:05CV02287-RJL |
| | ) | |
| ALBERTO GONZALES, | ) | |
| United States Department of Justice, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DECLARATION OF JOE LAZAR

I, JOE LAZAR, hereby declare as follows

1. I am an Associate General Counsel in the United States Marshals Service (USMS), U.S. Department of Justice, Arlington, Virginia, and have held this position since 1984.

2. I am personally familiar with the facts and circumstances surrounding the administrative complaint of discrimination filed by plaintiff, Michael Orr, against the USMS. I was the Agency counsel who represented the USMS in the administrative proceedings in this case before the Equal Employment Opportunity Commission (EEOC).

3. Plaintiff's administrative complaint of discrimination has always been premised on the allegations that the two individuals who harbored a discriminatory animus against him were Herman Wirshing, the United States Marshal for the District of Puerto Rico, and Juan Donato, the former Chief Deputy U.S. Marshal for the District of Puerto Rico.

4. Plaintiff, who at all relevant times was employed as the Assistant Chief Deputy U.S. Marshal in the District of Puerto Rico, complained that U.S. Marshal Wirshing manipulated the USMS merit promotion process to deny plaintiff the opportunity to be selected for the Chief

Deputy U.S. Marshal position in the District of Puerto Rico. Specifically, plaintiff complained that U.S. Marshal Wirshing arranged for plaintiff to be detailed from Puerto Rico to the U.S. Virgin Islands in order to place Mr. Donato in a better position to be internally promoted in Puerto Rico. According to plaintiff, once he was detailed to the U.S. Virgin Islands, U.S. Marshal Wirshing arranged to have Mr. Donato temporarily promoted in the office. In addition, plaintiff alleged that U.S. Marshal Wirshing was instrumental in having the vacancy announcement for the Chief Deputy U.S. Marshal position cancelled by USMS Headquarters, and that U.S. Marshal Wirshing had USMS Headquarters cancel plaintiff's schedule interview for the position. Throughout the administrative litigation, plaintiff contended that U.S. Marshal Wirshing's and Mr. Donato's statements at a March 2000 meeting at the Miramar, Puerto Rico office of the USMS Fugitive Task Force in Puerto Rico, evidenced U.S. Marshal Wirshing's and Mr. Donato's intent to discriminate against non-Puerto Ricans in promotions. Many individuals in the Puerto Rico U.S. Marshal's office attended this meeting and had varied accounts of what was said by Wirshing and Donato at this meeting.

5. Plaintiff's other principal allegation was that he worked in Puerto Rico in an environment that was hostile to him based on his race and national origin, as well as an environment that was hostile to him based on retaliatory harassment by U.S. Marshal Wirshing and Mr. Donato.

6. U.S. Marshal Wirshing is currently still the U.S. Marshal for the District of Puerto Rico. Juan Donato separated from the USMS on October 14, 2003, but still may be residing in Puerto Rico.

7. At all relevant times, the Goldsmith Law Firm in Washington, D.C. represented plaintiff before the EEOC.

8. In 2001, following the investigation into plaintiff's administrative complaint and plaintiff's request for an evidentiary hearing, the USMS Equal Employment Opportunity office referred the administrative complaint to the EEOC for adjudication. Eventually, the case was assigned to Administrative Judge Ana Gonzalez from the EEOC's San Juan, Puerto Rico office.

9. On April 11 and 12, 2002, plaintiff's attorney, Leizer Goldsmith, traveled to Puerto Rico to take depositions of U.S. Marshal Wirshing, Mr. Donato, Jose Garcia, then Administrative Officer for the USMS in the District of Puerto Rico, and Roberto Vizcarrondo, a Deputy U.S. Marshal assigned to the District of Puerto Rico. Mr. Garcia retired from the USMS on May 3, 2005, but still may be residing in Puerto Rico. Deputy Vizcarrondo is currently still employed by the USMS in the District of Puerto Rico.

10. I traveled from USMS Headquarters in Arlington, Virginia, to Puerto Rico to attend these depositions.

11. On August 17-19, 2004, Administrative Judge Gonzalez conducted a three-day evidentiary hearing in Puerto Rico regarding plaintiff's administrative complaint. Mr. Goldsmith appeared at the hearing in Puerto Rico and was accompanied by plaintiff, who traveled to the hearing from Michigan. I represented the USMS at the hearing.

12. The following witnesses testified at the hearing: Plaintiff; U.S. Marshal Wirshing; Louie McKinney, a former USMS employee who resides in Maryland and works in Virginia, but agreed to travel to Puerto Rico to testify at the hearing; Mr. Garcia; Javier Jimenez, a Deputy U.S. Marshal who worked in Puerto Rico at the time of the events at issue, but currently works

for the USMS in Florida; Andres Jimenez, a Deputy U.S. Marshal who worked in Puerto Rico at the time of the events at issue, but currently works for the USMS in California; and Robert Sanchez, a Deputy U.S. Marshal who worked in Puerto Rico at the time of the events at issue, but currently works for the USMS in the Dominican Republic. Katherine Mohan, the USMS Personnel Officer, testified by deposition.

13. Plaintiff listed Deputy U.S. Marshal Vizcarrondo and Jose Concepcion, a Puerto Rico police officer, as witnesses, but chose not to have them testify at the hearing. In addition, plaintiff listed his wife as a witness. Although she was present in Puerto Rico for the hearing, plaintiff chose not to have her testify at the hearing.

14. There were other potential witnesses that work or reside in the District of Puerto Rico who were not called as witnesses at the administrative hearing by either party. These witnesses include, but are not limited to Mr. Donato, Rafael Escobar, Cesar Torres, and Pedro Velez-Baerga. These individuals were present at the March 2000 meeting at Miramar and also possess knowledge about plaintiff's working conditions in the District of Puerto Rico. Although they were not called as witnesses at the administrative hearing, they may be necessary witnesses should this case proceed to trial.

15. At no time since the administrative complaint was referred to adjudication by the EEOC until the filing of the instant lawsuit, which has spanned more than four years, has plaintiff or Mr. Goldsmith ever requested that the venue of the administrative proceedings be changed to any location other than Puerto Rico. Mr. Goldsmith never informed me during the course of the administrative litigation that it was a hardship for him and/or plaintiff to travel to Puerto Rico for the administrative proceedings. Moreover, Mr. Goldsmith never told me or filed

4

anything with the EEOC indicating or suggesting that having the proceedings conducted in

Puerto Rico posed any kind of problem for him or his client.

I declare, under penalty of perjury pursuant to 28 U.S.C. § 1746, that the following is true

and correct.

Executed on: _March 27_, 2006

JOE LAZAR
Associate General Counsel
United States Marshals Service