UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JUN 2 7 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

MICHAEL W. ORR, )
)
    Plaintiff, )
)
v. ) Civil Case No. 05-2287 (RJL)
)
ALBERTO GONZALES, )
Attorney General of the United States, )
sued in his official capacity, )
)
    Defendant. )

### MEMORANDUM OPINION AND ORDER
(June 27, 2006) [#5]

The plaintiff, Michael W. Orr, brings this employment discrimination action alleging, in essence, that he was discriminated against in Puerto Rico due to his race and national origin, was retaliated against for his initiation of a Equal Employment Opportunity Commission ("EEOC") complaint and forced to work in a hostile environment in puerto Rico because he exercised his protected activity. Before the Court is the defendant's Motion to Dismiss or, In the Alternative, to Transfer. For the following reasons, the Court GRANTS the defendant's Motion to Transfer the action to the District of Puerto Rico.

If a case is filed in a jurisdiction which is not a proper venue for the action to proceed, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). In addition, Title 28 of the United States Code section 1404(a) states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action

to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). While the plaintiff has conceded in his opposition to defendant's motion that the District of Columbia is an improper venue for the current action, (*see* Pl.'s Opp'n and Resp. To Def.'s Mot. To Dismiss or, In the Alternative to Transfer at 1), this Court finds that the District of Puerto Rico is a proper venue for the adjudication of this matter under 42 U.S.C. § 2000e-5(f)(3), as Puerto Rico is where the plaintiff "would have worked but for the alleged unlawful employment practice." 42 U.S.C. § 2000e-5(f)(3); *see Darby v. United States Dep't of Energy*, 231 F. Supp. 2d 274, 277 (D.D.C. 2002). This Court also finds that in the interest of justice, the case should be transferred to the jurisdiction where the case could and should have been brought: the District of Puerto Rico.

In *Holland v. A.T. Massey Coal*, this Court listed the private and public interest considerations that are to be taken into account when considering when to transfer an action to another district. 360 F. Supp. 2d 72, 76 (D.D.C. 2004). The "private" factors are: (1) the plaintiff's choice of forum; (2) the defendant's choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses; and (6) the ease of access to sources of proof. *Id.* The "public" interest considerations are: (1) the transferee's familiarity with governing laws; (2) the relative congestion of the calendars of the potential transferee and transferor courts; and (3) the local interest in deciding controversies at home. *Id.* A weighing of these factors suggests a transfer of this case to the District of Puerto Rico is proper. The plaintiff's allegations concern conduct that allegedly

occurred in the District of Puerto Rico, where the plaintiff was employed, and where several witnesses are located. Therefore, this Court finds that it would be in the interest of justice for this action to be adjudicated in the District of Puerto Rico. Accordingly, the Court GRANTS defendant's Motion to Transfer [#5] the case to the District of Puerto Rico. An appropriate Order consistent with this ruling accompanies this Memorandum Opinion.

### ORDER

For the reasons set forth in the Memorandum Opinion above, it is this 27th day of June, 2006, hereby

**ORDERED** that the Motion to Transfer [# 5] is **GRANTED**; and it is further

**ORDERED** that the case be transferred to the District of Puerto Rico.

**SO ORDERED.**

/s/ Richard J. Leon
RICHARD J. LEON
United States District Judge